GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. SBN 132099
   tboutrous@gibsondunn.com
KATHERINE V.A. SMITH, SBN 247866
   ksmith@gibsondunn.com
LAUREN M. BLAS, SBN 296823
   lblas@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

MICHELE L. MARYOTT, SBN 191993
   mmaryott@gibsondunn.com
MATTHEW T. SESSIONS, SBN 307098
   msessions@gibsondunn.com
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendants
COGNIZANT TECHNOLOGY
SOLUTIONS CORPORATION and
COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, and EDWARD COX,<br><br>              Plaintiffs,<br><br>     v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>              Defendants. | CASE NO. 17-CV-6848 DMG (PLAx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(B)(1) AND 12(B)(6)**<br><br>Hon. Dolly M. Gee<br><br>Hearing<br>Date:   December 15, 2017<br>Time:  9:30 a.m.<br>Place:  350 West 1st Street, Los Angeles, CA 90012, Courtroom 8C<br><br>Complaint Served: September 19, 2017<br>Trial Date:  Not set |

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT on December 15, 2017, at 9:30 a.m., or as soon thereafter as they may be heard, in Courtroom 8C of this Court, located at 350 West First Street, Los Angeles, California, Defendants Cognizant Technology Solutions Corp. and Cognizant Technology Solutions U.S. Corp. (together, "Cognizant") will and hereby do move this Court for an order under Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), and 12(b)(6) dismissing Plaintiffs' claims under 42 U.S.C. § 1981 ("Section 1981") on the following grounds:

1.     Count I fails to state a claim because the harm alleged is not cognizable under Section 1981.  Section 1981 prohibits discrimination on the basis of race, but Plaintiffs' factual allegations, on their face, plainly pertain to a claim of discrimination based on national origin—not race.

2.     Plaintiffs lack standing to pursue, and fail to state, a claim for discriminatory failure to hire under Section 1981 because Cognizant hired each Plaintiff. Plaintiffs cannot assert these claims on their own behalf or on behalf of a putative class.

3.     Plaintiffs lack standing to pursue injunctive relief because they no longer work for Cognizant and therefore would not benefit from any injunctive relief.

This Motion is made following the conference of counsel required by Local Rule 7-3, which took place by telephone on October 24, 2017.  Counsel for Plaintiffs indicated they would oppose Cognizant's motion because, according to Plaintiffs, it did not seem that amending the Complaint would cure any of the deficiencies Cognizant alleges.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all cited authorities, all pleadings and papers on file in this action, and such oral argument and other evidence as the Court shall consider prior to or at the time of hearing on this Motion.

DATED:  October 31, 2017          GIBSON, DUNN & CRUTCHER LLP


By: */s/ Michele L. Maryott*
                  Michele L. Maryott

Attorneys for Defendants
COGNIZANT TECHNOLOGY SOLUTIONS
CORPORATION AND COGNIZANT
TECHNOLOGY SOLUTIONS U.S.
CORPORATION

2

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

# TABLE OF CONTENTS

Page

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ...................................1

II.    SUMMARY OF ALLEGATIONS ........................................................................2

III.   THE LEGAL STANDARDS GOVERNING THIS MOTION ...........................4

IV.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE NATIONAL ORIGIN DISCRIMINATION IS NOT COGNIZABLE UNDER SECTION 1981 ........................................................................................5

V.     PLAINTIFFS' FAILURE-TO-HIRE THEORY OF DISCRIMINATION MUST BE DISMISSED .....................................................8

VI.    PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF ...........12

VII.   CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................2, 4, 6

*Blanton v. Torrey Pines Prop. Mgmt., Inc.*,
No. 15-CV-0892, 2017 WL 1957560 (S.D. Cal. May 10, 2017).............................9

*Blyden v. Navient Corp.*,
No. 14-02456, 2015 WL 4508069 (C.D. Cal. July 23, 2015) ..................................10

*Braunstein v. Ariz. Dept. of Transp.*,
683 F.3d 1177 (9th Cir. 2012) ..............................................................................5

*Campillo v. Dovenmuehle Mortg., Inc.*,
No. CV-13-07077-DMG, 2014 WL 12691897
(C.D. Cal. Sept. 5, 2014) ......................................................................................11

*Cornett v. Donovan*,
51 F.3d 894 (9th Cir. 1997) ..................................................................................5

*Cunha v. IntelliCheck, LLC*,
No. 17-cv-00597, 2017 WL 2311316 (N.D. Cal. May 26, 2017) ...........................13

*De Los Santos v. Panda Exp., Inc.*,
No. C 10-01370, 2010 WL 4971761 (N.D. Cal. Dec. 3, 2010) ..............................11

*Delgado v. MillerCoors LLC*,
No. 16-5241-DMG, 2017 WL 1130165 (C.D. Cal. Mar. 16, 2017) ........................4

*Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*,
No. 14-CV-02046, 2015 WL 5723647 (D. Nev. Sept. 28, 2015) ...........................9

*Fischer v. Forestwood Co.*,
525 F.3d 972 (10th Cir. 2008) ..............................................................................11

*Fonseca v. Sysco Food Servs. of Ariz., Inc.*,
374 F.3d 840 (9th Cir. 2004) .........................................................................1, 6, 8

ii

*Hodgers-Durgin v. De la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ................................................................................2, 12

*Huynh v. Chase Manhattan Bank*,
  465 F.3d 992 (9th Cir. 2006) ....................................................................................11

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ............................................................................1, 6, 8

*Lewis v. Casey*,
  518 U.S. 343 (1996)...............................................................................................2, 10

*Logan v. Union Sec. Ins. Co.*,
  No. CV-14-1174-DMG, 2015 WL 3754047 (C.D. Cal. Mar. 31, 2015) ...........10, 11

*Lowe v. City of Monrovia*,
  775 F.2d 998 (9th Cir. 1985) ....................................................................................11

*Martin v. City of Beaumont, Tex.*,
  No. CIV. A. B-87-1076, 1992 WL 52571 (E.D. Tex. Feb. 19, 1992) .....................11

*Mayfield v. United States*,
  599 F.3d 964 (9th Cir. 2010) ......................................................................................5

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002)...................................................................................................11

*O'Shea v. Littleton*,
  414 U.S. 488 (1974)...................................................................................................10

*Papasan v. Allain*,
  478 U.S. 265 (1986).....................................................................................................6

*Sacks v. Office of Foreign Assets Control*,
  466 F.3d 764 (9th Cir. 2006) ....................................................................................13

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ..................................................................................10

*Scott v. Pasadena Unified Sch. Dist.*,
  306 F.3d 646 (9th Cir. 2002) ......................................................................................5

*Shroyer v. New Cingular Wireless Servs., Inc.*,
  622 F.3d 1035 (9th Cir. 2010) ....................................................................................4

iii

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) ................................................................... 7

*Soukhaphonh v. Hot Topic, Inc.*,
    No. 16-5124-DMG, 2017 WL 2909403 (C.D. Cal. Jan. 13, 2017) .......................... 9

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ............................................................................ 9

*St. Francis Coll. v. Al-Khazraji*,
    481 U.S. 604 (1987) ......................................................................... 5, 6, 8

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) .................................................................. 4

*Takhar v. Kessler*,
    76 F.3d 995 (9th Cir. 1996) ..................................................................... 5

*Valley Forge Christian Coll. v. Americans United for Separation of
    Church & State, Inc.*,
    454 U.S. 464 (1982) ............................................................................... 9

*Varga v. Wells Fargo Bank, N.A.*,
    No. 16-9650-DMG, 2017 WL 4022367 (C.D. Cal. Sept. 12, 2017) .................... 4, 12

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................. 12

*Walsh v. Nev. Dep't of Human Res.*,
    471 F.3d 1033 (9th Cir. 2006) ......................................................... 2, 12, 13

*Warth v. Seldin*,
    422 U.S. 490 (1975) ......................................................................... 2, 10

*Wesley v. Palace Rehab. & Care Ctr., L.L.C.*,
    3 F. Supp. 3d 221 (D.N.J. 2014) ............................................................... 8

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) .................................................................. 9

**Rules**

Fed. R. Civ. P. 12(f) ................................................................................ 7

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Three former Cognizant employees of "American" or "Hispanic" national origin bring a single count alleging Cognizant discriminated against them under 42 U.S.C. § 1981 ("Section 1981") because they are not from India or other "South Asian" countries. Specifically, Plaintiffs allege that they were discriminated against with respect to hiring, placement, and promotion, and were actually or constructively terminated because Cognizant "prefers to employ South Asians (e.g., *Indian nationals*)."  Compl. ¶ 16 (emphasis added).  Plaintiffs' Section 1981 claim must be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because this citizenship-focused claim is not actionable.  Indeed, "Section 1981 only creates a cause of action for those discriminated against *on account of their race or ethnicity*."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) (emphasis added).  It does not create a cause of action based on national origin. *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004).  And, while Plaintiffs include boilerplate mentions of "race" in their Complaint, their specific allegations, which focus heavily on H-1B visa holders from India, expose the true nature of their claim as one premised on national origin.  The Court should thus dismiss Plaintiffs' Section 1981 claim in its entirety.

Even if this Court were to disregard the substance of Plaintiffs' allegations and conclude that Plaintiffs have stated a cognizable action under Section 1981 (which it should not), this Court should nevertheless dismiss Count I to the extent it is based on an allegedly discriminatory failure to hire.  Quite simply, all three Plaintiffs were hired by Cognizant, and therefore none of them has been injured by any "failure to hire."  As a result, Plaintiffs cannot bring these claims on their own behalf.  Nor can they bring them on behalf of a putative class, as the Supreme Court has conclusively held that a putative class action plaintiff cannot manufacture an injury by relying on the purported injuries "suffered by other, unidentified members of [a] class to which [the Plaintiff]

1

. . . purport[s] to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996).

Finally, should the Court decline to dismiss Plaintiffs' Complaint in its entirety, the Court should nevertheless dismiss Plaintiffs' prayer for injunctive relief because they lack standing to seek it. As *former* Cognizant employees, Plaintiffs would not benefit from injunctive relief and cannot seek that remedy. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036–37 (9th Cir. 2006). And, because Plaintiffs are not themselves entitled to seek injunctive relief, "they may not represent a class seeking that relief." *Hodgers-Durgin v. De la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

Because Plaintiffs are transparently attempting to pursue a national origin discrimination claim under Section 1981 even though that claim is not cognizable, the Court should dismiss their Complaint in its entirety. At a minimum, the Court should bar Plaintiffs from pursuing a defective failure-to-hire theory, which no amount of pleading can cure, and dismiss Plaintiffs' request for injunctive relief with prejudice.

## II.    SUMMARY OF ALLEGATIONS

Cognizant is a global leader in business and technology services, providing information technology and consulting services to its customers worldwide. Compl. ¶¶ 1, 15.[1] Plaintiffs allege that the majority of Cognizant's workforce consists of individuals "primarily from India." *Id*. ¶ 1. Plaintiff Christy Palmer, who is "of American national origin" and Caucasian, was hired by Cognizant in December 2012. *Id*. ¶¶ 3, 25. She worked in several roles, including Consulting Manager, Application Migration Manager, and UAT Program Manager. *Id*. In her four-year tenure with the company, she worked with multiple clients, but alleges that she was "repeatedly removed from her position servicing Cognizant clients and replaced with younger, South Asian workers" (*id*. ¶ 26), and that Cognizant generally "replaced [non-South Asian

---

[1] For purposes of this motion alone, the Court must accept Plaintiffs' factual allegations as stated in the Complaint as true (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); however, Defendants dispute many of Plaintiffs' allegations.

2

employees] with visa holding South Asians" (*id*. ¶ 27).  Ms. Palmer voluntarily resigned from Cognizant on December 9, 2016.  *Id*. ¶ 32.

Plaintiff Vartan Piroumian, who is also "of American national origin" and Caucasian, began working at Cognizant on April 1, 2012 as an Enterprise Architect. Compl. ¶¶ 4, 34.  He alleges that he was "repeatedly removed from positions servicing Cognizant clients prematurely" and replaced with "less qualified" individuals who he describes as "South Asian," "Indian national[s]," and "brought over from India." *Id*. ¶ 34.  Mr. Piroumian was terminated on August 2, 2017 after multiple months on the "bench," where employees are placed after finishing a client engagement and from where they can seek new engagements.  *Id*. ¶¶ 15, 48.

Plaintiff Edward Cox began working for Cognizant in January 2014 as an Infrastructure Engagement Manager/Program Manager "supporting infrastructure services and staffing sales and delivery for North American clients."  Compl. ¶ 50. Mr. Cox is of "Hispanic national origin" and Caucasian.  *Id*. ¶ 5.  Mr. Cox does not allege he was prematurely removed or replaced from any position, but instead alleges that, while on the bench, less qualified South Asian employees received opportunities instead of him.  *Id*. ¶ 55.  Mr. Cox's employment was terminated on April 3, 2017. *Id*. ¶ 56.

Collectively, Plaintiffs allege that Cognizant engages in discrimination in favor of "South Asians (e.g., Indian nationals)" by securing visas to enable Indian nationals to work in U.S. positions (Compl. ¶¶ 16–20); preferring to hire "primarily individuals of Indian origin" residing in the U.S. rather than non-South Asians (*id.* ¶ 21); and maintaining a "promotions policy" that "favors South Asians" (*id*. ¶ 22).  Plaintiffs further allege that Cognizant uses its alleged policy of "terminat[ing] employees who are on the bench for more than five weeks" to "favor[ ] South Asians" by allegedly "bench[ing] [non-South Asians] at disproportionate rates compared to South Asians" after "replac[ing]" the non-South Asians with "'visa ready' individuals from India." *Id*. ¶ 23.

3

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

Plaintiffs seek to represent a putative class consisting of "[a]ll persons who are not of South Asian race and who applied for positions with (or within) Cognizant and were not hired, who were not promoted after being in a position for at least 12 months, and/or who were terminated." Compl. ¶ 57. They bring a single cause of action under Section 1981 with respect to "hiring, placement, promotion and termination decisions." *Id*. ¶ 69. And among other things, they seek damages, a declaratory judgment, and a permanent injunction against Cognizant. Compl., Prayer for Relief, p. 25.

## III.   THE LEGAL STANDARDS GOVERNING THIS MOTION

### A.   Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is proper where a plaintiff "fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory." *Varga v. Wells Fargo Bank, N.A*., No. 16-9650-DMG, 2017 WL 4022367, at *6 (C.D. Cal. Sept. 12, 2017) (citing *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010)).

Although a court analyzing a motion to dismiss "must accept all factual allegations as true," "[l]egal conclusions . . . are not entitled to the assumption of truth." *Delgado v. MillerCoors LLC*, No. 16-5241-DMG, 2017 WL 1130165, at *3 (C.D. Cal. Mar. 16, 2017). After stripping away the "conclusory statements," the remaining factual allegations in a complaint must do more than "create[] a suspicion of a legally cognizable right of action"; they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In making this "context-specific" determination, a court must "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This analysis serves a critical gatekeeping function, because claims must be sufficiently plausible such "that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

**B.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a complaint if the court lacks subject matter jurisdiction over the claims at issue.  A court lacks subject matter jurisdiction if a plaintiff lacks Article III standing.  *See Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.") (citations omitted).  To establish standing, Plaintiffs must show "injury in fact," "that the injury is traceable to the challenged action," and "that it is likely the injury will be redressed by the relief requested."  *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1997).  Plaintiffs bear the burden of establishing Article III standing in every federal case—if they cannot, their complaint, at least in relevant part, must be dismissed under Rule 12(b)(1).  *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996).

Furthermore, establishing standing for one cause of action, or even a portion of one, does not mean a plaintiff will have standing for all other portions or other causes of action.  In other words, plaintiffs "must demonstrate standing *separately for each form of relief sought*."  *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (emphasis added).  Any claim, or portion thereof, for which a plaintiff cannot establish Article III standing must be dismissed.  *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 649 (9th Cir. 2002); *see also* note 3, *infra*.

**IV.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE NATIONAL ORIGIN DISCRIMINATION IS NOT COGNIZABLE UNDER SECTION 1981**

Because Plaintiffs' theory of liability sounds in national origin discrimination, not race discrimination, Plaintiffs' claim for disparate treatment under Section 1981 should be dismissed for failure to state a claim.  As the Supreme Court made clear in *St. Francis College v. Al-Khazraji*, 481 U.S. 604 (1987), Section 1981 protects only "identifiable classes of persons who are subject to intentional discrimination because of their *ancestry or ethnic characteristics*"—not because of their nation of birth.  *Id*. at 613 (emphasis

added).  The Ninth Circuit has repeatedly confirmed that "national origin discrimination is not within the ambit of § 1981" (*Fonseca*, 374 F.3d at 850) and that "[Section] 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity" (*Johnson*, 534 F.3d at 1123).

Although Plaintiffs attempt to couch their claims in terms of "race" rather than national origin, artful pleading with "labels and conclusions" cannot obscure the real thrust of their Complaint.  *See Twombly*, 550 U.S. at 555 ("labels and conclusions" are not enough to defeat a motion to dismiss; the complaint must state "factual allegations" sufficient to support the cause of action raised); *Papasan v. Allain*, 478 U.S. 265, 286, (1986) (holding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" on a motion to dismiss).  Plaintiffs broadly contend that Cognizant has violated Section 1981 by discriminating against them and other "individuals who are not of South Asian race" by "intentionally disfavoring" them and "intentionally favoring South Asian individuals in employment decisions, including hiring."  Compl. ¶ 69.  However, after peeling away these conclusory statements, it is plain that the *facts* stated and claims alleged in the Complaint are that Cognizant allegedly exhibits favoritism on the basis of national origin—not race.  This is fatal to Plaintiffs' Complaint because, as described above, Section 1981 does not create a right of action for individuals claiming that people of a different national origin were favored over them.

The Complaint is replete with examples of how Plaintiffs' claims in fact sound in national origin discrimination.  The section of their Complaint that sets forth the gravamen of their claims—labeled "*Overview of Cognizant's Discriminatory Scheme*"—is devoted to allegations, not about race, but about Cognizant's securing of H-1B visas for individuals coming to the United States from India to work. Compl. ¶¶ 16, 17, 18, 19, 20.  No other alleged "scheme" appears in the Complaint.  But visa status, and Cognizant's alleged "scheme" for the procurement of visas on behalf of non-immigrant workers, is relevant (if anything) only to a purported claim of favoritism

6

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

based on national origin, not race—i.e., that Plaintiffs were disfavored because they are not *from India*, and not merely because they are not "South Asian."  And if Plaintiffs' claim is not based on national origin, then the allegations in paragraphs 16 through 20 recounting Cognizant's purported preference for "Indian nationals[ ] in U.S. positions for whom Cognizant secures visas, primarily H-1B visas" (*id.* ¶ 16); Cognizant's alleged practice of "maximiz[ing] the number of visas it receives each year from the federal government" (*id.* ¶ 17); and Cognizant's alleged "replace[ment]" of non-South Asians with "'visa-ready' individuals" (*id.* ¶ 20), have absolutely no relevance to their claims.[2]

Examples of favoritism toward individuals *from* India pervade the rest of the Complaint, including references to:

- Individuals "primarily from India."  Compl. ¶ 1, 24.
- "South Asians (e.g. Indian nationals)."  *Id.* ¶ 16.
- South Asian visa holders.  *Id.* ¶ 17.
- "'[V]isa ready' individuals from India."  *Id.* ¶¶ 20, 23.
- An "H-1B worker from India."  *Id.* ¶ 28.
- An "Indian national."  *Id.* ¶ 34.
- A "South Asian employee brought over from India."  *Id.*

But, of course, the mere allegation that an individual is an Indian national or is an "H-1B worker from India" (Compl. ¶ 28), says nothing about that individual's race—such characterizations relate only to that individual's alleged national origin and citizenship, theories of discrimination that are expressly disallowed under Section 1981. *See St. Francis Coll.*, 481 U.S. at 613; *Fonseca*, 374 F.3d at 850; *see also, e.g.*, *Wesley v. Palace Rehab. & Care Ctr., L.L.C.*, 3 F. Supp. 3d 221, 233–34 (D.N.J. 2014)

---

[2] Because these factual allegations are immaterial and impertinent, if Plaintiffs seek to disclaim national origin as a basis for their Section 1981 claim, at a minimum, these allegations should be stricken from the Complaint and excluded from any future discovery.  *See* Fed. R. Civ. P. 12(f) (a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .").

(concluding that plaintiff could not proceed under Section 1981 for alleged discrimination due to her accent because discrimination against an accent speaks to "national origin," which is not actionable under Section 1981).  For this reason, an alleged preference for Indian nationals or "visa-ready" individuals from India (Compl. ¶¶ 20, 23, 34) cannot and does not plead race discrimination under Section 1981. *Johnson*, 534 F.3d at 1123.

In sum, because Plaintiffs' claim sounds in national origin discrimination, and because national origin discrimination is not cognizable under Section 1981—the only statute under which Plaintiffs purport to state a claim—Plaintiffs' Complaint should be dismissed with prejudice.

## V.   PLAINTIFFS' FAILURE-TO-HIRE THEORY OF DISCRIMINATION MUST BE DISMISSED

Plaintiffs allege four theories of discrimination under Section 1981: discrimination in (1) hiring, (2) placement, (3) promotion, and (4) termination decisions. Compl. ¶ 69.  As to the first theory, Plaintiffs allege that Cognizant discriminates in hiring by allegedly securing visas for hiring of Indian nationals (*id.* ¶ 16), purportedly preferring to fill positions with "visa ready" individuals "who reside overseas, almost always (if not always) in India" (*id.* ¶ 20), and allegedly seeking out and preferring to hire "primarily individuals of Indian origin" residing in the U.S. over non-South Asian candidates (*id.* ¶ 21).  On these grounds, Plaintiffs seek to represent a class of individuals who, among other things, applied for a position at Cognizant "and were not hired" from September 18, 2013 to the present.  *Id.* ¶¶ 57, 58.

But Plaintiffs' "failure-to-hire" theory of liability fails on its face because Plaintiffs *admit* that they were each hired by Cognizant.  *See* Compl. ¶ 25 (Christy Palmer was "hired by Cognizant in December 2012"); *id.* ¶ 34 (Vartan Piroumian "began working with Cognizant on April 1, 2012"); *id.* ¶ 50 ("[Edward] Cox began working for Cognizant in January 2014").  Accordingly, if the Court does not dismiss Plaintiffs' Complaint in its entirety for failure to state a claim under Section 1981, the Court should

8

nevertheless dismiss Plaintiffs' failure-to-hire theory of discrimination.  Dismissal of this theory is appropriate because Plaintiffs (1) lack standing to assert a failure to hire claim, and (2) have not alleged sufficient facts to support such a claim.  Indeed, dismissing this failure-to-hire theory will limit the issues in dispute to those injuries Plaintiffs *themselves* claim to have suffered, and properly narrow discovery to matters relevant to these Plaintiffs and any claims they can properly allege.  *See Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 14-CV-02046, 2015 WL 5723647, at *4 (D. Nev. Sept. 28, 2015) (granting motion to dismiss part of the complaint in order "to streamline the pleadings"); *Blanton v. Torrey Pines Prop. Mgmt., Inc.*, No. 15-CV-0892, 2017 WL 1957560, at *3 (S.D. Cal. May 10, 2017) ("This Court is unable to find relevant authority whereby a named Plaintiff was permitted to pursue discovery relevant only to another party's claim without any relevance to their own remaining case.").

*Standing*.  Article III requires Plaintiffs to "clearly . . . allege facts demonstrating each element" of standing.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal quotations omitted).  One of those elements requires an injury to be both "concrete" and "particularized."  *Soukhaphonh v. Hot Topic, Inc.*, No. 16-5124-DMG, 2017 WL 2909403, at *1 (C.D. Cal. Jan. 13, 2017) (citing *Spokeo*, 136 S. Ct. at 1545).  To establish that an injury is particularized, it "must affect the plaintiff in a personal and individual way."  *Spokeo*, 136 S. Ct. at 1548; *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (holding that standing requires that the plaintiff "personally has suffered some actual or threatened injury").  At the motion-to-dismiss stage, standing challenges can be either "facial or factual."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack such as this one, the relevant question is whether "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

As noted above, it is undisputed that each Plaintiff was in fact hired by Cognizant and was not previously rejected from employment by Cognizant.  *See* Compl. ¶¶ 25, 34,

9

50.   To the extent Plaintiffs believe they can assert a failure-to-hire theory on behalf of a putative class even though they themselves were hired, such an argument is foreclosed by the Supreme Court's decisions in *Warth v. Seldin*, 422 U.S. 490 (1975), and *Lewis v. Casey*, 518 U.S. 343 (1996).   Plaintiffs may assert only their own claims; they cannot create an injury by relying on purported injuries "suffered by other, unidentified members of [a] class to which [the Plaintiffs] . . . purport to represent." *Warth*, 422 U.S. at 502 (dismissing putative class action for lack of standing by the named plaintiffs); *accord O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (dismissing putative class action based on lack of standing by the named plaintiffs, and stating that without a personal controversy between the named plaintiff and defendant, "none may seek relief on behalf of himself or any other member of the class").   As the Supreme Court put it in *Lewis*, "[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."   518 U.S. at 357; *see also Logan v. Union Sec. Ins. Co.*, No. CV-14-1174-DMG, 2015 WL 3754047, at *8 (C.D. Cal. Mar. 31, 2015) (granting motion to dismiss the portion of a contract claim a plaintiff lacked standing to assert, stating "[t]hat the current action is brought as a putative class action does not alleviate a plaintiff's burden to plausibly allege his own claims") (citations and quotations omitted); *Blyden v. Navient Corp.*, No. 14-02456, 2015 WL 4508069, at *8 (C.D. Cal. July 23, 2015) (granting motion to dismiss in part and noting that "[a]t this point in the proceedings, the only claims against [the defendants] are Plaintiff's individual claims, which must be justiciable to survive a motion to dismiss").

In short, because each of the Plaintiffs was hired by Cognizant, each lacks standing to bring claims based on a failure-to-hire theory.   *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1000 n.7 (9th Cir. 2006) ("It is well settled that '[a]t least one *named* plaintiff must satisfy the actual injury component of standing in order

10

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

to seek relief on behalf of himself or the class.'") (citation omitted); *see also Martin v. City of Beaumont, Tex.*, No. CIV. A. B-87-1076, 1992 WL 52571, at \*16 (E.D. Tex. Feb. 19, 1992) (holding that "[t]he plaintiffs lack[ed] standing to assert [a] failure to hire claim as the [defendant] hired each of them"); *De Los Santos v. Panda Exp., Inc.*, No. C 10-01370, 2010 WL 4971761, at \*6 (N.D. Cal. Dec. 3, 2010) (stating that "[s]ince none of [the plaintiffs] were applicants who were not hired for a managerial position, they lack standing to bring such a claim" and dismissing state and federal discrimination claims "to the extent they are based on a failure to hire") (*citing Huynh*, 465 F.3d at 1000 n.7).[3]

*Failure to State a Claim*.  Even if Plaintiffs had standing to state a claim based on a "failure to hire" (they do not), their claims fail because a plaintiff asserting a claim for discrimination based on failure to hire must allege, among other requirements, that he or she was in fact rejected from employment by the defendant.  *See Lowe v. City of Monrovia*, 775 F.2d 998, 1005 (9th Cir. 1985); *see also Fischer v. Forestwood Co.*, 525 F.3d 972, 983 (10th Cir. 2008) ("To establish a prima facie failure-to-hire case . . . , the plaintiff must show [that] . . . despite being qualified, *the plaintiff was rejected*" from a position) (emphasis added).  Here, it is undisputed that each Plaintiff was in fact hired by Cognizant and employed for several years. *See* Compl. ¶¶ 25, 34, 50.  The Complaint includes no allegations that any Plaintiff sought and failed to obtain employment with Cognizant at any time prior to being hired—or at any other point in time.  Because there

---

[3] Hiring is a "separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (internal quotation omitted). The approach taken in *De Los Santos* confirms it is proper to dismiss a claim to the extent it is based on injuries that a plaintiff has not suffered, even if the court finds that the plaintiff has standing to assert other theories of discrimination in support of that claim.  This Court has taken this approach in other cases, too.  *See, e.g., Logan*, 2015 WL 3754047, at \*8; *see also Campillo v. Dovenmuehle Mortg., Inc.*, No. CV-13-07077-DMG, 2014 WL 12691897, at \*8 (C.D. Cal. Sept. 5, 2014) (granting motion to dismiss negligence claim against mortgage lender "to the extent [the] claims are based on lack of authority to execute the initial Notice of Default" because the plaintiff "lack[ed] standing to pursue that claim").

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)

are no facts from which to infer that Plaintiffs were rejected from employment by Cognizant, they have failed to state a claim for discrimination based on failure to hire.

Because no amount of pleading can change Plaintiffs' employment status (i.e., because Plaintiffs were already hired by and worked for Cognizant), "the pleading [cannot] possibly be cured by the allegation of other facts." *Varga*, 2017 WL 4022367, at *6 (quotations omitted). Therefore, Plaintiffs' "failure-to-hire" theory of liability, as pled in Count I, should be dismissed with prejudice.

## VI.    PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF

Plaintiffs' prayer for relief includes, among other requested remedies: (1) "a permanent injunction against Defendants . . . from engaging in unlawful policies, practices, customs, and usages set forth herein"; (2) "[a] declaratory judgment that the practices complained of herein are unlawful and violate . . . 42 U.S.C. § 1981"; (3) an order requiring Defendants to "adopt a valid, non-discriminatory method for hiring, placement, termination, and other employment decisions"; and (4) an order requiring "Defendants to post notices concerning its duty to refrain from discriminating against employees on the basis of race." Compl., Prayer for Relief, ECF p. 25. Because Plaintiffs are all former employees, however, they lack standing to seek any of these remedies. *See Walsh*, 471 F.3d at 1036 (plaintiff lacked standing to force her former employer to "adopt and enforce lawful policies regarding discrimination").

It is settled Supreme Court law that former employees lack standing to bring claims for injunctive relief against their former employers because they do not stand to benefit from the injunction. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011); *Walsh*, 471 F.3d at 1037 (named plaintiff who no longer worked for former employer lacked standing to seek injunctive relief under the Americans with Disabilities Act because she "would not stand to benefit from an injunction . . . at her former place of work"). Nor may they pursue those claims on behalf of a putative class that includes current employees. *See Hodgers-Durgin*, 199 F.3d at 1045 ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking

12

that relief."); *Cunha v. IntelliCheck, LLC*, No. 17-cv-00597, 2017 WL 2311316, at *11 (N.D. Cal. May 26, 2017) ("In a class action, a plaintiff cannot rely on the prospect of future injuries to unnamed class members if they cannot establish they have standing to seek injunctive relief.") (internal quotations omitted).

The face of the Complaint makes clear that Plaintiffs were not employed by Cognizant at the time the Complaint was filed on September 18, 2017—the relevant date for purposes of assessing standing. *See Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 775 (9th Cir. 2006) ("A plaintiff's standing is evaluated as of the date the complaint was filed[.]"); Compl. ¶ 32 ("In December 2016, Ms. Palmer was forced to resign from Cognizant because of the company's discriminatory practices and hostile work environment. Her last day with the company was December 9, 2016."); *id*. ¶ 48 ("Cognizant terminated [Mr. Piroumian's] employment on August 2, 2017."); *id*. ¶ 56 ("Cognizant terminated Mr. Cox's employment on April 3, 2017 with no severance."). Nor have any of the Plaintiffs provided any basis for the Court to infer that they are likely to be injured by Cognizant's allegedly unlawful practices in the future. *See Walsh*, 471 F.3d at 1037 (former employee lacks standing to seek injunctive relief where she did not allege she had "any interest in returning to work" for her former employer). Accordingly, the requests for injunctive relief identified above should be dismissed with prejudice.

## VII. CONCLUSION

Because Plaintiffs fail to state a claim under Section 1981 for discrimination based on race, the Complaint must be dismissed in its entirety. At a minimum, Plaintiffs should be barred from relying on factual allegations pertaining only to national origin to support their claim under Section 1981. Additionally, because Plaintiffs cannot state claims under Section 1981 based on failure to hire, and because, as former employees, they cannot seek injunctive or declaratory relief, their failure-to-hire theory of liability and request for injunctive relief should be dismissed with prejudice.

13

DATED:  October 31, 2017          GIBSON, DUNN & CRUTCHER LLP


By: */s/ Michele L. Maryott*
                    Michele L. Maryott

Attorneys for Defendants
COGNIZANT TECHNOLOGY SOLUTIONS
CORPORATION AND COGNIZANT
TECHNOLOGY SOLUTIONS U.S.
CORPORATION

14

DEFENDANTS' MOTION TO DISMISS
Case No. 17-CV-6848 DMG (PLAx)