UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 1 of 11 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANTS' MOTION TO DISMISS [34]**

    On January 11, 2018, Plaintiffs Christy Palmer, Vartan Piroumian, and Edward Cox filed a First Amended Complaint ("FAC") on behalf of themselves and a class of similarly situated individuals against Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Cognizant"). [Doc. # 30.] The FAC alleges three employment discrimination causes of action: (1) disparate treatment on the basis of race in violation of 42 U.S.C. section 1981; (2) disparate treatment on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964; and (3) disparate impact on the basis of race and national origin in violation of Title VII. FAC at 20–22.[1] On February 12, 2018, Cognizant filed a motion to dismiss the FAC pursuant to Rule 12(b)(1) and Rule 12(b)(6). [Doc. # 34.] That motion has since been fully briefed. [Doc. ## 36, 40.] Having duly considered the parties' written submissions, the Court **GRANTS in part and DENIES in part** the motion to dismiss, and **GRANTS** Plaintiffs leave to amend.

**I.
REQUEST FOR JUDICIAL NOTICE**

    Cognizant requests judicial notice of the initial and supplemental charges that Palmer and Piroumian submitted to the Equal Employment Opportunity Commission ("EEOC"). [Doc. # 35.] Plaintiffs have not opposed this request. Further, Cognizant's request is appropriate because a court "may take judicial notice of records and reports of administrative bodies." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (quoting *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)) (internal quotation marks omitted). Accordingly, the Court **GRANTS** Cognizant's request for judicial notice.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 2 of 11 |

## II.
## FACTUAL BACKGROUND[2]

Cognizant is an American multinational corporation that provides information technology and consulting services to customers in the United States and in other countries. FAC at ¶ 1. Cognizant employs approximately 40,000 individuals in the United States, at least 75% of whom are "South Asian"; most of those South Asian employees are "Indian."[3] *Id.* Plaintiffs are former employees of Cognizant. *Id.* at ¶¶ 25, 32, 34, 48, 50, 56. Palmer and Piroumian are both of "American national origin and Caucasian race." *See id.* at ¶¶ 3–4. Cox is also a Caucasian and, although he was born in the United States, he claims that he is "of Hispanic *national origin*." *See id.* at ¶ 5 (emphasis added).

"Cognizant prefers South Asians and Indians in employment decisions and has instituted four corporate practices to fulfill its discriminatory preference." *Id.* at ¶ 16. First, "Cognizant seeks to maximize the number of [H-1B] visas it receives each year from the federal government[,]" most of which are secured for South Asians and/or Indians. *See id.* at ¶ 17. Second, "both Cognizant's internal recruiters and its third-party recruiters give preference to locating and recruiting South Asian and Indian candidates [located in the United States], who are then given preference throughout the hiring process." *See id.* at ¶ 21. Third, non-South Asians and non-Indians are typically awarded lower Year End Appraisal ("YEA") scores than South Asians and Indians, which results in the former being promoted less frequently than the latter. *See id.* at ¶ 22. Fourth, since Cognizant prefers to assign South Asian and Indian candidates to projects, non-South Asians and non-Indians are "disproportionately" relegated to the Corporate Deployment Pool (*i.e.*, unassigned or on the "bench"). *See id.* at ¶¶ 15, 23. That fact, coupled with Cognizant's policy of terminating employees who are on the bench for more than five weeks, results in non-South Asians and non-Indians being terminated at "disproportionately high rates[.]" *See id.* at ¶ 23.

Cognizant repeatedly removed Palmer and Piroumian from projects to which they had been assigned and replaced them with South Asian and/or Indian employees. *See, e.g.*, *id.* at ¶¶ 26, 34.

---

[2] The Court assumes the truth of the FAC's factual allegations solely for the purpose of deciding the motion to dismiss.

[3] The FAC defines a "South Asian" as an "individual[] who trace[s] [his or her] ancestry to the Indian sub-continent[,]" and an "Indian" as an "individual[] [who was] born in India, or whose ancestors came from India." *See* FAC at 2 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
|---|---|---|---|
| Title | ***Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.*** | Page | 3 of 11 |

Similarly, after Cox was placed on the bench, less qualified South Asian and/or Indian employees were selected for open positions on Cognizant's projects. *See id.* at ¶ 55. Palmer and Piroumian received low YEAs even though they performed well in their respective positions, *id.* at ¶¶ 29, 45, and Cox did not receive a single performance review during his three years of employment at Cognizant. *Id.* at ¶ 53. Cognizant did not promote any of the three Plaintiffs during their respective employment terms. *Id.* at ¶¶ 29, 45, 53. Palmer resigned from Cognizant due to "the company's discriminatory practices and hostile work environment." *See id.* at ¶ 32. Piroumian and Cox were each terminated for being on the bench for more than five weeks. *See id.* at ¶¶ 48, 56.

### III.
### LEGAL STANDARDS

**A.     Federal Rule of Civil Procedure 12(b)(1)**

A defendant may raise either a facial or a factual challenge to a federal court's jurisdiction on the ground of lack of subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When resolving a facial attack, a court "take[s] the allegations in the plaintiff's complaint as true." *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). When resolving a factual attack, a court does not presume the truthfulness of a complaint's factual allegations, and it may consider affidavits or other evidence without converting the motion to dismiss into one for summary judgment. *See Safe Air*, 373 F.3d at 1039. Cognizant raises a facial attack to this Court's subject matter jurisdiction. *See* Mot. at 19–20 (arguing that the judicially noticeable EEOC charges establish that Palmer and Piroumian failed to exhaust administrative remedies); *id.* at 30–32 (contending that Plaintiffs failed to allege sufficient facts to establish standing to obtain prospective relief).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). "To survive a motion to dismiss, a complaint must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 4 of 11 |

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts must accept all factual allegations as true on a Rule 12(b)(6) motion, legal conclusions are not entitled to the assumption of truth. *Id.*

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## IV.
## DISCUSSION

Cognizant argues that portions of the FAC should be dismissed for the following reasons: (1) the pleading's section 1981 claim alleges national origin discrimination, whereas the statute affords relief for only race discrimination, (2) Plaintiffs failed to exhaust and/or allege sufficient facts supporting the Title VII disparate impact cause of action, (3) Plaintiffs lack standing to challenge Cognizant's hiring practices and fail to state claims for relief relating thereto, and (4) Plaintiffs lack standing to seek injunctive and declaratory relief because they are former employees. *See* Mot. at 10–11. The Court discusses each of these arguments *seriatim*.

**A.      Whether the Section 1981 Cause of Action is Predicated on Race Discrimination**

Cognizant moves to dismiss the FAC's section 1981 cause of action because it is predicated on national origin discrimination, and not race discrimination. Mot. at 17–19. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 5 of 11 |

Section 1981 forbids racial discrimination, and not discrimination on the basis of national origin. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609, 613 (1987). *Saint Francis* held that section 1981 is "intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *See id.* at 613. "Such discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory." *Id.* The Supreme Court held that an individual "of Arabian ancestry" who was born in Iraq could state a claim under section 1981 if he could "prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than *solely* on the place or *nation of his origin*, or his religion . . . ." *See id.* at 606, 613 (emphasis added).

Here, the FAC defines "South Asian[s]" as "individuals who trace their *ancestry* to the Indian sub-continent" and "Indian[s]" as either "individuals born in India, or *whose ancestors came from India*." FAC at 2 n.1 (emphasis added). Furthermore, it alleges that "Cognizant prefers South Asians and Indians in employment decisions and has instituted . . . corporate practices to fulfill its discriminatory preference." *Id.* at ¶ 16. Therefore, the pleading avers that Cognizant discriminated against Plaintiffs and the putative class because *their ancestors* are not from the Indian subcontinent and/or India, and not merely because India is not their nation of origin. Just as the plaintiff in *Saint Francis* could recover under section 1981 for being discriminated against because of his "Arabian ancestry[,]" *see Saint Francis*, 481 U.S. at 606, 613, so too can Plaintiffs and the putative class members establish liability by showing that Cognizant treated them differently because they were not of Indian ancestry.

Cognizant nonetheless insists that after the FAC's conclusory allegations are stripped away, this cause of action is grounded in solely national origin discrimination, given that the FAC asserts that "Cognizant prefers to employ South Asians and Indians in U.S. positions for whom Cognizant secures visas, primarily H-1B visas" and that Cognizant afforded "visa holding South Asians" preferential treatment. *See* Mot. at 18; Reply at 10–12. Yet, the FAC alleges that Cognizant's practice of "maximiz[ing] the number of visas it receives each year from the federal government[,]" along with its other discriminatory practices, are the means by which Cognizant "fulfill[s] its employment preference for South Asians and Indians[.]" *See* FAC at ¶¶ 17–24. These allegations are plausible. Although it would also be plausible that Cognizant undertook these measures in order to discriminate against persons who do not have India as their nation of origin, that fact alone does not warrant dismissal of the FAC. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis in original) ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 6 of 11 |

*im*plausible."). Thus, Cognizant's motion to dismiss the FAC's section 1981 cause of action is **DENIED**.

**B.     The FAC's Title VII Disparate Impact Claims**

Cognizant argues that the Court lacks subject matter jurisdiction over the FAC's Title VII disparate impact claims because Palmer and Piroumian did not exhaust their administrative remedies.[4] Mot. at 19. Cognizant further argues that the FAC fails to state a disparate impact claim under Title VII because it does not allege a facially neutral policy or identify any disparate impact resulting from such a policy. *Id.* at 19–20. The Court addresses each of these arguments in turn.

**1.     Exhaustion of Administrative Remedies**

A federal court has subject matter jurisdiction over a Title VII claim only after a plaintiff has exhausted his or her administrative remedies by filing a timely charge with the EEOC. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). This jurisdictional requirement is intended to provide the EEOC with the opportunity to investigate the charge. *See B.K.B.*, 276 F.3d at 1099. Federal courts have subject matter jurisdiction over all allegations of discrimination that either fall "within the scope of the EEOC's *actual* investigation or an 'EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *Farmer Bros*, 31 F.3d at 899 (emphasis in original) (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). Allegations not included in the administrative charge are not exhausted unless they are "so closely related [to the allegations made in the charge] that 'agency action [(*e.g.*, a separate investigation)] would be redundant.'" *B.K.B.*, 276 F.3d at 1102 (quoting *Sosa*, 920 F.2d at 1457 n.2). Further, EEOC charges are read with the "utmost liberality[.]" *Id.* at 1000. Additionally, a plaintiff must exhaust his or her class claims before they may be asserted in federal court. *See Paige v. State of Cal.*, 102 F.3d 1035, 1041–43 (9th Cir. 1996).

Plaintiffs argue that Palmer's and Piroumian's EEOC charges exhausted disparate impact claims premised on the following practices: "(1) Cognizant's practice of applying for visas for workers to staff projects in the U.S., (2) Cognizant's employee appraisal program and practice of promoting those with higher scores, and (3) Cognizant's benching and termination practices." *See* Opp'n at 22.

---

[4] The FAC's Title VII claims are asserted on behalf of Palmer, Piroumian, and the putative class, but not on Cox's behalf. *See* FAC at 20–22. This is because at the time the FAC was filed, Cox had not yet obtained a right to sue letter from the EEOC. *See id.* at ¶ 6 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 7 of 11 |

With regard to claims arising out of the first practice, none of the EEOC charges complain of Cognizant's participation in the visa program. Although Palmer's initial charge claims that she has "been subjected to belittling and harassing behavior by the Indian employees that come to the United States with work visas[,]" she does not claim that Cognizant used the visa program to discriminate against her because of her race and/or national origin. *See* Maryott Decl., Ex. A at 2 [Doc. # 35-2]. Further, Palmer's and Piroumian's supplemental charges each allege in a general fashion that Cognizant "has corporate policies that disparately impact non-Indian and non-South Asian workers in the U.S.[,]" and that they and the putative class "have been subjected to discrimination because of [their] race, national origin, and age in hiring, placement, promotion, and termination decisions." *See* Maryott Decl., Ex. B at 6 [Doc. # 35-2]; Maryott Decl., Ex. D at 11 [Doc. # 35-2]. These vague charges provide so little detail concerning the allegedly discriminatory hiring decisions that they do not afford the EEOC with fair notice of Plaintiffs' disparate impact claim arising out of Cognizant's practice of applying for visas. Although this practice relates to the company's hiring decisions, there are a number of different ways in which an employer can discriminate on the basis of race or national origin in hiring. For instance, the FAC alleges that "Cognizant gives preference to locating and recruiting South Asian and Indian candidates" who are already in the United States. *See* FAC at ¶ 21. Therefore, the particular employment practice of which Plaintiffs complain is not "so closely related [to the allegations made in the charge] that 'agency action would be redundant.'" *B.K.B.*, 276 F.3d at 1102 (alteration in original) (quoting *Sosa*, 920 F.2d at 1457 n.2).

On the other hand, an EEOC investigation concerning the disparate impact of Cognizant's appraisal and promotion process could have reasonably been expected to grow out of Palmer's and Piroumian's charges. Palmer's initial charge alleged race and national origin discrimination, and complained that she did not receive a promotion even though she "was eligible to be placed on the promotion cycle[.]" *See* Maryott Decl., Ex. A at 2 [Doc. # 35-2]. Likewise, Piroumian's initial charge alleged national origin discrimination and claimed that he was "denied the opportunity for promotion[.]" *See* Maryott Decl., Ex. C at 8 [Doc. # 35-2]. Further, as mentioned *supra*, their supplemental charges alleged the existence of "corporate policies that disparately impact non-Indian and non-South Asian workers in the U.S." *See* Maryott Decl., Ex. B at 6 [Doc. # 35-2]; Maryott Decl., Ex. D at 11 [Doc. # 35-2]. Because promotions are "tied to an employee's YEA score," *see* FAC at ¶ 22, an investigation into Palmer's and Piroumian's complaints that they were denied promotions would likely have led to the discovery of this policy, and their complaints of systemic racial and national origin discrimination could reasonably be expected to lead the EEOC to investigate any disparate impact the policy may have on non-South Asians and non-Indians. *Cf. Paige*, 102 F.3d at 1042 (emphasis added) ("Investigation of a charge that a promotional examination is biased and frustrates the goals of an overall affirmative action policy *necessarily*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 8 of 11 |

*involves* an examination of the promotional system and of the role, if any, that race plays in that system."). Thus, disparate impact claims relating to this policy have been exhausted.

Lastly, Piroumian's supplemental charge explicitly identifies Cognizant's policy of terminating employees who are on the bench for more than five weeks, claims that he was terminated after he was placed on the bench, and contends that his termination "further reflects Cognizant's discrimination against non-Indians and non-South Asians." *See* Maryott Decl., Ex. D at 11–12 [Doc. # 35-2]. Any agency investigaton of these allegations would have focused on Cognizant's policy of terminating employees who are on the bench for more than five weeks and any disparate impact that policy has on persons who are not Indian and/or South Asian. Consequently, Piroumian exhausted this claim as well.[5]

In sum, the Court **DISMISSES without prejudice** the FAC's Title VII disparate impact claims arising out of Cognizant's practice of applying for visas because such claims have not been exhausted. The Court **DENIES** the MTD insofar as it alleges failure to exhaust administrative remedies as to the Title VII disparate impact claims concerning Cognizant's policy of promoting employees with higher appraisal scores and its benching and termination policies.

### 2. Whether the FAC Alleges Sufficient Facts to State Title VII Disparate Impact Claims

The next question is whether the FAC sufficiently alleges disparate impact claims arising out of Cognizant's policy of promoting employees with higher YEAs and its benching and termination policies. Cognizant argues that dismissal is proper because the FAC merely alleges disparate treatment claims. *See* Mot. at 22–25; Reply at 20–22.

To prevail on a disparate treatment claim, a plaintiff must show that "the protected trait . . . actually motivated the employer's decision." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)) (internal quotation marks omitted). In contrast, disparate impact claims challenge "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002) (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). Although these claims are conceptually different, they can overlap. For instance, a disparate impact claim can challenge a facially neutral employment policy that exacerbates the

---

[5] Because Palmer alleges that she resigned from Cognizant, she apparently does not intend to raise an individual claim relating to the company's benching and/or termination practices. *See* FAC at ¶ 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (PLAx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 9 of 11 |

effects of intentional discrimination against a protected class. *See* 1 Charles R. Richey, Manual on Employment Discrimination at § 1:34 (2018); *see, e.g.*, 42 U.S.C. § 2000e-2(h) (emphasis added) ("[I]t shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority or merit system, . . . *provided that such differences are not the result of an intention to discriminate . . . .*").

Here, Cognizant's policies of awarding promotions based on YEAs and of terminating employees who spend more than five weeks on the bench are both facially neutral. The FAC alleges that "non-South Asians and non-Indians are typically awarded lower YEA scores" and that they are therefore "promoted less frequently than South Asians at Cognizant." *See* FAC at ¶ 22. The pleading further avers that "[b]ecause South Asians and Indians are given preference for new positions" and for positions on existing projects, "non-South Asians and non-Indians are disproportionately relegated to the bench and unable to secure new positions[,] . . . lead[ing] to their termination at disproportionate rates." *See id.* at ¶ 23. Moreover, Palmer and Piroumian each received lower YEAs than they had earned, neither Palmer or Piroumian were promoted despite the fact that they were employed by Cognizant for at least three years, and Piroumian was terminated after spending more than five weeks on the bench, during which time two Cognizant employees refused to provide him with information concerning certain available projects. *See* FAC at ¶¶ 29, 45–48. These allegations give rise to the plausible inference that the two aforementioned facially neutral policies exacerbated the effects of intentional discrimination against non-South Asians and non-Indians. *See Stout*, 276 F.3d at 1121 (quoting *Int'l Brotherhood of Teamsters*, 431 U.S. at 335); *Starr*, 652 F.3d at 1216. Therefore, Cognizant's motion to dismiss these disparate impact claims is **DENIED**.

C.   **Plaintiffs' Standing to Challenge Cognizant's Hiring Practices**

Cognizant moves to dismiss the FAC's Title VII and section 1981 claims to the extent they relate to hiring on the grounds that Plaintiffs: (1) lack standing to raise such claims (*i.e.*, because they were hired), and (2) fail to allege sufficient facts to support them. *See* Mot. at 25–30. Plaintiffs do not purport to raise individual claims concerning Cognizant's hiring practices. *See* Opp'n at 24–28. Nonetheless, they contend that because of Cognizant's discriminatory treatment of external applicants and employees seeking certain assignments, Plaintiffs may represent a class comprised of both groups. *See id.*

To the extent Cognizant argues that Plaintiffs lack standing to assert failure-to-hire claims on behalf of the putative class, the company's position is undermined by *Melendres v. Arpaio*, 784

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (PLAx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al. | Page | 10 of 11 |

F.3d 1254 (9th Cir. 2015), which held that "any issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." *See id.* at 1262 (quoting 1 Newberg on Class Actions § 2:6 (5th ed. 2015)) (internal quotation marks omitted). "Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of *typicality* and *adequacy* of representation.'" *Id.* (emphasis added) (alteration in original) (quoting 7 AA Charles Alan Wright et al., Federal Practice & Procedure § 1785.1 (3d ed. 2015)). Because there is no dispute that Plaintiffs have standing to challenge Cognizant's alleged preference for assigning projects to South Asians and Indians, *see Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017) (elements of standing are injury in fact, traceability, and redressability), any dissimilarities between their claims and those pertaining to putative class members should be addressed at the class certification stage.

Cognizant further argues that the FAC's failure-to-hire claims are too conclusory to survive a motion to dismiss. *See* Mot. at 29–30. Yet, Cognizant concedes that allegations of an "entirely subjective decisionmaking process" would be sufficient. *See id.* at 30 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982)). The FAC alleges that "both Cognizant's internal recruiters and its third-party recruiters give preference to locating and recruiting South Asian and Indian candidates," *see* FAC at ¶ 21, which gives rise to a plausible inference that Cognizant's hiring process is immensely subjective. Further, the FAC's allegations that Cognizant "maximize[s] the number of visas it receives each year from the federal government" and that "[a]ll, or substantially all" of such visas are provided to South Asians or Indians "allows the [C]ourt to draw the reasonable inference" that Cognizant hires applicants based on their race and/or national origin. *See id.* at ¶ 17; *Iqbal*, 556 U.S. at 578.

Accordingly, Cognizant's motion to dismiss the FAC's class failure-to-hire claims is **DENIED**.

D.  **Article III Standing to Seek Prospective Relief**

Cognizant requests the dismissal of all of the FAC's claims for injunctive and declaratory relief because, as former employees, Plaintiffs purportedly lack Article III standing to seek such remedies. *See* Mot. at 30–32. A party to an employment discrimination action has standing to seek prospective relief if he or she is "in the process of seeking reinstatement to [a] former position[,] or seeking work from that employer." *See Walsh v. Nev. Dep't of Human Res.*, 471

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (PLAx)** | Date | September 24, 2018 |
|---|---|---|---|
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 11 of 11 |

F.3d 1033, 1037 (9th Cir. 2006). Here, Cox submitted a declaration attesting that he interviewed with Cognizant personnel in December 2017 and was informed in January 2018 that an offer to employ him was in the process of being approved by the company. *See* Cox Decl. at ¶¶ 2–4 [Doc. # 36-1]. Although Cognizant has raised a facial challenge to standing (wherein the Court's analysis is typically confined to the four corners of the pleading), this declaration persuaded Cognizant to withdraw its challenge to Cox's standing. *See* Reply at 30 n.5. Because Cox was in the process of seeking reinstatement when the FAC was filed, he has standing to seek prospective relief under his section 1981 claim.

On the other hand, Palmer and Piroumian do not claim that they seek reinstatement at Cognizant or allege facts otherwise showing that their exposure to Cognizant's allegedly unlawful policies and practices is "actual or imminent" such that they have standing to seek prospective relief. *Davidson*, 873 F.3d at 1113. Rather, they each attest that if the Court enjoins Cognizant's unlawful policies and practices, they "would likely reapply to Cognizant *the next time [they] are seeking work*." *See* Palmer Decl. at ¶ 2 [Doc. # 36-2]; Piroumian Decl. at ¶ 2 [Doc. # 36-3] (emphasis added). Even assuming these declarations are properly before the Court, they fall short of establishing that these Plaintiffs have standing to seek prospective relief. This is because it is "merely 'speculative'" that injunctive and declaratory relief would redress any injury to them. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Accordingly, Cognizant's motion to dismiss is **DENIED** insofar as it seeks to dismiss Cox's claims for prospective relief. Cognizant's motion to dismiss Palmer's and Piroumian's claims for prospective relief is **GRANTED without prejudice**.

## V.
## CONCLUSION

In light of the foregoing, Cognizant's motion to dismiss is **GRANTED in part** and **DENIED in part**. Further, the Court **GRANTS** Plaintiffs leave to amend to cure the deficiencies discussed in this Order. Within 21 days of the date of this Order, Plaintiffs shall file and serve an amended complaint consistent with this Order, or notify Cognizant and the Court of their intention not to do so. Cognizant's response shall be filed within 21 days after the filing and service of Plaintiffs' amended complaint or notification of their intention not to amend the FAC.

**IT IS SO ORDERED.**