Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Michael von Klemperer (*pro hac vice*)
mvk@kotchen.com
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, and EDWARD COX,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | Case No. 2:17-cv-06848<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS 2D AMENDED COMPLAINT**<br><br>Hon. Dolly M. Gee<br><br><u>Hearing</u><br>Date: February 22, 2019<br>Time: 9:30 a.m.<br>Place: 350 West 1st St., L.A., CA 90012<br>        Courtroom 8C |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS 2D AMENDED COMPLAINT ................................................. 1

I. BACKGROUND ................................................................................................. 1

    A. Relevant Facts ............................................................................................ 1

    B. Procedural History ..................................................................................... 3

II. LEGAL STANDARD ......................................................................................... 3

    A. Federal Rule of Civil Procedure 12(b)(1) .................................................. 3

    B. Federal Rule of Civil Procedure 12(b)(6) .................................................. 4

III. ARGUMENT ....................................................................................................... 5

    A. The Court Should Deny Cognizant's Motion to Dismiss Mr. Cox's Disparate-Impact Failure-to-Hire Claim. ................................................... 5

        1. Plaintiff Cox Exhausted His Disparate Impact Hiring Claim. .............. 5

        2. Mr. Cox Successfully States a Claim for Disparate Impact in Hiring. ..................................................................................................... 8

    B. The Court Cannot Dismiss Plaintiffs Palmer and Piroumian's Claims for Prospective Relief With Prejudice. ........................................ 12

IV. CONCLUSION .................................................................................................. 13

i                                                           Case No. 2:17-cv-6848-DMG-PLA

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS 2D AM. COMPL.

# TABLE OF AUTHORITIES

**Cases**

*Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) ................................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 4, 8

*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091 (9th Cir. 2002) .............................. 5, 6, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 4, 8, 11

*Bennett v. Roberts*, 295 F.3d 687 (7th Cir. 2002) ...................................................... 9

*Bowden v. United States*, 106 F.3d 433 (D.C. Cir. 1997) .......................................... 4

*Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006) ..................... 12, 13

*Caponio v. Boilermakers Local 549*, No. 16-cv-3919, 2017 U.S. Dist. LEXIS 62879 (N.D. Cal. April 25, 2017) ...................................................................... 4

*Cmty. House, Inc., v. City of Boise*, 490 F.3d 1041 (9th Cir. 2006) ........................... 9

*Conron v. Novatec, Inc.*, No. RDB-08-45, 2008 U.S. Dist. LEXIS 47880 (D. Md. June 23, 2008) ............................................................................................... 5

*De la Cruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978) ................................................... 9

*De Los Santos v. Panda Express, Inc.*, C 10-1370, 2010 U.S. Dist. LEXIS 127788 (N.D. Cal. Dec. 3, 2010) ................................................................................ 7

*EEOC v. Borden's, Inc.*, 724 F.2d 1390 (9th Cir. 1984) ........................................... 10

*EEOC v. Dial Corp.*, 469 F.3d 735 (8th Cir. 2006) .................................................. 10

*EEOC v. Farmer Bros., Co.*, 31 F.3d 891 (9th Cir. 1994) ................................. 5, 6, 7

*EEOC v. Greyhound Lines,* 635 F.2d 188 (3d Cir. 1980) ......................................... 11

*Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492 (N.D. Cal. 2012) ........................ 10

*Erickson v. Pardus*, 551 U.S. 89 (2007) .................................................................... 4

*Fleck & Assocs. v. City of Phx.*, 471 F.3d 1100 (9th Cir. 2006) ......................... 12, 13

*Green v. L.A. Cnty. of Superintendent of Schs.*, 883 F.2d 1472 (9th Cir. 1989) ......... 5

*Hardie v. NCAA*, 876 F.3d 312 (9th Cir. 2017) .......................................................... 11

*Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354 (9th Cir. 1975) ................................................................................................................ 5, 7

*Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243 (D.C. Cir. 1999) .. 12

*Kraus v. Presidio Trust Facilities Div./ Residential Mgmt. Branch*, 572 F.3d 1039 (9th Cir. 2009) ............................................................................................................ 4

*Ky. Ret. Sys. v. EEOC*, 554 U.S. 135 (2008) ................................................................ 9

*Lewis v. City of Chi.*, 560 U.S. 205 (2010) .................................................................. 8

*Los Angeles Dept. of Water & Power* v. *Manhart*, 435 U.S. 702 (1978) .................... 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................ 12

*Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106 (2d Cir. 1992) ............................................................................................................................. 11

*Martinez v. Oakland Scavenger Co.*, 680 F. Supp. 1377 (N.D. Cal. 1987) ............... 10

*McNeil v. Greyhound Lines, Inc.*, 982 F. Supp. 2d 447 (E.D. Pa. 2013) ................... 11

*Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84 (2008) .................................... 11

*Miller v. Countrywide Bank, N.A.*, 571 F. Supp. 2d 251 (D. Mass. 2008) ................. 10

*Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2016 U.S. Dist. LEXIS 142737 (W.D. Wash. Oct. 14, 2016) ................................................................................. 10

*NAACP v. N. Hudson Reg'l Fire & Rescue*, 742 F. Supp. 2d 501 (D.N.J. 2010) ...... 11

*Nat'l Fair Hous. All. v. Fannie Mae*, 294 F. Supp. 3d 940 (N.D. Cal. 2018) ............ 10

*Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569 (9th Cir. 1973) ........................... 6

*Pa. Prison Soc'y v. Cortes*, 508 F.3d 156 (3d Cir. 2007) ........................................... 12

*Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) ....................................................... 7

*Pacle v. JPMorgan Chase Bank, N.A.*, No. C13-3379, 2013 U.S. Dist. LEXIS 134309 (N.D. Cal. Sept. 19, 2013) ......................................................................... 7

*Paige v. California*, 102 F.3d 1035 (9th. 1996) .......................................................... 5

*Rollins v. Traylor Bros.*, No. C14-1414, 2016 U.S. Dist. LEXIS 7294 (W.D. Wash. Jan. 21, 2016) ................................................................................................ 7

*Rush v. State Ark. DWS*, 876 F.3d 1123 (8th Cir. 2017) ................................ 4

*Schuler v. PricewaterhouseCoopers*, LLP, 421 F. App'x 1 (D.C. Cir. 2011) .......... 11

*Smith v. City of Jackson,* 544 U.S. 228 (2005) ............................................. 11

*Sosa v. Hiraoka*, 920 F.2d 1451 (9th Cir. 1990) ........................................ 3, 5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ........................ 13

*Stewart v. U.S. Bancorp.*, 297 F.3d 953 (9th Cir. 2002) ............................... 12

*Tarhuni v. Sessions*, 692 F. App'x 477 (9th Cir. 2017) ............................... 12

*Stockwell v. City & Cty. of S.F.*, 749 F.3d 1107 (9th Cir. 2014) ................... 11

*Univ. of Pittsburgh v. Varian Med. Sys.*, 569 F.3d 1328 (Fed. Cir. 2009) ........ 12

*Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243 (S.D.N.Y. 2007) ................ 10

*Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977 (1988) ............................ 11

*Whisnant v. United States*, 400 F.3d 1177 (9th Cir. 2005) ............................ 3

*Williams v. Boeing Co.*, 225 F.R.D. 626 (W.D. Wash. 2005) ....................... 10

**Statutes**

42 U.S.C. § 1981 ......................................................................................... 1, 3

42 U.S.C. § 2000e ................................................................................... 1, 8, 9

**Rules**

Fed. R. Civ. P. 12 ............................................................................................ 4

Fed. R. Civ. P. 41 .......................................................................................... 12

Fed. R. Civ. P. 8 ............................................................................................ 10

**Treatises**

9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE (2d ed. 1995) ............................................................................................... 13

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE (3d ed. 2004) ..................................................................................................4

Charles R. Richey, Manual on Employment Discrimination (2018) .........................10

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS 2D AMENDED COMPLAINT

Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation's (collectively "Cognizant's") motion to dismiss (Dkt. #48) should be denied in its entirety because (A) Mr. Cox exhausted and states a disparate impact hiring claim by expressly alleging disparate impact and identifying a challenged practice in both his EEOC charge and the Second Amended Complaint, and (B) the Court cannot dismiss Ms. Palmer and Mr. Piroumian's claims for prospective relief with prejudice, as claims dismissed for lack of standing cannot be dismissed with prejudice.

## I.     BACKGROUND

### A.     Relevant Facts[1]

*Summary.* As alleged in the Second Amended Complaint ("SAC"), Cognizant operates a company-wide discriminatory scheme throughout its U.S. operations, favoring South Asians and Indians, and disfavoring non-South Asians and non-Indians in hiring, promotion, and termination decisions, in violation of the 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e, *et seq.* SAC ¶¶ 1-2 (Dkt. #45).

*Cognizant's Business Model and Staffing System.* Cognizant contracts with U.S. companies to provide IT-related services. *Id.* ¶ 15. Once it secures a contract, it hires individuals to staff positions at the client site. *Id.* The company draws from two sources to staff these positions—existing employees or new hires—both of whom must apply and interview to be selected. *Id.* While the company employs about 40,000 individuals in the U.S., through its hiring and staffing practices, it has achieved a workforce that is at least 75% South Asian and Indian, despite these groups making up only about 1-2% of the U.S. population and about 12% of the U.S. IT industry. *Id.* ¶¶ 14, 24.

---

[1] Because the Court is already familiar with the full factual background of this case, *see* Order at 2-3 (Sept. 24, 2018) (Dkt. #42), Plaintiffs reiterate only those facts relevant to the present disputes.

Cognizant has achieved its disproportionate workforce through a four-pronged discriminatory scheme. *See generally id.* ¶¶ 16-23. While Plaintiffs allege that this scheme is intentional, the company utilizes several employment practices that result in a disparate impact on non-South Asian and non-Indian employees and applicants. *Id.* ¶ 24. Only one of these practices is relevant to the present dispute—Cognizant's practice of applying for visas for individuals who then staff U.S. positions. Each year, Cognizant applies for tens of thousands of visas for its employees. *See id.* ¶ 17. While visas are open to individuals from all nations, the vast majority of the visas Cognizant applies for are on behalf of South Asian individuals from India. *See id.* ¶¶ 17, 20. These individuals must then apply and interview for open positions in the U.S., and thus compete with both applicants and existing employees in the U.S. for these positions. *Id.* ¶¶ 15, 20. Cognizant's visa practices result in a disparate impact on non-South Asian and non-Indian applicants and employees. *Id.* ¶ 24.

*Plaintiff Cox.* Mr. Cox worked for Cognizant from January 2014 to April 2017 as an Infrastructure Engagement Manager / Program Manager. *Id.* ¶¶ 50, 56. In January 2017, Mr. Cox was removed from his project and placed in a non-productive status known as being on the bench. *Id.* ¶ 55. Despite interviewing for multiple open roles within Cognizant that he was well-qualified for, Mr. Cox was not selected for a single position. *Id.* On April 3, 2017, Cognizant terminated Mr. Cox's employment. *Id.* ¶ 56.

Following his termination, in November 2017, Mr. Cox was contacted by a former Cognizant colleague, Dave Stark, who asked Mr. Cox if he was interested in a new position with Cognizant on Mr. Stark's team. *Id.* ¶ 57. Mr. Cox was interested, and, in December, interviewed with two senior members of Mr. Stark's team. *Id.* Both agreed that Mr. Cox was qualified for the position and informed him that they were looking forward to having him join the team. *Id.* However, shortly thereafter, Cognizant stopped responding to Mr. Cox's inquiries regarding the position, and Cognizant never hired him. *Id.* ¶ 59.

B.  **Procedural History**

Plaintiffs filed suit on September 18, 2017, alleging discrimination in violation of 42 U.S.C. § 1981. Compl. (Dkt. #1). Cognizant then moved to dismiss (Dkt. #16), which was denied as moot (Dkt. #33) when Plaintiffs amended the complaint (adding Title VII counts) (Dkt. #30) on January 11, 2018.

In response, Cognizant moved to dismiss a second time (Dkt. #34) which the Court largely denied by an in-chambers Order dated September 24, 2018 (Dkt. #42). The Court dismissed Plaintiffs' disparate impact claim with respect to Cognizant's reliance on the visa program but granted leave to amend. *Id.* at 8, 11. The Court also dismissed Ms. Palmer and Mr. Piroumian's claims for prospective relief without prejudice. *Id.* at 11.

On August 7, 2018, Mr. Cox filed an EEOC charge related to Cognizant's discriminatory failure to hire him. *See* Cox EEOC Charge (Dkt. #45-1). The charge asserts both disparate impact and disparate treatment claims and it expressly incorporates the First Amended Complaint ("FAC"). *Id.* at EEOC Charge Attachment ¶¶ 4, 12-15 & Ex. A (FAC). Mr. Cox received his notice of right to sue from the EEOC on November 2, 2018. *See* SAC ¶ 6; Joint Stip. ¶ 3 (Dkt. #43).

On November 14, 2018, Plaintiffs filed the Second Amended Complaint. The SAC adds allegations related to Cognizant's discriminatory failure to hire Mr. Cox, and adds Mr. Cox to Plaintiffs' Title VII counts, but is otherwise the same as the FAC. *See* SAC ¶¶ 6, 57-59, 75-83.

## II.   LEGAL STANDARD

A.  **Federal Rule of Civil Procedure 12(b)(1)**

When resolving a facial attack, a court "take[s] the allegations in the plaintiff's complaint as true." *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). "Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). However, failure to exhaust is an affirmative defense that a defendant has the

burden of raising and proving. *Kraus v. Presidio Trust Facilities Div./ Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) ("Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading and proving it.'") (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)) (modification in original). "[A] complaint cannot be dismissed on that basis unless the failure to exhaust administrative remedies is clear from the face of the complaint." *Caponio v. Boilermakers Local 549*, No. 16-cv-3919, 2017 U.S. Dist. LEXIS 62879, at *9 (N.D. Cal. April 25, 2017); *see also Rush v. State Ark. DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

At the motion to dismiss stage, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its allegations are taken as true, and (3) all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader." 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 & n.11 (3d ed. 2004) (collecting cases).

## III. ARGUMENT

Cognizant's motion should be denied because: (A) Mr. Cox exhausted and states a disparate impact hiring claim, and (B) dismissal of Ms. Palmer and Mr. Piroumian's claims for prospective relief cannot be dismissed with prejudice.

### A. The Court Should Deny Cognizant's Motion to Dismiss Mr. Cox's Disparate-Impact Failure-to-Hire Claim.

Mr. Cox administratively exhausted his disparate impact hiring claim and adequately pleads a claim for relief.

#### 1. Plaintiff Cox Exhausted His Disparate Impact Hiring Claim.

Plaintiff Cox put the EEOC on notice that his disparate impact hiring claim encompassed Cognizant's visa practices by expressly alleging so in his charge. EEOC charges are construed "'with utmost liberality.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975)). "Subject matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *Id.* (quoting *EEOC v. Farmer Bros., Co.*, 31 F.3d 891, 899 (9th Cir. 1994)); *Farmer Bros.*, 31 F.3d at 899 n.5 (compiling cases); *Sosa*, 920 F.2d at 1456 (jurisdiction includes "the scope of an 'EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'") (quoting *Green v. L.A. Cnty. of Superintendent of Schs.*, 883 F.2d 1472, 1476 (9th Cir. 1989)).[2] Indeed, a plaintiff may advance claims entirely omitted from a charge if "'the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" *B.K.B.*, 276 F.3d at 1100 (quoting *Green*, 883 F.2d at 1475-76); *accord Paige v. California*, 102 F.3d 1035, 1042 (9th. 1996); *see also Conron v. Novatec, Inc.*, No. RDB-08-45, 2008 U.S. Dist. LEXIS 47880, at *9 (D. Md. June 23, 2008)

---

[2] Note that "whether the EEOC in fact conducted *any* investigation at all is not material for purposes of exhaustion." *B.K.B.*, 276 F.3d at 1099-100.

("In light of the liberal construction afforded EEOC complaints, Plaintiff's charge of discrimination adequately encompasses a disparate impact claim" in addition to disparate treatment where plaintiff alleged that defendant's "new ownership became aware of his *and other* employees' . . . ages" and that they "have been discharged as a result").

Here, Mr. Cox's charge, which incorporates by reference the entire FAC, expressly, and extensively, discusses Cognizant's utilization of the visa system, and alleges that these practices result in a disparate impact. For instance, Mr. Cox's charge attachment discusses Cognizant's reliance on workers for whom Cognizant secured a visa to staff U.S. positions. Cox EEOC Charge Attachment ¶ 4 (Dkt. #45-1). This practice "ha[d] a disparate impact on non-South Asian and non-Indian applicants." *Id.* ¶ 13. The incorporated FAC, *see id.* ¶ 16 & Ex. A (FAC), then extensively discusses Cognizant's employment practice of securing thousands of visas yearly to staff projects in the United States. FAC ¶¶ 16-20 (Dkt. #45-1). The FAC goes on to allege that this practice "results in a disparate impact on non-South Asian and non-Indian individuals." *Id.* ¶ 24.

Given that Mr. Cox's charge expressly alleges that Cognizant's visa practices have a disparate impact on non-South Asian and non-Indian applicants, there is no reasonable argument that he failed to exhaust this claim. *See Farmer Bros.*, 31 F.3d at 899 & n.5 (claim exhausted because plaintiff "included her claim of discriminatory layoff in her charge with the EEOC" and even if not explicitly raised, it was "'like or reasonably related'" to her other allegations) (quoting *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)); *cf.* Order at 7 (Sept. 24, 2018) (Dkt. #42) (finding lack of exhaustion where "none of the EEOC charges complain of Cognizant's participation in the visa program").[3] In fact, given that Mr. Cox's charge

---

[3] *see also B.K.B.*, 276 F.3d at 1100 (holding that even a claim not alleged in an EEOC charge may be pursued if the new claim "'*can reasonably be expected* to grow out of the charge of discrimination'") (quoting *Farmer Bros.*, 31 F.3d at 899); *Rollins*

incorporates the FAC, which contains the same disparate impact allegations as the SAC, it is difficult to conceive how he could not have exhausted his disparate impact claim. As the Ninth Circuit explained in *B.K.B.*, a "plaintiff is permitted to assert in her civil complaint any claims reasonably related to her original theory of the case as it is made manifest [through] the factual allegations of her charge." 276 F.3d at 1102; *accord Farmer Bros.*, 31 F.3d at 899.

Nevertheless, Cognizant argues that Mr. Cox failed to exhaust his hiring claim to the extent it is premised on Cognizant's use of the visa system because "he does not allege that the visa practice is facially neutral," and rather alleges "that Cognizant *intentionally* prefers South Asians." Defs.' MTD at 6-7 (Dkt. #48). But, as discussed further below, this premise improperly conflates facial neutrality with intentionally. More fundamentally, Cognizant misstates the standard for exhaustion. EEOC charges are construed "'with utmost liberality'" and the relevant inquiry is whether the EEOC could reasonably have been expected to investigate the challenged practice. *B.K.B.*, 276 F.3d 1100 (quoting *Kaplan*, 525 F.2d at 1359). Here, Mr. Cox's charge identified a challenged practice and alleged that it resulted in a disparate impact—nothing more is required. The cases Cognizant relies on are all inapposite, as in each, the plaintiffs' charges alleged only disparate treatment, did not explicitly allege disparate impact, and failed to identify any challenged policies or practices.[4] That is not the case here.

---

*v. Traylor Bros.*, No. C14-1414, 2016 U.S. Dist. LEXIS 7294, at *44-45 (W.D. Wash. Jan. 21, 2016) (permitting plaintiffs to pursue disparate impact claim despite only alleging disparate treatment before EEOC, as "an investigation into the[ir] claims could be expected to consider Defendants' employment policies," such as policies on "job assignment, discipline, and termination policies").

[4] *See Pacheco v. Mineta*, 448 F.3d 783, 791-92 (5th Cir. 2006); *De Los Santos v. Panda Express, Inc.*, C 10-1370, 2010 U.S. Dist. LEXIS 127788, at *14-16 (N.D. Cal. Dec. 3, 2010); *Pacle v. JPMorgan Chase Bank, N.A.*, No. C13-3379, 2013 U.S. Dist. LEXIS 134309, at *1-3, 6-7 (N.D. Cal. Sept. 19, 2013).

### 2. Mr. Cox Successfully States a Claim for Disparate Impact in Hiring.

Mr. Cox alleges that Cognizant's visa application practices cause a disparate impact on non-South Asian and non-Indian applicants to the company. A disparate impact claim has three elements: "an employer [1] 'uses' [2] an 'employment practice' [3] that 'causes a disparate impact' on [the basis of race or national origin]." *Lewis v. City of Chi.*, 560 U.S. 205, 213 (2010) (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i) and holding that § 2000e-2(k)(1)(A)(i) sets forth the elements of a disparate impact claim).

Plaintiff adequately alleges these three elements. The SAC alleges that Cognizant applies for and secures visas for individuals who then staff U.S. positions. *See* SAC ¶¶ 17-19. This practice has a significantly disparate impact on non-South-Asian applicants and employees seeking those positions, and contributes to Cognizant's highly disproportionate South Asian and Indian workforce. *Id.* ¶ 24 (noting that at least 75% of Cognizant's U.S. workforce is South Asian while South Asians make up only 1-2% of the U.S. population and about 12% of the U.S. IT industry). Mr. Cox was a victim of this employment practice when applying for a position, as he was not hired. *See id.* ¶¶ 57-59. These allegations sufficiently allege that Cognizant uses a visa-application practice that causes a disparate impact on non-South Asian and non-Indian applicants. These allegations, which must be credited, "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Despite this, Cognizant argues that Mr. Cox either failed to plead a "facially neutral" employment practice or a "causal connection" between the practice and disparate impact. *See* Defs.' MTD. at 8-12. Cognizant is mistaken.

#### (a) Facially Neutral Employment Practice

Cognizant argues that Mr. Cox cannot challenge Cognizant's visa application practices as being a "facially neutral" policy that violates Title VII under a disparate impact theory because Mr. Cox alleges that the visa application practices also

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS 2D AM. COMPL.

constitute intentional discrimination. *See id.* at 8-11. Cognizant's argument fails for three reasons.

First, facial neutrality is not an element of a disparate impact claim. *See Adams v. City of Indianapolis*, 742 F.3d 720, 732 (7th Cir. 2014) (quoting *Bennett v. Roberts*, 295 F.3d 687, 698 (7th Cir. 2002)) ("'A disparate impact claim exists when an employer has adopted a particular employment practice that, although *neutral on its face*, disproportionally and negatively impacts members of one of Title VII's protected classes.' Nothing in this statement limits disparate-impact claims to facially neutral policies. Rather, [it] simply explains that facial neutrality is not a defense in a disparate-impact claim.") (emphasis in original); *Lewis*, 560 U.S. at 213 (holding that elements are "an employer 'uses' an 'employment practice' that 'causes a disparate impact' on one of the enumerated bases") (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)))).

Second, even if facial neutrality was required—which it is not—Cognizant's visa practices are "facially neutral" and not facially discriminatory. A facially discriminatory practice "requires adverse treatment of employees" of a particular race or national origin. *Ky. Ret. Sys. v. EEOC*, 554 U.S. 135, 155 (2008).[5] As alleged, Cognizant's visa practices do not, on their face, require adverse treatment of employees of a certain race or national origin. Accordingly, even if it *were* required, the practices are facially neutral.

---

[5] *See also Cmty. House, Inc., v. City of Boise*, 490 F.3d 1041, 1048 (9th Cir. 2006) (holding "[a] facially discriminatory policy is one which on its face applies less favorably to a protected group" and that an expressly men-only policy facially discriminates); *Cmty. House, Inc., v. City of Boise*, 490 F.3d 1041, 1048 (9th Cir. 2006) (holding that expressly men-only policy facially discriminates); *L.A. Dept. of Water & Power* v. *Manhart*, 435 U.S. 702, 711-15 (1978) (holding that a policy requiring all female employees to make larger pension contributions to account for longer life expectancy facially discriminates); *De la Cruz v. Tormey*, 582 F.2d 45, 49 (9th Cir. 1978) (holding that to be facially discriminatory, a policy or practice must "explicitly classif[y] or distinguish[] among persons by reference to criteria . . . which have been determined improper bases for differentiation").

Third, courts regularly permit plaintiffs to challenge a practice under both disparate treatment and disparate impact theories of discrimination. *See, e.g.*, *EEOC v. Borden's, Inc.*, 724 F.2d 1390, 1397 (9th Cir. 1984) ("Borden's severance pay policy discriminates against workers over 55, under either the disparate impact or disparate treatment theory.").[6] This makes sense, as a practice can be both facially neutral and motivated by discriminatory animus. *See* Order at 8 (Dkt. #42) ("Although these claims are conceptually different, they can overlap.") (citing 1 Charles R. Richey, Manual on Employment Discrimination at § 1:34 (2018)). Moreover, Rule 8 permits a party to plead in the alternative and state "as many separate claims … as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2), (3).

### (b) Causal Connection

Cognizant's argument that Mr. Cox failed to allege causation is equally groundless. At this stage, factual allegations giving rise to a "fair inference of causation" suffice. *Nat'l Fair Hous. All. v. Fannie Mae*, 294 F. Supp. 3d 940, 948 (N.D. Cal. 2018) ("It seems clear that Plaintiff's complaint gives rise to a fair inference of causation; the question of proof will become an issue at later stages in the proceedings.'") (quoting *Miller v. Countrywide Bank, N.A.*, 571 F. Supp. 2d 251, 259 (D. Mass. 2008)); *see also Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2016 U.S. Dist. LEXIS 142737, at *13-18 (W.D. Wash. Oct. 14, 2016) (using "common

---

[6] *See also Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 496, 545-46 (N.D. Cal. 2012) (certifying class challenging company's practices under both pattern and practice and disparate impact frameworks, and adopting trial plan to hear both claims together); *Williams v. Boeing Co.*, 225 F.R.D. 626, 629, 640 (W.D. Wash. 2005) (same); *Martinez v. Oakland Scavenger Co.*, 680 F. Supp. 1377, 1391, 1393, 1396 (N.D. Cal. 1987) (finding defendant liable for disparate treatment and disparate impact for same practices); *EEOC v. Dial Corp.*, 469 F.3d 735, 741-42 (8th Cir. 2006) (affirming findings of disparate treatment and disparate impact liability for the same conduct); *Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243, 258, 271 (S.D.N.Y. 2007) (certifying class challenging company's practices under both pattern and practice and disparate impact frameworks).

sense" to conclude that "the characteristics of the performance review system described in the second amended complaint 'nudge' Plaintiffs' claims—particularly the disputed element of causation—'across the line from conceivable to plausible.'") (quoting *Twombly*, 550 U.S. at 570). Mr. Cox alleges that Cognizant's reliance on the visa system causes a disparate impact on non-South Asian applicants such as himself, and that he was not hired. *See* SAC ¶¶ 24, 57-59. Nothing more is required.

      *(c) Cognizant Misstates the Legal Standard*

Finally, Cognizant relies on cases imposing heightened "specific practice" and the "robust causation" requirements that are inapplicable to modern Title VII cases.[7] *See* 9th Cir. Model Jury Instructions 11.4, cmt. at 247 (2017 ed.) (June 2018 update) (explaining that because the Civil Rights Act of 1991 did not amend the ADEA, a heightened standard applies to those cases but not Title VII) (citing *Smith v. City of Jackson,* 544 U.S. 228, 240 (2005)); *see also Hardie v. NCAA*, 876 F.3d 312, 319 n.8 (9th Cir. 2017) ("The Civil Rights Act of 1991 . . . abrogated *Wards Cove* with respect to claims under Title VII, but the Supreme Court has continued to apply *Wards Cove* burden shifting to other antidiscrimination statutes.").

---

[7] *E.g.*, *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 100 (2008) (ADEA); *Stockwell v. City & Cty. of S.F.*, 749 F.3d 1107, 1114 (9th Cir. 2014) (ADEA); *AFL-CIO v. State of Wash.*, 770 F.2d 1401, 1405 (9th Cir. 1985) (pre-amendment); *Schuler v. PricewaterhouseCoopers*, LLP, 421 F. App'x 1, 2 (D.C. Cir. 2011) (ADEA); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 115 (2d Cir. 1992) (pre-amendment because the amendment was not made retroactively applicable to pending cases). Although *McNeil v. Greyhound Lines, Inc.*, is a 2013 Title VII disparate impact case, its discussion of causation relies on Title VII case law from the mid-1980's. *McNeil v. Greyhound Lines, Inc.*, 982 F. Supp. 2d 447, 451 (E.D. Pa. 2013) (citing and applying the pre-amendment "specific employment practice" requirement of *Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 994 (1988) and the causation requirement of *EEOC v. Greyhound Lines,* 635 F.2d 188, 193 (3d Cir. 1980)). This was clearly in error. *See, e.g.*, *NAACP v. N. Hudson Reg'l Fire & Rescue*, 742 F. Supp. 2d 501, 521 (D.N.J. 2010) (granting reconsideration after applying pre-1991 case law).

### B.     The Court Cannot Dismiss Plaintiffs Palmer and Piroumian's Claims for Prospective Relief With Prejudice.

Both Ms. Palmer and Mr. Piroumian expressed an interest in reapplying to Cognizant in the future. *See* Palmer Decl. ¶ 2 (Nov. 20, 2017) (Dkt. #36-2); Piroumian Decl. ¶ 2 (Nov. 21, 2017) (Dkt. #36-3). However, the Court found that they lacked standing to seek prospective relief, finding it "'merely speculative'" that injunctive or declaratory relief would redress their injuries. Order at 11 (Sept. 24, 2017) (Dkt. #42) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The Court dismissed Ms. Palmer and Mr. Piroumian's claims for prospective relief without prejudice under Rule 12(b)(1). *Id.*

Cognizant requests that the dismissal be with prejudice. Defs.' MTD at 13. But "dismissal for want of standing must be 'without prejudice.'" *Fleck & Assocs. v. City of Phx.*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-20 (10th Cir. 2006)); *Tarhuni v. Sessions*, 692 F. App'x 477, 477-78 (9th Cir. 2017) ("the district court erred when it dismissed Tarhuni's case for lack of jurisdiction and with prejudice, as opposed to without prejudice"); *Univ. of Pittsburgh v. Varian Med. Sys.*, 569 F.3d 1328, 1332-33 (Fed. Cir. 2009) ("the law universally disfavors dismissing an action with prejudice based on lack of standing").[8] Dismissing a claim "with prejudice" is synonymous with an "adjudication on the merits." *See Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002) (citation omitted); *see also* Fed. R. Civ. P. 41(b) (contrasting "dismissal without prejudice" to "adjudication on the merits"). But "if a court lacks jurisdiction it is powerless to reach

---

[8] *See also Pa. Prison Soc'y v. Cortes*, 508 F.3d 156, 158 (3d Cir. 2007) ("we . . . remand with directions to conduct further proceedings, as necessary, to determine whether any of the plaintiffs has standing and if not, to dismiss the complaint without prejudice."); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) (modifying a dismissal to be without prejudice because "dismissals for lack of jurisdiction are not decisions on the merits and therefore have *no res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction"); 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2373, at 406 (2d ed. 1995).

the merits." *Fleck*, 471 F.3d at 1106-07 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)); *Brereton*, 434 F.3d at 1217 ("once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim").

Accordingly, the Court cannot dismiss Ms. Palmer and Mr. Piroumian's claims for prospective relief with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Cognizant's motion to dismiss should be denied. To the extent the Court grants any aspect of Cognizant's motion, Plaintiffs request that dismissal be without prejudice.

| | | |
|---|---|---|
| 1 | Dated: January 18, 2019 | Respectfully submitted, |
| 2 | | By: /s/Michael von Klemperer |
| 3 | | Daniel Low, SBN 218387<br>Daniel Kotchen (*pro hac vice*) |
| 4 | | Michael von Klemperer (*pro hac vice*)<br>**KOTCHEN & LOW LLP** |
| 5 | | |
| 6 | | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served today on all counsel of record by electronic service through the Court's CM/ECF filing system.

Dated: January 18, 2019                                  /s/Michael von Klemperer