UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-6848-DMG (PLAx)** | Date | February 4, 2019 |
| Title | *Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE JOINT REQUEST FOR CLARIFICATION [52]**

On January 31, 2019, the parties filed the instant Joint Request, which seeks a ruling clarifying whether the November 22, 2017 Order prevents Plaintiffs from conducting discovery. [Doc. # 52.]

The Court directs the parties' attention to the Initial Standing Order, which provides as follows:

> Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, **it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference**. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

[Doc. # 8 at 3.]

Thus, as the hortatory language of the Court's Initial Standing Order suggests, nothing prevents the parties from engaging in discovery if they can *mutually agree* to do so—indeed, the parties are encouraged to commence discovery if there are areas of inquiry not likely to be affected by any pending motions.

Nonetheless, Defendants note that the scope of permissible discovery is unclear because the Court has not ruled on their Motion to Dismiss the SAC and Defendants have not yet filed an Answer. *See* Jt. Req. at 7–9 [Doc. # 52]; *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense . . . .*"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (PLAx)** | Date | February 4, 2019 |
|---|---|---|---|
| Title | ***Christy Palmer, et al., v. Cognizant Technology Solutions Corporation, et al.*** | Page | 2 of 2 |

(emphasis added)).  Although Plaintiffs insist that certain of their requests for production ("RFPs") pertain to intentional discrimination claims that are unaffected by Defendants' Motion to Dismiss, *see id.* at 6–7, Defendants point out that "it is unclear precisely which portions of these RFPs will remain relevant[] or which RFPs are properly subject to objection by [Defendants][,]" *see id.* at 9.  Thus, permitting discovery at this juncture may lead to premature and needless disputes regarding Defendants' discovery responses—as already appears to have occurred.  Further, although Plaintiffs apparently offer to allow Defendants to defer responding to an RFP regarding their forthcoming Answer, *see id.* at 6–7, Plaintiffs have not made that offer in connection with other RFPs that relate to claims that may be affected by Defendants' pending Motion to Dismiss.

In light of the foregoing, the Court **GRANTS** the parties' Joint Request and provides the parties with the following clarification:  if the parties can *mutually* agree to engage in certain aspects of the discovery process, such as initial disclosures, they may do so.  If there are disputes as to what discovery would be affected by the pending Motion to Dismiss, then obviously there is no mutual agreement and discovery as to those topics may not proceed prior to the Scheduling Conference.

**IT IS SO ORDERED.**