GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. SBN 132099
   tboutrous@gibsondunn.com
KATHERINE V.A. SMITH, SBN 247866
   ksmith@gibsondunn.com
LAUREN M. BLAS, SBN 296823
   lblas@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

MICHELE L. MARYOTT, SBN 191993
   mmaryott@gibsondunn.com
ELIZABETH A. DOOLEY, SBN 292358
   edooley@gibsondunn.com
MATTHEW T. SESSIONS, SBN 307098
   msessions@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants

KOTCHEN & LOW LLP
DANIEL LOW, SBN 218387
   dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice*)
   dkotchen@kotchen.com
MICHAEL VON KLEMPERER (*pro hac vice*)
   mvk@kotchen.com
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: 202.471.1995
Facsimile: 202.280.1128

YADEGAR, MINOOFAR & SOLEYMANI LLP
NAVID SOLEYMANI, SBN 219190
   soleymani@ymsllp.com
NAVID YADEGAR, SBN 205315
   navid@ymsllp.com
1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Telephone: 310.499.0140
Fax: 888.667.9576

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, and EDWARD COX, <br><br> Plaintiffs, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, <br><br> Defendants. | CASE NO. 17-CV-6848 DMG (PLAx) <br><br> **STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER** <br><br> Hon. Dolly M. Gee <br><br> Complaint Served: September 19, 2017 <br><br> Trial Date: Not set |

1.   <u>GENERAL</u>

1.1   <u>Purpose and Limitations</u>:  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Christy Palmer, Vartan Piroumian, and Edward Cox ("Plaintiffs") and Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Defendants" or "Cognizant") (collectively the "Parties"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.2   <u>Good Cause Statement</u>:  This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally

1

unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   <u>Action:</u>  this pending federal lawsuit, case No. 17-CV-6848 DMG (PLAx).

2.2   <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4   <u>Counsel:</u>  Party and Non-Party Outside Counsel and House Counsel (as well as their support staff).

2.5   <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.5   <u>Disclosure or Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    Highly Confidential –Attorneys' Eyes Only Information or Items: highly sensitive information (regardless of how it is generated, stored or maintained) or tangible things that the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"), (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; as well as individual personnel information, the disclosure of which would violate other employee's right to privacy.

2.8    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action or are affiliated with a law firm that has appeared on behalf of that party.

3

2.11   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Protected Material will no longer be protected and governed by this Order if publicly disclosed by the designating Party, or if, through proper and appropriate means, placed in the public record by any third party.

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Should this case proceed to trial, the Parties shall meet and confer on the most efficient process for determining what Protected Material should remain so designated through trial, and what information may be publicly disclosed during trial.

4

Even after final disposition of this litigation, the confidentiality obligations imposed on Protected Material by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

5

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party may designate any other Party's or Non-Party's documents or materials that qualify for protection under Federal Rule of Civil Procedure 26(d) as Protected Materials by providing written notice to all Parties identifying such materials within (30) days of production by the Producing Party or Non-Party.

STIPULATED PROTECTIVE ORDER
Case No. 17-CV-6848 DMG (PLAx)

Within (14) days of such written notice, the Party designating the material will provide counsel for the Parties with new copies of such material bearing the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" designation.

(b)  for testimony given in deposition, that: (1) all such transcripts not already designated as CONFIDENTIAL on the record will be treated as presumptively CONFIDENTIAL for the first thirty days after the receipt of the transcript; (2) within thirty (30) days of receipt of the deposition transcript, the Party serves to all Parties of record and the court reporter a notice of designation of those portions of the deposition designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.* Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3   <u>Burden:</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

disclose the information for this Action;

(b)  the Receiving Party if the Receiving Party is a natural person; if the Receiving Party is not a natural person, then the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) the Receiving Party's House Counsel;

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the Court and its personnel;

(f)  court reporters and their staff;

(g)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)  during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have agreed on the record to maintain the confidentiality of the Protected Material, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3  Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"
only to the individuals described in Paragraph 7.2 subsections (a), (c)-(j).

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that
compels disclosure of any information or items designated in this action as
"CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
ONLY" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall
include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue
in the other litigation that some or all of the material covered by the subpoena or
order is subject to this Protective Order. Such notification shall include a copy of
this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by
the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the
subpoena or court order shall not produce any information designated in this
action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'
EYES ONLY" before a determination by the court from which the subpoena or
order issued, unless the Party has obtained the Designating Party's permission.
The Designating Party shall bear the burden and expense of seeking protection in
that court of its confidential material – and nothing in these provisions should be
construed as authorizing or encouraging a Receiving Party in this Action to
disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED
IN THIS LITIGATION</u>

The terms of this Order are applicable to information produced by a Non-Party in

10

this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

11

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree to the following procedure in the event of the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection.

(a) Any party that becomes aware of the production or disclosure of privileged information shall notify all other Parties in writing within 10 days of discovering the inadvertent production or disclosure.  The notification shall "describe the nature of the documents, communications, or tangible things . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. 26(b)(5)(A);

(b) The Parties receiving such notice shall promptly return, sequester or destroy the privileged information, as well as take reasonable steps to retrieve the information if the party disclosed it before notification, and confirm in writing that they have done so within 5 business days of receiving notification; and if the asserted privilege is disputed, contemporaneously

12

provide notice of that dispute;

(c) If any party disputes the assertion of privilege, the Parties must meet and confer within 5 business days of receiving notice of this dispute;

(d) If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an *in camera* review of the disclosed Privileged Material.

(e) While any dispute remains unresolved, all Parties agree not to use the potentially privileged information absent court order; and

(f) The Parties agree to otherwise abide by the provisions of FRCP 26(b)(5)(B) and FRE 502. The Parties may also stipulate to change any of the deadlines set forth above without approval of the Court.

(g) These provisions are not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, including the exhaustion of all appeals, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, motion, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1

**IT IS SO STIPULATED**, **THROUGH COUNSEL OF RECORD.**

2    DATED:  September 23, 2019        GIBSON, DUNN & CRUTCHER LLP

3

4
                                     By: /s/ Michele L. Maryottt
5                                          Michele L. Maryott

6                                    Attorney for Defendants

7

8

9                                                                    —

10

11   DATED:  September 23, 2019        KOTCHEN & LOW LLP

12

13
                                     By: /s/ Daniel Low
14                                         Daniel Low

15                                   Attorney for Plaintiffs

16

17

18

19        **ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)**

20        Pursuant to Civil L. R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing

21   of this document has been obtained from each of the signatories above.

22

23   DATED:  September 23, 2019        KOTCHEN & LOW LLP

24

25
                                     By: /s/ Daniel Low
26                                         Daniel Low

27                                   Attorney for Plaintiffs

28                                                                   —

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare

5    under penalty of perjury that I have read in its entirety and understand the Stipulated

6    Protective Order that was issued by the United States District Court for the Central

7    District of California in the case of *Palmer, et al. v. Cognizant Technology Solutions*

8    *Corporation, et al.*, 2:17-cv-06848-DMG-PLA.  I agree to comply with and to be

9    bound by all the terms of this Stipulated Protective Order and I understand and

10   acknowledge that failure to so comply could expose me to sanctions and punishment in

11   the nature of contempt.  I solemnly promise that I will not disclose in any manner any

12   information or item that is subject to this Stipulated Protective Order to any person or

13   entity except in strict compliance with the provisions of this Protective Order.  I further

14   agree to submit to the jurisdiction of the United States District Court for the Central

15   District of California for the purpose of enforcing the terms of this Stipulated

16   Protective Order, even if such enforcement proceedings occur after termination of this

17   action.

18

19   Date: _____

20   City and State where sworn and signed: _____

21

22   Printed name: _____

23   Signature:_____

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 17-CV-6848 DMG (PLAx)