Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, and EDWARD COX,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-6848 DMG (PLAx)<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>**KOTCHEN DECLARATION IN SUPPORT OF JOINT STIPULATION REGARDING DISCOVERY DISPUTES**<br><br>Complaint Filed: September 17, 2018 |

KOTCHEN DECL. IN SUPPORT OF JOINT STIP. RE DISCOVERY DISPUTES
Case No. 17-CV-6848 DMG (PLAx)

Daniel Kotchen deposes and states as follows:

1. I am an attorney licensed to practice law in the District of Columbia and the State of Wisconsin. I am a partner with Kotchen & Low LLP, and represent the Plaintiffs in the above-captioned matter. I am over the age of eighteen and have personal knowledge of the matters stated herein.

2. Following the parties' Rule 26(f) conference, Plaintiffs issued their first sets of discovery requests to Cognizant on January 14, 2019. Plaintiffs' First Set of Document Requests included the following instructions and requests:

> Unless otherwise noted, the relevant time period of these document requests is January 1, 2013 through the present (the "relevant time period")
>
> Request No. 6: Documents and ESI relating to complaints or grievances lodged by, or communications by, applicants and/or current or former employees of Cognizant in the U.S. concerning discrimination, including the complaints, grievances, or communications themselves, as well as any materials created during any subsequent internal investigation stemming therefrom, and any materials filed in any subsequent agency action, litigation, arbitration, or mediation.
>
> Request No. 7: Documents and ESI relating to any federal or state government investigation or inquiry concerning Cognizant's visas practices, Cognizant's hiring practices for positions located in the United States, Cognizant's employment practices in the United States, and/or discrimination, including, but not limited to documents provided to or received from the government, documents reflecting testimony, correspondence regarding the investigation or inquiry, and fines paid to or settlement with the government.
>
> Request No. 14: For employees located in the U.S. between 2013 and the present, produce all performance reviews, performance improvement plans, appraisal scores, and any objections or complaints by employees regarding performance, performance improvement plans, appraisal scores, promotions, or terminations.

3. Cognizant served its Responses to Plaintiffs' First Set of Document Requests eight months later (on August 30), which included the following responses to Request Nos. 6 and 7:

RESPONSE TO REQUEST NO. 6: Defendants incorporate their preliminary statement and general objections as if fully set forth in response to this Request. Defendants further object to this Request matter on the grounds that it is overbroad and to the extent that it seeks information that is not relevant to the subject matter of this litigation or seeks information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Cognizant in having to search for and provide such information. Defendants further object to this Request on the ground that it seeks information in which individuals have a legitimate expectation or right of privacy or confidentiality under California or federal law, and any other constitutional, statutory, or common law right of privacy. Defendants further object to this Request on the ground that it calls for information that is confidential. Defendants further object to this Request on the ground that it contains no time limitation and therefore seeks information outside of the statute of limitations period. Defendants object to this Request on the grounds that it is overbroad insofar as it seeks information relating to complaints made in connection with any decision-makers and is not limited to the decision-makers relevant to the Named Plaintiffs' claims. Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine or by confidentiality provisions with third parties. Defendants object to this Request on the ground that it is vague and ambiguous in its use of the undefined terms "complaints," "grievances," "lodged," "materials," and "filed." Defendants object to the term "discrimination" as vague and ambiguous and overbroad to the extent it is not limited to race and national origin and thus outside the scope of the claims alleged in this case.

Subject to and without waiver of any of the foregoing general and specific objections, Defendants respond as follows: Defendants will meet and confer with Plaintiffs regarding the nature and scope of information they are willing to produce in response to this Request.

RESPONSE TO REQUEST NO. 7: Defendants incorporate their preliminary statement and general objections as if fully set forth in response to this Request. Defendants further object to this Request to the extent that it overbroad, unduly burdensome, seeks information that is not relevant to the claim or defense of any party or seeks information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Cognizant in having to search for and provide such information. Defendants object to the term

"employment practices" as vague and ambiguous and overbroad to the extent it encompasses practices beyond those challenged in the Complaint. Defendants object to the term "discrimination" as vague and ambiguous and overbroad to the extent it is not limited to race and national origin and thus outside the scope of the allegations in this case. Defendants further object to this Request to the extent it calls for information that is proprietary, trade secret, or otherwise confidential. Defendants object to the Request to the extent it seeks information which is protected by the attorney-client privilege, attorney work product doctrine, and/or by confidentiality provisions with third parties. Defendants further object to this Request on the ground that it contains no time limitation and therefore seeks information outside of the statute of limitations period.

RESPONSE TO REQUEST NO. 14: Defendants incorporate their preliminary statement and general objections as if fully set forth in response to this Request. Defendants further object to this Request to the extent that it seeks information that is not relevant to the subject matter of this litigation or seeks information disproportionate to the needs of the case and of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Cognizant in having to search for and provide such information. Defendants further object to this Request on the ground that it seeks information in which individuals have a legitimate expectation or right of privacy or confidentiality under California or federal law, and any other constitutional, statutory, or common law right of privacy. Defendants further object to this Request on the ground that it calls for information that is proprietary, trade secret, or otherwise confidential. Defendants object to this Request on the ground that it is vague and ambiguous and overly broad in its use of the terms "objections" or "complaints."

Subject to and without waiver of any of the foregoing general and specific objections, Defendants respond as follows: Subject to entry of a suitable Protective Order, Defendants will produce non-privileged documents including the Named Plaintiffs' personnel files, the Named Plaintiffs' Year End Appraisals, internal correspondence regarding the Named Plaintiffs' performance, client bid histories for he Named Plaintiffs, and notes or other records from the supervisors of the Named Plaintiffs regarding their interactions with the Named Plaintiffs. To the extent that the aforementioned files can be located after a reasonably diligent search, they will be produced as they are maintained in the ordinary course of business and to the extent that they cover the applicable statute of limitations period.

4. On August 19, 2019, Plaintiffs issued a Rule 30(b)(6) deposition notice, which consisted of eight topics of inquiry. Topic 8 asked Cognizant to testify to the following subject matter:

> <u>Topic No. 8</u>: The existence, subject matter, and personnel involved in any other government investigation of Cognizant related to discrimination or its hiring, staffing, employment, or visa practices in the United States.

5. During an April 29, 2020, meet and confer Plaintiffs agreed to narrow Topic 8 by excluding age- and sex-discrimination investigations, so long as those investigations did not also concern race or national origin discrimination.

6. In its initial Response to the 30(b)(6) notice, Cognizant refused to produce a witness to testify on any of the 30(b)(6) deposition topics.

7. On October 11, 2019, Cognizant provided the following response to Topic 8 of Plaintiffs' 30(b)(6) deposition notice:

> To the best of Cognizant's knowledge, and as Cognizant understands this Topic, Cognizant is unaware of any pattern and practice investigation regarding the issues or claims raised in the instant action other than the EEOC investigation noted above.

8. On November 25, 2019, Cognizant amended its response to Topic 8 as follows:

> Cognizant incorporates by reference each and every objection asserted in its written objections to Topic No. 8. Subject to Cognizant's objections, to the best of Cognizant's knowledge, and as Cognizant best understands this question, Cognizant is not aware of any government investigations of hiring practices alleging that Cognizant discriminated in favor of South Asians from the relevant time period, other than the EEOC investigation previously disclosed.

9. Plaintiffs asked Cognizant on a November 19, 2019 meet and confer call if any investigations exist concerning discrimination involving Cognizant's use of contractors to staff projects, Cognizant's visa practices, or other discrimination-related

investigations (which Plaintiffs believe exist). Cognizant declined to state whether or not any such investigations exist and otherwise declined to certify that its response to Topic 8 is complete.

10. In the discovery it has produced to date, Cognizant has redacted information it deems as "private," such as names of employees, applicants, projects, and clients, as well as information it deems "non-responsive," such as portions of documents that Cognizant unilaterally deems unrelated to Plaintiffs' discovery requests. For example, in its production of applicant data to Plaintiffs, Cognizant redacted names of applicants, producing only applicant identification numbers. It also redacted the names of its own employees in other productions. Cognizant also redacted project names and client names from data and documents as well as information redacted as "non-responsive."

11. The employee and applicant names are necessary to identify which individuals are of South Asian race and Indian national origin, in order to conduct a statistical discrimination analysis. This requires a surname-matching analysis, in which Plaintiffs' expert will use statistically accepted methods to identify common Indian and South Asian surnames. The expert can then determine the percentage of Cognizant's applicants and hires who are of Indian national origin and South Asian race, which is central to determining whether Cognizant discriminates on the basis of national origin and race.

12. Based on information from third parties, Plaintiffs have gleaned the following information concerning the EEOC's investigation. The EEOC received complaints of discrimination from various Cognizant applicants and employees and it began investigating systemic discrimination at some time prior to March 2018. The EEOC has issued a Commissioner's Charge, charging the company with a pattern-or-practice of race and national origin discrimination against non-South Asian and non-Indian applicants and employees. In the course of its investigation, the EEOC analyzed employee and applicant data sets that Cognizant produced, which contained a variety of data, listed individuals by name, and provided their contact information. ▮▮▮▮▮

[REDACTED]

13. Cognizant produced its applicant and employee data, with employee names and contact information, to the EEOC. Cognizant also disclosed its employees' names in organizational charts provided to Plaintiffs during custodian negotiations.

14. Cognizant has not produced a privilege or redaction log.

15. On January 15, 2020, Cognizant provided to Plaintiffs a list of "issues" and "sub-issues" used to code complaints in its Convercent system and a list of "classifications" and "categories" used to code complaints in its Process Unity system. The Appendix to this declaration identifies the "issues," "sub-issues," "classifications," and "categories" contained in the Convercent and Process Unity systems; those that are highlighted in yellow are the coding fields Plaintiffs, on February 6, 2020, requested Cognizant use to search for complaints responsive to Request No. 6 to Plaintiffs' First Set of Document Requests. In all, Plaintiffs requested that complaints coded within 15 Convercent "issues" (and related "sub-issues") and 12 Process Unity "categories" (and related "classifications") be pulled and produced. Cognizant never disclosed how many complaints exist within each coding option. In a March 13 email, Cognizant outlined its proposal for searching for and producing complaints from the Convercent and Process Unity systems. It agreed to produce complaints tagged to the following two "issues" and three "sub-issues" for Convercent: (1) "Discrimination—race, color, citizenship, or national origin;" (2) "Harassment—race, age, gender, protected category harassment; and (3) Discrimination—other"), and to produce complaints which hit on the search terms "race" or "racial." For Process Unity, Cognizant's counsel reviewed the complaints contained in that system, and agreed to produce "[a]ny incidents that seemed to indicate harassment or discrimination based on race or national origin. . . [as well as] information concerning incidents that alleged discrimination or harassment generally, but did not

indicate anything further about the type of harassment or discrimination." It noted that counsel "undertook this approach to Process Unity," in part, as "the burden associated with reviewing the summaries was somewhat reduced given the smaller number of overall complaints." Email from E. Dooley to L. Grunert, *et al.* (Mar. 13, 2020). Cognizant produced a PDF of those incidents (just 15 in total) to Plaintiffs, but not the complaints themselves.

16. On December 13, 2019, Cognizant provided Plaintiffs with a list of the data fields it maintains, and on February 4, 2020, Cognizant provided a document identifying the meaning of common abbreviations used within the company. On February 24, Plaintiffs sent Cognizant a letter outlining the categories and fields of data they sought that are responsive to Plaintiffs' document requests.

17. On February 24, 2020, Plaintiffs provided Cognizant with a list of 33 proposed ESI custodians. These custodians were identified after Cognizant supplemented its response to Topic 2 of Plaintiffs' Rule 30(b)(6) notice on February 18, 2020, identifying the supervisor and direct reports of its department heads. On January 17, 2020, Cognizant identified 18 custodians whose files it wishes to search for documents to support its defenses. On April 6, 2020, the parties agreed upon a preliminary list of test custodians on which to run the proposed search terms, and Plaintiffs circulated their list of proposed search terms on April 9.

18. Pursuant to L.R. 37-2.1, attached hereto as Exhibit 1 is a true and correct copy of the Court's initial Schedule of Pretrial & Trial Dates (ECF No. 75-1). And attached hereto as Exhibit 2 is a true and correct copy of the Court's February 19, 2020 Order Approving Joint Stipulation to Extend Case Deadlines (ECF No. 79).

DATED: April 23, 2020                         By: /s/Daniel Kotchen
                                              Daniel Kotchen

# APPENDIX A

| CONVERCENT Issue Type | Sub-Issue Type Selections |
|---|---|
| **Abuse** | • ==Aggressiveness, Taunting, Undue Pressure==<br>• ==Emotional/Psychological Abuse==<br>• Fighting/Threats or Workplace Violence<br>• ==Power/Authority/Position Misuse==<br>• ==Threats of PIP, Reducing YEA Rating, Moving to Different Role== |
| **Abuse of Power, Authority or Control** | • ==Aggressiveness, Taunting, Undue Pressure==<br>• ==Emotional/Psychological Abuse==<br>• ==Favoritism==<br>• Fighting/Threats or Workplace Violence<br>• ==Power/Authority/Position Misuse==<br>• ==Threats of PIP, Reducing YEA Rating, Moving to Different Role== |
| **Academic Dishonesty** | *NONE* |
| **Accounting or Audit Related Concerns** | • Alleged Embezzlement<br>• Altering/Forging Financial Company Data<br>• Altered or Incorrect Audit Data<br>• Financial Fraud<br>• Potential Money Laundering |
| **AUP – Acceptable Use Violations** | • Access Card Misuse<br>• Data Loss (DLP)<br>• Inappropriate Website<br>• Other<br>• Password Sharing<br>• Personal Device Use<br>• PII or PHI Release<br>• Theft/Misuse Company Assets<br>• Unauthorized Software/Access |
| **Billing Practices** | • Alleged Incorrect Billing to Client<br>• Vendor Incorrectly Billing CTS<br>• Billing Practice Issues |
| **Bullying** | • ==Aggressiveness, Taunting, Undue Pressure==<br>• ==Hostile Work Environment==<br>• ==Other==<br>• ==Threats of Reducing YEA Rating, Moving to Different Role==<br>• ==Yelling, Intimidation, Inappropriate Communications== |

| | |
|---|---|
| **Code of Ethics Violation** | • Alcohol/Drug Abuse<br>• ==General Code Violation== |
| **Communication Issues** | *NONE* |
| **Compliance with Laws, Rules, Regulations** | • Alleged Antitrust Violation<br>• ==Potential Law Violation==<br>• Regulatory Issue<br>• ==Rules Non-Compliance==<br>• Trade Non-Compliance |
| **Conflict of Interest** | • Board Membership<br>• Competitor Relationship<br>• Corporate Opportunity<br>• Financial Investments/Interests<br>• Outside Employment<br>• Politically Exposed Person Relationship<br>• Relative/Personal Relationship with CTS Employee<br>• Vendor/Customer/Business Partner Relationship |
| **Corruption or Bribery** | • Gifts or Favors Viewed as Bribes<br>• Illicit Payments<br>• Kickbacks with Customer/Vendor/Business Partner<br>• Other Potential Corrupt/Bribery Practices |
| **Discrimination** | • Age<br>• Disability or Pregnancy<br>• Gender<br>• ==Other==<br>• ==Race, Color, Citizenship or National Origin==<br>• Religion<br>• ==Treated Differently in General== |
| **Disclosure or Misappropriation of Confidential Information** | • Client Data<br>• CTS Company Data<br>• PHI or PII Release<br>• Other |
| **Employee Relations** | • ==Administrative Leave Placement or Moved to Different Role==<br>• ==Disciplinary Actions, Performance Issues==<br>• ==Manager Relationship, Communication Issues==<br>• ==Other==<br>• ==Performance Review/YEA Rating, Promotions==<br>• ==Wrongful Termination== |

| | |
|---|---|
| **Expense Reporting** | - Fake Receipts/Expenses<br>- Improper Approval Process of Expenses<br>- Other T&E Policy Violation<br>- Personal/Inappropriate Use of Corporate Credit Card |
| **Falsifying Documents** | - Altered Hiring/Application Documents<br>- False/Altered Data on Company Documents<br>- False/Manipulated Reporting<br>- Forgery |
| **Fraud** | - Alleged Embezzlement<br>- Forgery<br>- Financial Fraud<br>- Other<br>- Potential Money Laundering<br>- Recruitment Fraud<br>- Visa/Immigration Fraud |
| **Gifts & Entertainment** | - GIVING Gifts Entertainment Travel<br>- RECEIVING Gifts Entertainment Travel<br>- Involving Government Official<br>- Other |
| **Harassment** | - Aggressiveness, Taunting, Undue Pressure<br>- Hostile Work Environment<br>- Other<br>- Race, Age, Gender, Protected Category Harassment<br>- Threats of Reducing YEA Rating, Moving to Different Role<br>- Yelling, Intimidation, Inappropriate Communications |
| **HIPAA Compliance** | *NONE* |
| **HR-Compliance Americas, Employee Relation Matters** | - Accommodation<br>- Attendance Issues, Unauthorized Leaves, Job Abandonment<br>- AUP<br>- Benefits Issues<br>- Discipline Issues, PIP<br>- General Inquiry<br>- Insubordination<br>- Leave of Absence<br>- Other<br>- Payroll Issue<br>- Performance Related Issues, Unsatisfactory Work<br>- Policy Interpretation<br>- Policy Review<br>- Relocation Issues<br>- Termination Review |

| | | |
|---|---|---|
| | | • YEA Rating, Performance Review Complaints |
| | **Immigration Concerns** | • Alleged Immigration Law Violation, Concern<br>• Green Card Promises<br>• Misuse or Expired Visa/Work Permits<br>• Potential Illegal Immigrants in Workforce<br>• Visa/Immigration Fraud, False Documentation |
| | **India-HR-Compliance MDPs, Employee Relation Matters** | • Accommodation<br>• Attendance Issues, Unauthorized Leaves, Job Abandonment<br>• AUP<br>• Benefits Issues<br>• Discipline Issues, PIP<br>• General Inquiry<br>• Insubordination<br>• Leave of Absence<br>• Other<br>• Payroll Issue<br>• Performance Related Issues, Unsatisfactory Work<br>• Policy Interpretation<br>• Policy Review<br>• Relocation Issues<br>• Termination Review<br>• YEA Rating, Performance Review Complaints |
| | **Information Security** | *NONE* |
| | **Intellectual Property** | • Client Data<br>• CTS Company Data<br>• Other |
| | **Other** | *NONE* |
| | **Payroll Fraud** | • Misreporting/Manipulation of Work Hours or Compensation<br>• TruTime Proxy Card Swipe |
| | **Policy Violation** | • Other Policy<br>• Social Media Policy |
| | **Protection & Proper Use of Company Assets (Misuse of Resources/Property)** | • Abusing Company Assets/Property<br>• Using Company Resources for Personal Business or Benefit<br>• Vandalism of Property |

| | |
|---|---|
| **Retaliation** | • Demotion or Blocked Advancement/Promotion<br>• Discipline Issued<br>• General Mistreatment<br>• Poor Performance Rating, YEA Review<br>• Removed Benefits<br>• Wrongful Termination |
| **Safety Concern** | • Disrepair Walkways/Areas or Maintenance Needed<br>• Poor Working Conditions, Equipment, Workplace<br>• Safety Hazard/Violation<br>• Weapons Possession in Workplace |
| **Sexual Harassment** | • Offensive or Sexual Comments/Gestures, Threats of Sexual Harm<br>• Physical Contact, Advances, or Sexual Assault<br>• Sexual Favors in Exchange for Positive Employment Changes<br>• Staring, Leering, or Stalking |
| **Securities Violation** | • Selling or Buying CTS Stock During Blackout<br>• Alleged Insider Trading<br>• Other Securities Violation |
| **Theft** | NONE |
| **Unfair Labor Practices** | NONE |
| **Unprofessional Behavior** | • Disrespect or Humiliation<br>• General Unprofessional Workplace Behavior<br>• Yelling or Cursing, Rude, Unprofessional Language |
| **Vendor Concerns** | NONE |

| PROCESS UNITY Classification | Category |
|---|---|
| IT SECURITY | Data loss |
| IT SECURITY | Data Leakage |
| IT SECURITY | Data Privacy |
| IT SECURITY | Password Sharing |
| IT SECURITY | Code of ethics |
| IT SECURITY | information security |
| IT SECURITY | Confidential document loss/leakage |
| Harassment & Misconduct | Mangerial Harassment |
| Harassment & Misconduct | Harassment |
| Harassment & Misconduct | Sexual Harassment |
| Harassment & Misconduct | Co-worker harassment |
| Harassment & Misconduct | Unethical behaviour |
| Harassment & Misconduct | Environmental Concern |
| Harassment & Misconduct | Discrimination of color, caste, creed, Religion, & Language |
| Harassment & Misconduct | Misconduct |
| Fraud | Falsification of documents |
| Fraud | Falsification of Expense Bills |
| Fraud | Falsification of Accounting Records |
| Fraud | Falsification of LTA & Travel expense |
| Fraud | Falsification of Medicals |
| Fraud | Financial Fraud |
| Fraud | Accounting or Finacial Irregularity |
| CODE OF ETHICS | Drugs and alcohol |
| CODE OF ETHICS | Conflict of Interest |
| CODE OF ETHICS | Behavior Issue - Process Lapse |
| CODE OF ETHICS | Safety Violations |
| CODE OF ETHICS | Safety Concerns |
| CODE OF ETHICS | Process Lapse |
| CORPORATE POLICY | Violation of Process Norms |
| CORPORATE POLICY | Visa/Immigration issues |
| OH&S | EHS |
| CONFIDENTIALITY | Confidential information Policy |
| CONFIDENTIALITY | Payroll |
| Legal Regularity | Bribery |
| Legal Regularity | Violation of insider trading Policy |
| Employment | General |
| Employment | Customer relations |
| CORPORATE POLICY | Communication |
| Criminal | General |