| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Daniel Low, SBN 218387<br>dlow@kotchen.com<br>Daniel Kotchen (*pro hac vice*)<br>dkotchen@kotchen.com<br>Lindsey Grunert (*pro hac vice*)<br>lgrunert@kotchen.com<br>**KOTCHEN & LOW LLP**<br>1745 Kalorama Road NW, Suite 101<br>Washington, DC 20009<br>Telephone: (202) 471-1995<br>Fax: (202) 280-1128 |
| 7 | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, and EDWARD COX,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-6848 DMG (PLAx)<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>**KOTCHEN DECLARATION IN SUPPORT OF JOINT STIPULATION REGARDING DISCOVERY DISPUTES**<br><br>Complaint Filed: September 17, 2018 |

Daniel Kotchen deposes and states as follows:

1. I am an attorney licensed to practice law in the District of Columbia and the State of Wisconsin. I am a partner with Kotchen & Low LLP, and represent the Plaintiffs in the above-captioned matter. I am over the age of eighteen and have personal knowledge of the matters stated herein.

2. On August 17, Cognizant produced 145 documents concerning the EEOC investigation, including: (1) a Commissioner's Charge dated September 30, 2015; (2) a variety of mundane scheduling emails between Cognizant's attorneys and the EEOC investigator; (3) document-production cover letters; (4) a Request for Information, posing questions regarding Cognizant's hiring practices; (5) Cognizant's position statement denying any liability; and (6) Cognizant's workforce. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The most recent document in the production is dated November 5, 2018.

3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (c) documents regarding other EEOC investigations, which the EEOC has expressly denoted as "related" to the pattern or practice investigation. On August 25, 2020 Plaintiffs sent Cognizant a letter regarding these deficiencies (and others since resolved) and reiterated their need for a log of Cognizant's withholdings, but Cognizant refused. The parties agreed that the dispute was ripe for resolution by the Court during a September 30 meet and confer call.

4. For nearly two years, Plaintiffs unsuccessfully sought a commitment from Cognizant on the scope and timing of applicant and workforce data it would produce. However, between January 2019 and September 2020, Plaintiffs were unable to pin Cognizant down on the scope and timing of its production.

5. On September 30, 2020 the parties met and conferred regarding Plaintiffs' requests for data. In response to an innocuous data-related question, Cognizant's counsel stated something to the effect that Cognizant would have to check with "our experts" to answer the question. Plaintiffs were immediately alarmed and expressed their concern about the potential for discovery abuse inherent in having experts analyze data in advance of deciding what data would be produced. They then asked Cognizant who the experts were and what analyses they were conducting, but Cognizant refused to answer, citing the disclosure deadlines that apply to testifying experts for trial.

6. The parties scheduled a meet and confer on Plaintiffs' Second Amended 30(b)(6) Deposition Notice for October 22. In addition, Plaintiffs also issued a document request seeking the communications between Cognizant and its experts, and Cognizant lodged objections largely to the same effect as those lodged in response to Plaintiffs' Second Amended 30(b)(6) Deposition Notice.

7. During the October 22 meet and confer, Cognizant admitted that it had, in fact, retained an outside expert who had, in fact, been analyzing its employment data prior to production. Cognizant also state that it had only provided the expert with the applicant and employee data that Cognizant had previously provided to the EEOC. Cognizant then claimed that it had always planned to produce Plaintiffs' requested data fields once its expert conducted an analysis and identified any additional data fields she needed, so they could be produced at the same time. This was more "efficient" for both parties, Cognizant claimed, but Cognizant offered no reason why it was kept secret from Plaintiff and this was the first time Cognizant had mentioned its plan. Cognizant's disclosures did not assuage Plaintiffs' concerns and the company persisted in refusing to identify the expert, to provide the requested information regarding the nature of Cognizant's communications with the expert, and claimed (for the first time) that the expert at issue is a consulting expert immune from discovery. Accordingly, the parties could not resolve their dispute. Since the meet and confer, Cognizant has produced some of the outstanding requested

Case 2:17-cv-06848-DMG-PLA    Document 102-1    Filed 11/30/20    Page 3 of 5    Page ID #:2014

| | |
|---|---|
| 1 | data but all of Plaintiffs' questions about the expert's pre-production analysis remain |
| 2 | outstanding at this time. |
| 3 |     8.    Cognizant provided Plaintiffs a list of over 3,000 employee data fields, |
| 4 | including "GVT_DESCR40" "EFFDT" "EFFSEQ" and "PER_ORG." |
| 5 |     9.    Attached are true and correct copies of the following: |

- **Exhibit 1**: The Court's initial Schedule of Pretrial & Trial Dates (ECF 75-1), as required by L.R. 37-2.1;
- **Exhibit 2**: The Court's February 19, 2020 Order Extending Case Deadlines (ECF 79), as required by L.R. 37-2.1;
- **Exhibit 3**: Plaintiffs' First Set of Requests for Production of Documents;
- **Exhibit 4**: Letter from Plaintiffs to Cognizant regarding EEOC Productions, dated August 25, 2020;
- **Exhibit 5**: Letter from Cognizant to Plaintiffs regarding EEOC Productions, dated September 4, 2020;
- **Exhibit 6**: February 5, 2020 EEOC Letter of Determination regarding J.C. Franchetti Retaliation claim;
- **Exhibit 7**: Plaintiffs' Amended Second 30(b)(6) Deposition Notice;
- **Exhibit 8**: Defendants' Objections to Plaintiffs' Amended Second 30(b)(6) Deposition Notice;
- **Exhibit 9**: Feb. 24, 2020 Letter from Plaintiffs to Cognizant;
- **Exhibit 10**: Sept. 30, 2020 Email from K. Smith to D. Kotchen;
- **Exhibit 11**: Sept. 30, 2020 Email from D. Kotchen to K. Smith;
- **Exhibit 12**: Defendants' Response to Plaintiffs' First Set of Requests for Production of Documents;
- **Exhibit 13**: Oct. 29, 2020, Letter from Cognizant to Plaintiffs.

Case 2:17-cv-06848-DMG-PLA Document 105-1 Filed 11/30/20 Page 4 of 5 Page ID #:2652

KOTCHEN DECL. IN SUPPORT OF JOINT STIP.
Case No. 17-CV-6848 DMG (PLAx)

Pursuant to 28 U.S. Code § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED:  October 15, 2020                         By: /s/Daniel Kotchen
                                                 Daniel Kotchen