**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, and EDWARD COX,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | Case No. 2:17-cv-06848<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION**<br><br>CLASS ACTION<br><br>Complaint Served: September 19, 2017<br>Trial Date: Not set |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs request that Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Cognizant") respond to each of the following requests for production of documents, and produce all responsive documents.

**DEFINITIONS**

As used herein, the following terms are defined as follows:

1.  "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.  "Any" shall be construed to mean "any and all."

3.   "Communicate" or "communications" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communicate with" or "communications with" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

4.   "Cognizant" means Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation, and their predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, affiliates, directors, executives, and employees, including without limitation any organization or entity that Cognizant manages or controls, together with all present and former directors, officers, employees, attorneys, agents, representatives or any persons acting or purporting to act on behalf of Cognizant.

5.   "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition includes, without limitation, letters, correspondence, e-mail, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, recordings of calls and meetings (including earnings calls), telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, sales, advertising and promotional literature, agreements,

stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records, or representations of any kind or description that are fixed in any medium upon which intelligence or information can be recorded or retrieved including, but not limited to, documents fixed in tangible media or electronically or digitally stored on disk or tape in a native format.

6. "Electronically stored information" or "ESI" includes all metadata and information that is stored in an electronic medium and is retrievable in a perceivable form including, without limitation, the following:

    a. information that is generated, received, processed, and recorded by computers and other electronic devices;

    b. internal or external web sites;

    c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, text messages, or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d. activity listings of electronic mail receipts and/or transmittals; and

    e. any and all items stored on computer memories, hard disks, flash drives, cloud-based storage, CD-ROM, DVD-ROM, magnetic tape, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a smartphone,

*e.g.*, iPhone, Android, BlackBerry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

7. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, or agent.

8. "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

9. "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.

10. "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

11. "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, concerning, dealing with, pertaining to, analyzing, evaluating, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

12. "You," or "your" mean Cognizant.

13. "Visa" means any United States-issued visa, including but not limited to H-1B, B-1, and L-1 visas.

14. "Customer" and "client organization" means any entity for which Cognizant has been retained, or has attempted to be retained, to perform services.

15. "Potential Hire" means any individual who applied to or otherwise contacted Cognizant (or a recruiter), who was contacted by Cognizant (or a recruiter), or who Cognizant (or a recruiter) researched regarding actual or potential jobs in the United States with Cognizant or an organization assisting Cognizant with a client engagement or otherwise managed by Cognizant (*e.g.* a staffing company).

16. "Bench" means being placed in a non-productive or unallocated status.

## INSTRUCTIONS

1. Unless otherwise noted, the relevant time period of these document requests is January 1, 2013 through the present (the "relevant time period"). These document requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period, but which contain information concerning the relevant time period.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document covered by these requests, you shall promptly make any such document available to Plaintiffs.

3. In producing documents, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents are

possessed directly by you or your employees, agents, parent companies, subsidiaries, affiliates, investigators or by your attorneys or their employees, agents or investigators.

4. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business. All documents, other than electronically stored information, shall be produced in the file folder, envelope or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

5. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found (*i.e.*, the document custodian) and the business address of each document custodian.

6. If a document once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details, including whether the document:

    a. is lost or missing;

    b. has been destroyed and, if so, by whom at whose request;

    c. has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; or

    d. has been otherwise disposed of.

7. In each instance in which a document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

   a. the identity of the person or entity who last possessed the document;

   b. the date or approximate date of the document's disposition; and

   c. the identity of all persons who have or had knowledge of the document's contents.

8. If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

   a. the reason for withholding the document;

   b. the date of such communication;

   c. the medium of such communication;

   d. the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

   e. the identity of any document that was the subject of such communication and the present location of any such document;

   f. the identity of the persons involved in such communication;

      g.    the identity of any document which records, refers, or relates to such communication and present location of any such document; and

      h.    the number or numbers of these requests for production of documents to which such information is responsive.

9.    Documents attached to one another should not be separated. Each document requested should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 8 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted. Any redactions to documents produced should be identified in accordance with Instruction 8 above.

10.    All documents produced in paper form should be numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

11.    Electronically stored information should be produced accordingly to a mutually agreed electronic discovery protocol.

12.    Documents should be organized by the request number to which they respond.

# DOCUMENT REQUESTS

**Request No. 1**

For each Cognizant employee who worked in the United States at any point between January 1, 2013 and the present, documents and ESI sufficient to show the employee's name, employee number, race, national origin, citizenship, visa type (if any), country of hire, each position held by the employee in the United States and abroad (by date), each job level in the United States and abroad (by date), each project the employee worked on in the United States and abroad (by client, location, and date), each unallocated (*i.e.*, "benched") period in the United States and abroad (by location and date), gross pay by year while in the U.S., and termination date (if terminated), reason for termination (if terminated), and location at time of termination (if terminated).

**Request No. 2**

Documents and ESI sufficient to show each individual who applied to Cognizant (either directly or through a third party recruiter or headhunter) for a position in the United States between January 1, 2013 and the present, including for each such individual, the individual's name, the name of the third party recruiter or headhunter who submitted the individual (if any), applicant number, requisition/job opening number, position or positions applied to or considered for, the individual's race, national origin, citizenship, visa type (if any), and whether or not the individual was hired.

**Request No. 3**

Documents and ESI reflecting instructions or guidance given to Cognizant's recruiters (both internal and third party recruiters) relating to how to search for individuals for U.S. positions, who to contact for positions in the U.S., and whether to favor or disfavor any individuals or groups.

**Request No. 4**

Documents and ESI relating to the staffing of Cognizant's actual or prospective customer projects in the United States, including but not limited to any instructions or guidance concerning staffing an actual or prospective customer project with a non-visa-dependent or a visa-dependent Cognizant employee, the securing of visas to staff projects, the availability of visa-dependent Cognizant employees overseas, on the bench, or on another project, the availability of non-visa-dependent Cognizant employees on the bench or on another project, or the displacement and/or outsourcing of the customer's workforce to Cognizant (including, *e.g.*, the performance of any knowledge transfer from the customer's workforce to Cognizant's workforce).

**Request No. 5**

Documents and ESI relating to all instructions, policies, directives, or mandates concerning United States positions or individuals placed or considering for United States positions, including, but not limited to instructions, policies, directives, or mandates concerning recruiting, hiring, staffing, visa utilization, visa procurement, assignments, benching, promotions, demotions, and terminations.

**Request No. 6**

Documents and ESI relating to complaints or grievances lodged by, or communications by, applicants and/or current or former employees of Cognizant in the U.S. concerning discrimination, including the complaints, grievances, or communications themselves, as well as any materials created during any subsequent internal investigation stemming therefrom, and any materials filed in any subsequent agency action, litigation, arbitration, or mediation.

**Request No. 7**

Documents and ESI relating to any federal or state government investigation or inquiry concerning Cognizant's visas practices, Cognizant's hiring practices for positions located in the United States, Cognizant's employment practices in the United States, and/or discrimination, including, but not limited to documents provided to or received from the government, documents reflecting testimony, correspondence regarding the investigation or inquiry, and fines paid to or settlement with the government.

**Request No. 8**

Documents and ESI relating to business plans regarding the staffing of U.S. positions, including but not limited to the use of visa-dependent workers to staff such positions and the procurement of visas for such workers.

**Request No. 9**

Documents and ESI relating to invitation letters, including, but not limited to, the invitation letters, communications within Cognizant relating to invitation letters, and communications between Cognizant and any third party relating to invitation letters.

**Request No. 10**

Documents sufficient to show the organization structure (e.g., organizational charts) of departments, groups, and executives that have any responsibility for Cognizant's United States operations, including departments, groups, and executives in India responsible for visa procurement, hiring, staffing, promotions, or terminations.

**Request No. 11**

Documents sufficient to show, by year, Cognizant's revenue, margins, and payroll for its business in the United States, and worldwide.

**Request No. 12**

Documents and ESI reflecting all policies and procedures for Cognizant's human resources department, any department involved in hiring for U.S. positions, any department involved in the termination of employees in the U.S., any department involved in allocating staff for U.S. positions, any department involved in benching or staffing individuals from the bench, any department involved in promotions for employees in the U.S., and any department involved in applying for, budgeting for, or tracking the status of U.S. visas.

**Request No. 13**

Documents and ESI relating to any affirmative action plans, including but not limited to, the affirmative action plans, all documents and ESI collected to create or implement the affirmative action plans, all documents and ESI provided to or obtained from any vendor involved in the creation or implementation of the affirmative action plans, and all communications concerning the affirmative action plans, and documents and ESI

reflecting or relating to Cognizant's success or failure in meeting any affirmative action goals.

**Request No. 14**

For employees located in the U.S. between 2013 and the present, produce all performance reviews, performance improvement plans, appraisal scores, and any objections or complaints by employees regarding performance, performance improvement plans, appraisal scores, promotions, or terminations.

**Request No. 15**

Documents and ESI relating to or identified in your responses or supplemental responses to any interrogatories or requests for admission issued to Cognizant by Plaintiffs.

**Request No. 16**

All communications, other than communications with counsel, relating to this lawsuit, *Palmer v. Cognizant Tech. Solutions Corp. & Cognizant Tech. Solutions U.S. Corp.*, No. 2:17-cv-06848 (C.D. Cal.).

**Request No. 17**

Documents and ESI relating to each denial and affirmative defense raised in Cognizant's Answer (including any amended Answer).

**Request No. 18**

All documents and ESI identified in Cognizant's initial disclosures (including any supplement thereto).

**Request No. 19**

All documents and ESI obtained pursuant to a subpoena issued in this lawsuit.

**Request No. 20**

All documents and ESI obtained from any third party relating to this lawsuit (whether or not the documents and ESI were obtained pursuant to a subpoena), including but not limited to documents relating to any named plaintiffs, documents relating to any class members (including putative class members), documents relating to any claims asserted in this lawsuit, or documents relating to any defenses asserted in this lawsuit.

**Request No. 21**

Documents and ESI reflecting any reports or demographic data provided to any state or federal equal employment opportunity agency, including but not limited to the U.S. EEOC.

**Request No. 22**

For each year from 2013 through present, documents sufficient to show: (a) the number of visas Cognizant applied for by visa type (*e.g.*, H-1B, L-1A, L-1B, B1, etc.); (b) the number of visas approved by visa type (*e.g.*, H-1B, L-1A, L-1B, B1, etc.); and (c) the number and country of origin of visa-dependent employees that traveled to the United States to work for Cognizant.

**Request No. 23**

Documents sufficient to show the names of all staffing agencies/vendors who have submitted Potential Hires to Cognizant, the names of Potential Hires submitted to Cognizant and the name of the agency/vendor submitting each Potential Hire, and the names of the Cognizant employees to whom the Potential Hires were submitted.

**Request No. 24**

Documents and ESI relating to Christy Palmer, including but not limited to Ms. Palmer's complete employee file, all documents: related to Ms. Palmer's interest in employment at Cognizant or applications to Cognizant or interest in or applications to Cognizant client projects, related to Ms. Palmer's compensation and benefits package with Cognizant, related to Ms. Palmer's termination of her employment with Cognizant, related to Ms. Palmer's performance, related to any promotion Ms. Palmer sought or was considered for, related to Ms. Palmer's employment agreements, policies, handbooks, or acknowledgments provided to or signed by Ms. Palmer, related to Ms. Palmer's work allocation or unallocation, and related to Ms. Palmer's race or national origin and/or the race or national origin of Ms. Palmer's colleagues or other applicants to the positions for which Ms. Palmer applied or was considered.

**Request No. 25**

Documents and ESI relating to Vartan Piroumian, including but not limited to Mr. Piroumian's complete employee file, all documents: related to Mr. Piroumian's interest in employment at Cognizant or application to Cognizant or interest in or applications to Cognizant client projects, related to Mr. Piroumian's compensation and benefits package with Cognizant, related to Mr. Piroumian's termination from Cognizant, related to Mr. Piroumian's performance, related to any promotion Mr. Piroumian sought or was considered for, related to Mr. Piroumian's employment agreements, policies, handbooks, or acknowledgments provided to or signed by Mr. Piroumian, related to Mr. Piroumian's work allocation or unallocation, and related to

Mr. Piroumian's race or national origin and/or the race or national origin of Mr. Piroumian's colleagues or other applicants to the positions for which Mr. Piroumian applied or was considered.

**Request No. 26**

Documents and ESI relating to Edward Cox, including but not limited to Mr. Cox's complete employee file, all documents: related to Mr. Piroumian's interest in employment at Cognizant or application (or subsequent re-application) to Cognizant or interest in or applications to Cognizant client projects, related to Mr. Cox's compensation and benefits package with Cognizant, related to Mr. Cox's termination from Cognizant, related to Mr. Cox's performance, related to any promotion Mr. Mr. Cox sought or was considered for, related to Mr. Mr. Cox's employment agreements, policies, handbooks, or acknowledgments provided to or signed by Mr. Mr. Cox, related to Mr. Mr. Cox's work allocation or unallocation, and related to Mr. Mr. Cox's race or national origin and/or the race or national origin of Mr. Mr. Cox's colleagues or other applicants to the positions for which Mr. Mr. Cox applied or was considered.

| | |
|---|---|
| DATED: January 14, 2019 | Respectfully Submitted, |
| | By: <u>Daniel Low</u><br>Daniel Low, SBN 218387<br>Daniel Kotchen (*pro hac vice*)<br>Michael von Klemperer (*pro hac vice*)<br>KOTCHEN & LOW LLP<br>1745 Kalorama Road NW, Suite 101<br>Washington, D.C. 20009<br>(202) 471-1995<br>(202) 280-1128 (fax)<br>dlow@kotchen.com;<br>dkotchen@kotchen.com;<br>mvk@kotchen.com |
| | Attorneys for Plaintiffs |

# CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, the foregoing was served on Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation's counsel of record via email:

Theodore J. Boutrous, Jr.
tboutrous@gibsondunn.com

Katherine V.A. Smith
ksmith@gibsondunn.com

Lauren M. Blas
lblas@gibsondunn.com

Michele L. Maryott
mmaryott@gibsondunn.com

Matthew T. Sessions
msessions@gibsondunn.com

By: /s/Daniel Low
Daniel Low, SBN 218387
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, D.C. 20009
(202) 471-1995
(202) 280-1128 (fax)
dlow@kotchen.com

Attorney for Plaintiffs