Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
**KOTCHEN & LOW LLP**
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, EDWARD COX, and JEAN-CLAUDE FRANCHITTI<br><br>*Plaintiffs*,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>*Defendants*. | Case No. 2:17-cv-06848 DMG (PLAx)<br><br>**DISCOVERY MATTER: PLAINTIFFS' NOTICE OF MOTION REGARDING SANCTIONS**<br><br>Hon. Paul L. Abrams<br><br>Complaint Filed: September 18, 2017<br>Discovery Cut-Off: December 16, 2021<br>Pre-Trial Conference: July 26, 2022<br>Trial Date: August 23, 2022<br><br><u>Hearing</u><br>Date:   December 15, 2021<br>Time:   10:00 a.m.<br>Place: Telephonically |

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD**:

Please take notice that on December 15, 2021 at 10:00 AM before the Honorable Paul L. Abrams, in a telephonic hearing, Plaintiffs will and hereby do move the Court for an Order imposing sanctions pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 26(g), Local Rule 83-3.1, and the Court's inherent powers. Plaintiffs seek the following order from the Court:

For spoliation of evidence:

- An adverse inference jury instruction that Cognizant failed to preserve or produce documents from Sriram Rajagopal and other document custodians, and that accordingly, the jury may presume that those documents would have been harmful to Cognizant
- An award of fees and costs caused by Cognizant's misconduct (including those associated with filing this Motion, and additional discovery required because of the misconduct)
- In the alternative, an order requiring Cognizant to produce forensic images of server backup tapes, custodian laptops, and any other devices still in existence on which custodians (including Sriram Rajagopal) stored potentially responsive ESI for expert analysis pursuant to a protective protocol.

For false certifications:

- An order compelling Cognizant to collect and produce non-email ESI, from the agreed custodians, including from any shared drives used by those custodians
- An order extending the case schedule to allow Plaintiffs to take discovery related to the late-produced documents, including re-opening depositions related to the late-produced documents
- Monetary sanctions for the reasonable attorneys' fees and costs associated with this motion and its efforts to discover the document repositories Cognizant failed to disclose.

For failing to disclose arbitration agreements, an order allowing Plaintiffs to take discovery of Cognizant concerning 14,850 arbitration agreements it produced on October 14, 2021.

For improper communications with putative class members, an order requiring Cognizant to: cease communicating with putative class members, provide a list of all contacts with putative class members, and produce:

- A copy of any written communications with putative class members; any recordings or summaries of its call with George Pelosi
- Any recordings it made of interviews or other communications with putative class members
- Summaries of any interviews with putative class members that it recorded but thereafter deleted
- Any releases or opt-out agreements obtained with putative class members.

For failure to produce responsive documents, an order:

- Compelling Cognizant to interview custodians to determine where they stored potentially responsive ESI
- Compelling Cognizant to collect and produce non-email ESI from the agreed custodians, including from any shared drives used by those custodians, as well as all e-mail ESI from the agreed custodians, including any unsearched non-server locations
- Permitting Plaintiffs to take discovery related to the late-produced documents, including re-opening depositions to allow questioning related to the late-produced documents
- Extending the case schedule to allow for additional discovery of unproduced documents
- Awarding monetary sanctions for the reasonable attorneys' fees and costs associated with this motion for Cognizant's failure to timely produce the documents.

This motion is based upon this Notice of Motion, the Joint Stipulation, the Declaration of Daniel Kotchen, the Declaration of Michele Maryott, the Declaration of Jennifer Roges, the Declaration of Venugopal Padmanabhan, the Declaration of Raquel Sghiatti, all accompanying exhibits, and such argument as the Court may allow.

Dated: November 23, 2021              Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low, SBN 218387
Lindsey Grunert (*pro hac vice*)

**KOTCHEN & LOW LLP**

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served today on all counsel of record by electronic service through the Court's CM/ECF filing system.

Dated: November 23, 2021                    /s/Daniel Kotchen