1  GIBSON, DUNN & CRUTCHER LLP
   THEODORE J. BOUTROUS, JR. SBN 132099
2  tboutrous@gibsondunn.com
   KATHERINE V.A. SMITH, SBN 247866
3  ksmith@gibsondunn.com
   LAUREN M. BLAS, SBN 296823
4  lblas@gibsondunn.com
   333 South Grand Avenue
5  Los Angeles, CA  90071
   Telephone:  213.229.7000
6  Facsimile:  213.229.7520

7  MICHELE L. MARYOTT, SBN 191993
   mmaryott@gibsondunn.com
8  ELIZABETH A. DOOLEY, SBN 292358
   edooley@gibsondunn.com
9  MATTHEW T. SESSIONS, SBN 307098
   msessions@gibsondunn.com
10 3161 Michelson Drive
   Irvine, CA  92612-4412
11 Telephone:  949.451.3800
   Facsimile:  949.451.4220
12

13 Attorneys for Defendants

|  | KOTCHEN & LOW LLP |
|---|---|
|  | DANIEL LOW, SBN 218387 |
|  | dlow@kotchen.com |
|  | DANIEL KOTCHEN (*pro hac vice*) |
|  | dkotchen@kotchen.com |
|  | LINDSEY GRUNERT |
|  | (*pro hac vice*) |
|  | lgrunert@kotchen.com |
|  | 1918 New Hampshire Ave. NW |
|  | Washington, DC 20009 |
|  | Telephone:  202.471.1995 |
|  | Facsimile:  202.280.1128 |

YADEGAR, MINOOFAR &
SOLEYMANI LLP
NAVID SOLEYMANI, SBN 219190
soleymani@ymsllp.com
NAVID YADEGAR, SBN 205315
navid@ymsllp.com
1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Telephone:  310.499.0140
Facsimile:  888.667.9576

Attorneys for Plaintiffs

14          UNITED STATES DISTRICT COURT
15          CENTRAL DISTRICT OF CALIFORNIA
16                    WESTERN DIVISION

17 CHRISTY PALMER, VARTAN          CASE NO. 17-CV-6848 DMG (PLAx)
   PIROUMIAN, EDWARD COX, and
18 JEAN-CLAUDE FRANCHITTI,         **JOINT STIPULATION REGARDING**
                                   **DISCOVERY DISPUTE**
19          Plaintiffs,
                                   Hon. Paul L. Abrams
20      v.
21                                 <u>Hearing</u>
   COGNIZANT TECHNOLOGY           Date:  December 15, 2021
22 SOLUTIONS CORPORATION and      Time: 10:00 a.m.
   COGNIZANT TECHNOLOGY           Place: Telephonically
23 SOLUTIONS U.S. CORPORATION,    Complaint Filed: September 18, 2017
                                   Discovery Cut-Off: December 15, 2021
24          Defendants.            Pre-Trial Conference Date: July 26, 2022
                                   Trial Date: August 23, 2022
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTORY STATEMENTS.........................................................1

    A.    Defendants' Introductory Statement ....................................1

    B.    Plaintiffs' Introductory Statement ........................................3

II.   SPECIFICATION OF ISSUES IN DISPUTE .......................................4

III.  PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES ...............5

    A.    Defendants' Position ...........................................................5

    B.    Plaintiffs' Position ............................................................11

Pursuant to Federal Rule of Civil Procedure 37(a), Local Rule 37-2, and Magistrate Judge Abrams' Procedures, Plaintiffs Palmer, Piroumian, Cox, and Franchitti ("Plaintiffs") and Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Cognizant") submit this Joint Stipulation regarding whether Plaintiffs' withholding of communications between themselves or between a Plaintiff and putative class member with no attorney involved on the to, cc, or bcc line is improper.  Cognizant seeks to compel production of such documents.

## I.   INTRODUCTORY STATEMENTS

### A.   Defendants' Introductory Statement

Plaintiffs Palmer, Piroumian, and Cox produced the vast majority of their documents in the spring of 2020, roughly a year-and-a half ago.  Newly added Plaintiff Franchitti produced the vast majority of his documents in the spring of 2021.  At no time during production of those documents did Plaintiffs inform Cognizant that they were withholding any documents on the basis of any privilege from those productions. Plaintiff Piroumian was deposed on August 23, 2021, Plaintiff Palmer on September 15, 2021, and Plaintiff Franchitti on September 28, 2021.[1]  On September 17, 2021, Plaintiffs produced 106 additional documents pertaining to Mr. Franchitti.  In this production, Plaintiffs redacted several documents, but did not concurrently provide a log.  Plaintiffs provided a three-entry log of their redactions only after being asked for the basis of their redactions.  One of those bases was a "joint prosecution privilege" for a communication between Mr. Franchitti and Mr. Piroumian that did not involve lawyers and occurred a year before this lawsuit was filed.

---

[1]    Plaintiff Cox passed away in March 2021, although Cognizant was not informed of his death until August 2021.  Although Plaintiffs' counsel was aware of Mr. Cox's very serious diagnosis of pancreatic cancer, it did not inform Cognizant of the same to enable Cognizant to preserve Mr. Cox's testimony.  A motion for substitution of Mr. Cox's widow in his stead is currently pending before Judge Gee.

Then, well after completion of all three named Plaintiff depositions and one week before the close of discovery, Plaintiffs produced roughly 3,800 documents. Along with that production, Plaintiffs produced a 238 entry privilege log covering documents with dates prior to and during the lawsuit. A number of the documents on this log were withheld on the basis of this "joint prosecution" privilege. Cognizant initially elected not to raise the obvious deficiencies with the log, understanding the discovery deadline to be October 15. However, in light of Plaintiffs' argument that the deadline for all discovery motions is December 16, Cognizant sent Plaintiffs a Rule 37 letter to Plaintiffs on November 5, 2021 concerning the clear errors in their log and their improper withholding of documents on the basis of "joint prosecution" privilege.[2] Maryott Decl., Ex. 1. In response to these obvious issues, Plaintiffs admitted that of the 238 privilege log designations, they would only continue to stand by 53 of them (Plaintiffs initially listed 59 on the letter they sent in response to Cognizant, but there were only 53 remaining). Maryott Decl., Ex. 2.

Plaintiffs continue to claim privilege over 53 documents on their log, as well as privilege over the three redacted documents produced September 17. But, within that set, the documents over which Plaintiffs claim, or appear to be claiming, joint prosecution privilege are improperly withheld. Those documents contain communications between Plaintiffs or between a Plaintiff and a putative class member that are, based on descriptions, entirely divorced from an attorney. Yet the joint prosecution privilege, which is an extension of the attorney-client privilege, only encompasses communications with an attorney made for the purpose of pursuing a

---

[2]    Plaintiffs have filed a Motion for Review of this Court's October 18, 2021 Order which found that their challenges to Cognizant's privilege log entries for documents produced in advance of the original discovery deadline were untimely. ECF No. 184. Should Judge Gee agree with this Court and deny Plaintiffs' motion, Cognizant intends to withdraw this challenge to Plaintiffs' privilege log on the same basis—it would be untimely.

JOINT STIP. RE: DISCOVERY DISPUTE
Case No. 17-CV-6848 DMG (PLAx)

common legal strategy. Because the documents Plaintiffs seek to shield from production do not satisfy that criteria, they must be produced.

### B.    Plaintiffs' Introductory Statement

Cognizant's request that Plaintiffs be compelled to produce 18 documents (including one document without redactions) withheld by Plaintiffs pursuant to the joint prosecution privilege, also known as the common interest privilege, should be denied. Cognizant issued document requests to Plaintiffs Palmer, Piroumian, and Cox on September 30, 2019 and May 5, 2020, and to Plaintiff Franchitti on February 21, 2021. Kotchen Decl. ¶ 2. Plaintiffs began their rolling production of documents on November 19, 2019, with a total of thirteen productions made before the then-existing October 15, 2021 discovery cut-off. *Id.*; Order at 2 (ECF 157). While the bulk of Plaintiffs' ESI was produced in late 2019 and early 2020, on October 10, 2021, Plaintiffs supplemented their production pursuant to Rule 26, producing 3,786 documents. Kotchen Decl. ¶ 3. The vast majority of these documents (approximately 3,760 of the 3,786 documents) were emails from recruiters that had reached out to Plaintiff Piroumian since his initial document collection. *Id.* The remaining documents were W-2s, paystubs, or tax returns documenting Plaintiffs' income since 2019 (damages-related documents Plaintiffs were obligated to supplement). *Id.*

Plaintiffs produced a redactions log, containing just three entries, on September 22, 2021, and a privilege log with 238 entries on October 10. *Id.* ¶ 4; Cognizant's Ex. 4 (redactions log); Cognizant's Ex. 5 (privilege log). There was some delay in producing the privilege log as the attorney assigned to the document review process is no longer with Plaintiffs' counsel's firm and Plaintiffs' counsel wanted to ensure that the privilege log was accurate. Kotchen Decl. ¶ 4. Cognizant issued a Rule 37 letter, detailing purported "deficiencies" with the privilege log on November 5. Cognizant's Ex. 1.[3] In response, and in order to narrow the dispute between the parties, Plaintiffs updated the

---

[3] Cognizant's letter made no reference to Plaintiffs' redaction log, and only challenged entries to Plaintiffs' privilege log. *See id.*

log to provide additional details concerning senders, recipients, and dates, indicated which documents on the log were merely duplicates of those already produced in discovery (the withheld documents were copies with markups for Plaintiffs' counsel), and produced additional documents from the log. *See* Ex. A (Plaintiffs' Ltr. to Cognizant, attaching updated privilege log). The parties then met and conferred on November 12. During that call, the parties discussed the privilege log issue, but Cognizant did not raise any issues concerning Plaintiffs' redactions log. Kotchen Decl. ¶ 5.

Following the parties' meet and confer, Plaintiffs provided yet another updated privilege log that included the bates number for every document on the log that had already been produced in discovery. *See* Ex. B (second updated privilege log dated November 16). All but 52 of the original 238 documents have been produced to Cognizant. *See id.* Cognizant now challenges 17 of the remaining 52 documents. Of these 17 documents, 15 are communications between Plaintiffs themselves, and the other two documents are communications between Plaintiff Piroumian and another terminated employee named ▇▇▇▇▇▇▇ who himself had filed a class-based EEOC discrimination charge and was preparing for litigation. *See* ▇▇▇▇▇▇▇▇▇▇ (Ex. C). Such communications are properly withheld pursuant to the joint prosecution privilege or common interest privilege. Cognizant also challenges the redaction to a single document, Pls-Cog-0316906, which is another communication between two Plaintiffs in anticipation of litigation, which is similarly subject to the joint prosecution privilege.[4]

## II.  **SPECIFICATION OF ISSUES IN DISPUTE**

The issue in dispute is whether the entries on Plaintiffs' privilege log—which are communications between Plaintiffs or communications between a Plaintiff and putative

---

[4] This document was not mentioned in Cognizant's L.R. 37 letter, or discussed during the parties' November 12 meet and confer. *See* Cognizant's Ex. 1; Kotchen Decl. ¶ 5.

class member, or described as such, that did not involve an attorney (either on the to, cc, or bcc line)—are protected against disclosure by the joint prosecution privilege.

## III.   PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES

### A.   DEFENDANTS' POSITION

Plaintiffs claim joint prosecution privilege to shield production of several documents, but that privilege does not permit them to do so.  Plaintiffs should be required to produce the documents identified on their privilege log as: (1) Priv – 0000104; (2) Priv – 0000109; (3) Priv – 0000114; (4) Priv – 0000117; (5) Priv – 0000119; (6) Priv – 0000120; (7) Priv – 0000121; (8) Priv – 0000516; (9) Priv – 0000521; (10) Priv – 0000522; (11) Priv – 0000523; (12) Priv – 0000524; (13) Priv – 0000540; (14) Priv – 0000571; (15) Priv – 0000572; (16) Priv – 0000573; (17) Priv – 0000575,  as well as an unredacted version of Pls-Cog-0316906.

First, the redactions to Pls-Cog-0316906 under a joint prosecution privilege are impermissible because the redacted communications do not involve an attorney. Maryott Decl., Ex. 5.

Second, Plaintiffs continue to withhold two documents—identified as Priv – 0000573-74 and Priv – 0000581—on their log, which are both dated 3/26/2020 and described as "Attachment to email seeking legal advice concerning lawsuit, communi[c]ation [sic] between putative joint plaintiffs discussing and collecting information for potential claims, and aiding in preparation of EEOC Charge."  Neither of these documents appear to involve communication with an attorney and are therefore unprotected by the attorney-client privilege and joint prosecution privilege.[5]

Finally, Priv – 0000104; Priv – 0000114; Priv – 0000117; Priv – 0000119; Priv – 0000120; Priv – 0000121; Priv – 0000516; Priv – 0000521; Priv – 0000522; Priv –

---

[5]   Plaintiffs represent that one of these documents includes an attorney in the recipient line.  Yet that document appears to be an attachment, not an email. Although Cognizant does not seek for Plaintiffs to produce any document that is a communication with counsel, the description of the document on Plaintiffs' privilege log suggests that this attachment was not an attorney-client communication.

0000523; Priv – 0000524; Priv – 0000540; Priv – 0000571; Priv – 0000572 are withheld on the basis of Joint Prosecution with only the following description: "Communications between putative joint plaintiffs discussing and collecting information for potential claims." Given that none of these communications include an attorney, nor are they communications reflecting the legal advice of an attorney, they are improperly withheld. Similarly, Plaintiffs withhold Priv – 0000109 on the basis that it is "Communications between putative joint plaintiffs discussing and collecting information for potential claims and sharing advice from counsel on email chain." To the extent there are portions of the document that do not involve the advice of counsel specifically, those portions of the [c]ommunications between putative joint plaintiffs discussing and collecting information for potential claims," should be produced.

"Rather than a separate privilege," *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012), "[t]he Ninth Circuit has long recognized" that the joint prosecution privilege "is an extension of the attorney-client privilege" *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (internal quotations omitted). The attorney-client privilege is ordinarily waived where a client discloses the contents of an otherwise privileged communication to a third party. *See United States v. Gann*, 732, F.2d 714, 723 (9th Cir. 1984). The joint prosecution privilege provides "a narrow exception to [this] general rule," *Shopify Inc. v. Express Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334, at *8 (N.D. Cal. Aug. 14, 2020): It "allow[s] attorneys for different clients pursuing a common legal strategy to communicate with each other" in confidence, *In re Pac. Pictures Corp.*, 679 F.3d at 1129. For this reason, the joint prosecution privilege "does not make a document or communication privileged; rather, it is a doctrine that prevents waiver of a pre-existing privilege if the privileged information is shared only with those with a common legal interest." *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA (JSC), 2017 WL 2485382, at *7 (N.D. Cal. June 8, 2017) (internal quotation marks and citation omitted); *accord Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("[S]ince it is an anti-waiver exception, [the joint

6

prosecution privilege] comes into play only if the communication at issue is privileged in the first instance.").

An understanding of the joint defense privilege—the doctrine from which the joint prosecution privilege evolved—helps clarify the scope of the joint prosecution privilege. The joint defense privilege, also referred to as the "common interest" privilege, "protects communications made when a nonparty sharing the client's interests is present at a confidential communication between attorney and client." *United States v. Zolin*, 809 F.2d 1411, 1417 (9th Cir. 1987), *opinion withdrawn in part*, 842 F.2d 1135 (9th Cir. 1988), *and overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997). "The concept of a joint defense privilege first arose in the context of criminal co-defendants whose attorneys shared information in the course of devising a joint strategy for their clients' defense." *In re Grand Jury Subpoenas*, 902 F.2d 244, 248 (4th Cir. 1990). The Ninth Circuit has characterized "[t]he paradigm case" of the joint defense privilege as one "where two or more persons subject to possible indictment arising from the same transaction make confidential statements that are exchanged among their attorneys." *Zolin*, 809 F.2d at 1417. Courts in this Circuit have extended the same privilege to cooperating plaintiffs to avoid a scenario in which "cooperating defendants [are] situated better than their plaintiff counterparts." *Sedlacek v. Morgan Whitney Trading Grp., Inc.*, 795 F. Supp. 329, 331 (C.D. Cal. 1992).

Plaintiffs nevertheless urge this Court to broaden the scope of the joint prosecution privilege far beyond its intended scope under settled law. Plaintiffs allege that communications between them prior to commencement of this suit are protected from disclosure under the joint prosecution privilege—despite the fact that those communications do not appear to involve counsel.

Plaintiffs are wrong. Plaintiffs fail to acknowledge that the joint prosecution privilege "requires . . . that the elements of attorney-client privilege are met." *Waymo*, 2017 WL 2694191, at *4. And they ignore the plethora of cases from this Circuit that have applied the joint prosecution privilege only to communications between parties

7

with a common interest and their respective attorneys that are designed to further the parties' common legal strategy. *See, e.g.*, *United States v. Nelson*, No. 19-CV-1087-CAB-WVG, 2020 WL 8674125, at *2 (S.D. Cal. July 10, 2020) (applying the joint prosecution privilege to "aggrieved tenants' ongoing communications with the Government in furtherance of their shared objective to obtain relief from Defendant under the Fair Housing Act"); *Gallegos v. Roman Cath. Archbishop of San Francisco*, No. 3:16-CV-01588-LB, 2017 WL 740813, at *2 (N.D. Cal. Feb. 27, 2017) (applying the joint prosecution privilege because communications "do not lose any attorney-client privilege that otherwise applies simply because they were made in the presence of the other plaintiffs"); *Perez v. Brain*, No. CV143911JAKAGRX, 2015 WL 12914362, at *2 (C.D. Cal. Aug. 20, 2015) ("communications with counsel" protected by joint prosecution privilege when "[t]he communication was made in pursuit of a joint strategy"); *California Inst. of Tech. v. Hughes Commun., Inc.*, 213CV07245MRPJEM, 2015 WL 11120674, at *1 (C.D. Cal. Feb. 24, 2015) (rejecting the joint prosecution privilege because "no attorney directed the communications between the parties" or was otherwise involved in the communication); *Integrated Glob. Concepts, Inc. v. j2 Glob., Inc.*, No. 512CV03434RMWPSG, 2014 WL 232211, at *2 (N.D. Cal. Jan. 21, 2014) (rejecting application of the common interest doctrine to "communications with two entities . . . which do not provide any form of legal service as their business"); *Griffith v. Davis*, 161 F.R.D. 687, 692-93 (C.D. Cal. 1995) (concluding that "the memorandum is not shielded from discovery" under the joint defense privilege "unless it meets the other requirements of [] the attorney-client privilege").

Indeed, Plaintiffs fail to cite a single case in which a court applied the joint prosecution privilege to correspondence that did not involve an attorney or was not made at the direction of an attorney. For good reason: No such case exists. Because the joint prosecution privilege is simply "an extension to ordinary waiver rules" surrounding attorney-client privilege, it only protects communications with counsel. *In re Pac. Pictures Corp.*, 679 F.3d at 1129.

8

The cases Plaintiffs cite do not support their argument.  Plaintiffs rely on *Sedlacek v. Morgan Whitney Trading Grp., Inc.* for the proposition that the joint prosecution privilege encompasses communication between "cooperating plaintiffs."  795 F. Supp. 329, 331 (C.D. Cal. 1992).  Yet Plaintiffs' focus on that language distorts the court's actual conclusion:  *Sedlacek* simply held that "to be consistent" and avoid a result in which "cooperating defendants would be situated better than their plaintiff counterparts," the protections of the joint defense privilege must extend to communications between joint plaintiffs.  *Id.*  In defining the joint defense privilege, the court cited *United States v. Zolin*, 809 F.2d 1411, 1417 (9th Cir. 1987).  And *Zolin*— consistent with the longstanding settled law in this Circuit—defined the joint defense privilege as protecting "communications made when a nonparty sharing the client's interests is present at a confidential communication between attorney and client."  *Id.*; *see id.* (describing "[t]he paradigm case" of the joint defense privilege as "where two or more persons subject to possible indictment arising from the same transaction make confidential statements that are exchanged among their *attorneys*) (emphasis added). *Sedlacek* did not, as Plaintiffs suggest, reinvent the scope of the common interest doctrine.  It simply extended the protections afforded by the joint defense privilege— limited to communications between parties who share a common legal interest and their counsel—to cooperating plaintiffs.

Nor does *Leader v. U.S. Department of Justice* support Plaintiffs' argument.  No. 11-540 TUC DCB, 2012 WL 13027964 (D. Ariz. Aug. 9, 2012).  There, relying on the Fourth Circuit's decision in *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990), the district court explained that the joint prosecution privilege allows "persons who share a common-interest in litigation [to] be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims."  *Leader*, 2012 WL 13027964, at *2 (quoting *In re Grand Jury Subpoenas*, 902 F.2d at 249).  But *In re Grand Jury Subpoenas* makes clear that the joint prosecution privilege is limited to communications between plaintiffs and attorneys:  The Fourth

9

Circuit explained that "[t]he . . . joint [prosecution] privilege first arose in the context of criminal co-defendants whose attorneys shared information in the course of devising a joint strategy for their clients' [case]" and that the privilege protects "the free flow of information from client to attorney logically exists whenever multiple clients share a common interest about a legal matter."   902 F.2d at 248-49.   Because the joint prosecution privilege is "an exception to waiver," the doctrine "presupposes the existence of an otherwise valid privilege." *Id.* at 249.  The Fourth Circuit decision cited by *Leader* did not conclude that the joint prosecution privilege may apply to communications between plaintiffs that bear no connection to counsel. *Leader* therefore lends no support to Plaintiffs' argument.

The last decision on which Plaintiffs rely fares no better.  In *Amphastar Pharms., Inc. v. Avventis Pharma SA*, the court explained that the joint defense privilege "expands the application of the [attorney-client privilege] to circumstances in which parties are represented by separate counsel but engage in a common legal enterprise"  No. EDCV 09-23-MJG (OPX), 2013 WL 12136380, at *4 (C.D. Cal. Aug. 9, 2013), *order clarified*, No. EDCV 09-23-MJG (OPX), 2013 WL 12149230 (C.D. Cal. Sept. 27, 2013).  The three out-of-Circuit cases *Amphastar* cites for that proposition demonstrate that the joint defense privilege, like the joint prosecution privilege, require that communication involve an attorney. In *United States v. Schwimmer*, for example, the Second Circuit defined the joint prosecution privilege as "an extension of attorney client privilege"— "[i]t serves to protect the confidentiality of communications passing from one party to the *attorney* for another party."  892 F.2d 237, 243 (2d Cir. 1989) (emphasis added).  In *Eisenberg v. Gagnon*, the court held that communication was encompassed by the joint defense privilege because it was "between a defendant and an *attorney* who was responsible for coordinating a common defense position." 766 F.2d 770, 787 (3rd Cir. 1985) (emphasis added); *see id.* at 787–88 (joint defense privilege encompasses "[c]ommunications to an attorney to establish a common defense strategy . . . even though the attorney represents another client with some adverse interests").  And in

*Matter of Bevill, Bresler & Schulman*, the last case cited by the district court, the Third Circuit made clear that the joint defense privilege is limited to "communications between an individual and an *attorney*."  805 F.2d 120, 125 (3rd Cir. 1986).  Neither *Amphastar* nor the cases it relies on extended the common interest doctrine to communication between parties that did not involve an attorney.

The communications that Plaintiffs seek to shield from production did not involve an attorney.  They are therefore unprotected by the joint prosecution privilege. This Court should reject Plaintiffs' request to expand the joint prosecution privilege in a way that protects broad swaths of correspondence entirely divorced from its underlying rationale:  to allow attorneys for different clients pursuing a common legal strategy to communicate with each other in confidence.  *See Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir. 1965).

### B.   PLAINTIFFS' POSITION

Cognizant seeks the production of 17 documents withheld pursuant to the joint prosecution privilege and an additional document redacted on the basis of the joint prosecution privilege. The joint prosecution privilege is a "'common-interest' doctrine[] that constitute[s] [an] exception[] to the rule on waiver." *Leader v. U.S. Dep't of Justice*, CV 11-540, 2012 WL 13027964, at *2 (D. Ariz. Aug. 9, 2012).[6] "'Whether an action is ongoing or completed, *whether the jointly interested persons are defendants or plaintiffs,* and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys *and with each other* to more effectively prosecute or defend their claims'" *Sedlacek v. Morgan Whitney Trading Grp., Inc.,* 795 F. Supp. 329, 331 (C.D. Cal. 1992)[7] (second

---

[6] Plaintiffs cite *Leader* only for the position that the joint prosecution privilege is also referred to as the common interest privilege.

[7] Plaintiffs cite *Sedlacek* because it extended the joint defense privilege to "cooperating plaintiffs," and don't seek to "reinvent the scope of the common interest

emphasis added) (quoting *In re Grand Jury Subpoenas,* 902 F.2d 244, 249 (4th Cir.1990)). "In order to ensure that inequities in discovery are not established in cooperating defendants' favor, . . . the common interest rule [has been extended] to cooperating plaintiffs" and "the privilege is not limited to co-parties." *Id.* Accordingly, "[t]he common interest [or joint prosecution] privilege  applies where: (1) the communication was made by separate parties in the course of a matter of common interest; (2) the communication was designed to further that effort; and (3) the privilege has not been waived." *Microban Sys., Inc. v. Skagit Nw. Holdings, Inc.*, No. C15-932, 2016 WL 7839220, at *1 (W.D. Wash. Aug. 17, 2016).

The joint prosecution privilege protects communications encompassed by the attorney-client privilege as well as communications encompassed by the work product doctrine. The attorney-client privilege applies "(1) [w]hen legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). For documents "'to qualify for protection . . . [as work product], documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative.'" *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting *In re California Pub. Utils. Comm'n,* 892 F.2d 778, 780–81 (9th Cir.1989)); Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.").

---

doctrine" as Cognizant asserts. *See* p. 9, *supra.* Plaintiffs do not cite *Amphastar Pharmaceuticals* discussed at length by Cognizant, *see* p. 10, but had previously cited that case in their letter to Cognizant for the position that the joint prosecution privilege this privilege applies also to both "litigation" and "potential litigation." *See* Ex. A at 5.

JOINT STIP. RE: DISCOVERY DISPUTE
Case No. 17-CV-6848 DMG (PLAx)

With respect to the 18 documents withheld (or redacted) pursuant to the joint prosecution privilege, additional details are provided below to substantiate Plaintiffs' claims without a waiver of the privilege.

| Bates | Parties with Common Interest | How Communication Was Designed to Further Common Interest | Underlying Privilege Not Waived |
|---|---|---|---|
| Pls-Cog-0316906 (redacted) | Plaintiffs Piroumian and Franchitti | September 16, 2016 Email chain gathering information in anticipation of litigation supporting claims. Plaintiffs redacted only the communication between Plaintiffs, and produced the remainder of the email. | Work product |
| Priv – 0000104 | Plaintiff Piroumian and Putative Class Member ▉▉ ▉▉ | October 2016 Email chain gathering information and preparing EEOC charges in anticipation of litigation supporting claims. Email chain specifically references advice from counsel concerning documents prepared in anticipation of litigation. | Work product and attorney-client privilege |
| Priv – 0000109 | Plaintiffs Palmer, Piroumian, and Franchitti | May to August 2017 Email chain gathering information and preparing response to EEOC charge in anticipation of litigation. **Email** | Work product and attorney-client privilege |

| | | chain includes communications between Plaintiff Palmer and Plaintiffs' counsel. | |
|---|---|---|---|
| Priv – 0000114 | Plaintiff Piroumian and Putative Class Member ███ ███ | October 2016 Email chain gathering information in anticipation of litigation supporting claims. | Work product |
| Priv – 0000117 | Plaintiffs Palmer and Piroumian | October 19, 2016 Email chain gathering information and preparing EEOC charges in anticipation of litigation supporting claims. | Work product |
| Priv – 0000119 | Plaintiffs Palmer and Piroumian | October 19, 2016 Email chain gathering information and preparing EEOC charges in anticipation of litigation supporting claims. | Work product |
| Priv – 0000120 | Plaintiffs Piroumian and Franchitti | April 26, 2017 Email chain gathering information in anticipation of litigation supporting claims and discussing litigation strategy. | Work product |
| Priv – 0000121 | Plaintiffs Palmer and Piroumian | October 19, 2016 Email chain gathering information and preparing EEOC charges in anticipation of litigation supporting claims. | Work product |
| Priv – 0000516 | Plaintiffs Palmer and Piroumian | October 31, 2016 Email chain gathering | Work product |

14

| | | information in anticipation of litigation supporting claims. | |
|---|---|---|---|
| Priv – 0000521 | Plaintiffs Palmer and Franchitti | October 14, 2016 Email chain gathering information in anticipation of litigation supporting claims. | Work product |
| Priv – 0000522 | Plaintiffs Palmer and Franchitti | October 13-14, 2016 Email Chain discussing preparation of EEOC charges in anticipation of litigation and referencing edits from counsel.[8] | Work product |
| Priv – 0000523 | Plaintiffs Palmer and Franchitti | October 13-14, 2016 Email Chain discussing preparation of EEOC charges in anticipation of litigation and referencing edits from counsel. | Work product |
| Priv – 0000524 | Plaintiffs Palmer and Franchitti | October 2015 Email discussing preparation of EEOC charges in anticipation of litigation. | Work product |
| Priv – 0000540 | Plaintiffs Palmer and Piroumian | September and October 2016 Email Chain gathering information | Work product |

---

[8] "[T]he sharing of counsel's advice among parties does not waive any privilege." *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 460 F.Supp.2d 915, 919 (S.D. Ind. 2006) (citing *IBJ Whitehall Bank & Trust Co. v. Cory & Assoc.*, No. CIV A. 98 C 5827, 1999 WL 617842, at *6 (N.D. Ill. Aug. 12, 1999)).

| | | supporting claims and preparing EEOC charges in anticipation of litigation. | |
|---|---|---|---|
| Priv – 0000571 | Plaintiffs Piroumian and Cox | May 5 and 8, 2017 Email Chain gathering information supporting claims in anticipation of litigation and specifically for counsel. | Work product |
| Priv – 0000572 | Plaintiffs Piroumian and Cox | May 5, 2017 Email Chain gathering information supporting claims  in anticipation of litigation and specifically for counsel. | Work product |
| Priv – 0000573 | Plaintiffs Piroumian and Cox | March 26, 2020 Email from Plaintiff Cox to **Plaintiffs' counsel, Lindsey Grunert, Esq.,** forwarding materials prepared in anticipation of litigation in March 2017. | Work product and attorney-client privilege |
| Priv – 0000575 | Plaintiffs Piroumian and Cox | Attachment to prior email which includes Plaintiffs' counsel. The document itself is material prepared for counsel supporting Plaintiffs' claims prior to the filing of the lawsuit in anticipation of litigation. | Work product |

16

Cognizant concedes that two documents, Priv – 0000109 and Priv – 0000573, which include communications with counsel, are privileged and should not be produced. *See* p. 5 n.5, *supra* ("Cognizant does not seek for Plaintiffs to produce any document that is a communication with counsel").

However, with respect to the remaining 16 documents, Cognizant ignores altogether the application of the work product doctrine to the communications and incorrectly argues that, for the communications to be considered privileged as an extension to the attorney-client privilege, an attorney must be present on the communications.  *See* pp. 7-8, *supra*.  First, the joint prosecution privilege clearly encompasses work product communications. *See United States ex. Rel. Saandi v. Material s& Electrochems. Rsch. Corp.*, CV 05-124, 2009 WL 10690273, at *8 (D. Ariz. July 14, 2009 (holding that the "Government holds a joint prosecution privilege over work product, including material prepared by the Relator in anticipation of litigation."). Second, as decided by district courts within the Ninth Circuit, an attorney need not be copied on joint prosecution communications to be protected as an extension of the attorney client privilege or work product doctrine. *Microban Sys.*, 2016 WL 7839220, at *1 (applying privilege to communications between non-lawyers where the communications involve opinions of counsel given to only one party and where "the interests of both [the parties] were aligned in attempt to determine the value of Microban's intellectual property, and to determine whether litigation would be required to secure the full value of those rights"); *W. Sugar Coop. v. Archer-Daniels-Midland Co.*, No. CV 11-3473, 2015 WL 12696192, at *1, 3-4 (C.D. Cal. Nov. 4, 2015) (finding communications between "Plaintiffs and like-minded groups" protected under the common interest privilege so long as they "focus on purely legal issues, like the proposed cease and desist order and the lawsuit that would follow if Plaintiffs' other efforts failed" to address Defendants' false advertising); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503, 2014 WL 1681623, at *1 (W.D. Wash. Apr. 28, 2014) ("The Court agrees with Plaintiffs that otherwise privileged communications with

17

investors or potential investors will not waive the privileged nature of that communication."); *cf. In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478 (S.D. Cal. 1977) ("In this case, Shea & Gould seeks production of all documents between . . . plaintiffs themselves concerning this lawsuit. Ordinarily, such a request seeks production of documents protected from discovery by the attorney-client privilege, work-product protection and/or joint prosecution privilege.").

Other courts are in accord. *See IBJ Whitehall Bank & Trust Co.*, 1999 WL 617842, at *6 (finding "a communication between two parties, each having a common interest in litigation, may be privileged if . . . the parties are communicating work product that is related to the litigation"); *Reginald Martin Agency, Inc.*, 460 F.Supp.2d at 919-20 ("[T]he Court agrees with the Plaintiffs that the common interest doctrine may prevent waiver of otherwise attorney-client privileged communications among these Plaintiffs even when counsel was not present" so long as the communications "concern the lawsuit, but also implicate counsel's legal advice or mental impressions"); *BASF Aktiengesellschaft v. Reilly Indus., Inc.* 224 F.R.D. 438, 442-43 (S.D. Ind. 2004) (letter prepared by plaintiff constituted work product, and such protection was extended under the common interest doctrine when shared with third party); *Ford Motor Co. v. Mich. Consol. Gas. Co.*, No. 08-CV-13503, 2013 WL 5435184, at *5 (E.D. Mich. Sept. 27, 2013) (finding "[a]ny communication between Ford and [Plaintiff] Severstal is protected by the common-interest privilege, provided that such communication contains privileged information and that Ford and Severstal's legal interest [i]s identical")

Because each of the documents withheld by Plaintiffs were communications between Plaintiffs or between Plaintiff Piroumian and another terminated employee who filed a class-based EEOC discrimination charge gathering information in anticipation of litigation (i.e., work product), the joint prosecution privilege is extended to these documents. Accordingly, Cognizant's motion to compel should be denied.

1    DATED: November 24, 2021          **KOTCHEN & LOW LLP**

2

3                                      By: /s/*Daniel Kotchen*
                                       Daniel Kotchen
4

5                                      Attorney for Plaintiffs

6

7    DATED: November 24, 2021          **GIBSON, DUNN & CRUTCHER LLP**

8

9                                      By: */s/ Michele L. Maryott*
                                       Michele L. Maryott
10

11                                     Attorney for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIP. RE: DISCOVERY DISPUTE
Case No. 17-CV-6848 DMG (PLAx)

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED:  November 24, 2021                    By: */s/ Michele L. Maryott*
                                                                   Michele L. Maryott

JOINT STIP. RE: DISCOVERY DISPUTE
Case No. 17-CV-6848 DMG (PLAx)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Court's CM/ECF system.

DATED:  November 24, 2021                    By: */s/ Michele L. Maryott*
                                                       Michele L. Maryott

21