UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.:  **CV 17-6848-DMG (PLAx)**                                                                 Date: **April 12, 2022**

Title:   **Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.**

---

**PRESENT:  THE HONORABLE     PAUL L. ABRAMS**
                                                  **UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**            **ATTORNEYS PRESENT FOR DEFENDANT(S):**
                     NONE                                                                                  NONE

**PROCEEDINGS:  (IN CHAMBERS)   Plaintiffs' Motion to Compel (ECF No. 250)**

On March 30, 2022, the parties in this action filed a Joint Stipulation (alternatively "JS" (ECF No. 251)) in support of their positions regarding plaintiffs' Motion ("Motion" or "Mot." (ECF No. 250)) seeking to compel defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively "defendants" or "Cognizant") to "provide discovery of an alleged instruction to destroy personnel data, about which [plaintiffs] were informed by a Cognizant whistleblower." (Mot. at 1; JS at 1).  Plaintiffs also submitted the declaration their counsel Daniel Kotchen ("Kotchen Decl.") and exhibits; defendants filed the declaration their counsel Katherine V.A. Smith and exhibits.  On April 6, 2022, plaintiffs filed their Supplemental Memorandum (alternatively "Supp'l Mem."), along with the supplemental declaration of Daniel Kotchen.  (ECF No. 252).  Having considered the pleadings submitted in connection with the Motion, the Court has concluded that oral argument will not be of material assistance in determining the Motion.  Accordingly, the hearing scheduled for April 20, 2022, is **ordered off calendar**.  See Local Rule 7-15.

By way of background, plaintiffs contend that on December 30, 2021, a "Cognizant whistleblower informed plaintiffs' counsel that, "following an August 17, 2021, court decision denying in part Cognizant's motion to dismiss in an ongoing visa fraud case brought under the False Claims Act, Cognizant instructed (via email) human resources personnel in Texas to destroy personnel data concerning Cognizant visa-dependent employees, and that this data was wiped as instructed." (JS at 1, 5 (citing Kotchen Decl. ¶ 2)).  The whistleblower stated that the email was sent in August 2021, "shortly after the [District Judge's] August 19, 2021 Order (Dkt. #157) related to migration glitch discovery, and shortly after Cognizant's motion to dismiss was denied on August 17, 2021 in a pending *qui tam* case [in the District of New Jersey] against Cognizant related to allegedly fraudulent visa practices." (Id. at 5 (citing Kotchen decl. ¶ 2)).

Plaintiffs believe "that the whistleblower is credible, especially in light of Cognizant's other discovery misconduct in this case." (Id. at 5).  They further contend that the discovery they are requesting now "would be responsive to two document requests that Plaintiffs issued to Cognizant on August 12, 2021." (Id. at 1).  Plaintiffs also state that they are concerned about "any such data instruction" because that "could indicate that the personnel data Cognizant produced in this case may be incomplete." (Id.).  They were "hopeful that they would be able to secure a copy of this email instruction independently and without Court intervention, but have

thus far been unable to do so." (Id. at 6).  They note that Cognizant "initially agreed, informally, to investigate and produce an instruction to wipe data or documents," but "has since reversed course and refuses to produce this discovery."  (Id. (citing Kotchen Decl. Exs. 2, 3)).

Plaintiffs request that the Court order Cognizant to "produce this email instruction, as well as all ESI containing or discussing any instruction to destroy personnel documents or data issued to human resources personnel in or around August 2021."  (Id. at 5).  They explain that they did not receive the information from the whistleblower "until after the October 2021 close of discovery, and therefore were unable to move to compel production of the documents at an earlier time."  (Id. at 6).  They argue that this "narrow request would not be burdensome, and is appropriate given the serious nature of the alleged destruction and [this] Court's [December 29, 2021, Order] finding that 'key documents from critical custodians have likely been lost, destroyed, and/or not timely produced [in this case] as a result of Cognizant's discovery actions and inactions, and that plaintiffs have been prejudiced as a result."  (Id. at 2 (citing ECF No. 235 at 17)).

Defendants respond that plaintiffs waited three months[1] after getting the December 30, 2021, information from the alleged whistleblower before sending defendants an informal email request asking defendants to produce all documents "concerning instructions to delete data and documents, including, but not limited to, instructions following the Court's August 17, 2021 Motion to Dismiss order in the qui tam case pending [in] the District of New Jersey."  (Id. (citing Smith Decl. Ex. B)).  Defendants state they take the allegation very seriously and are actively investigating "based on the limited information provided by Plaintiffs."  (Id.).  Although they requested further details from plaintiffs, plaintiffs "did not provide any."  (Id.).

Defendants contend that the Motion should be denied for three reasons:  (1) plaintiffs' Motion and informal request for production are both untimely; (2) plaintiffs' informal email request does not satisfy Rule 34; and (3) plaintiffs have not established a colorable justification for the Motion.[2]

**Plaintiffs' Motion and Informal Request for Production Are Both Untimely**

    **Migration Glitch Discovery**

Defendants note that plaintiffs' "informal [email] request"[3] to defendants on March 11, 2022, does not fall within

---

[1]  In fact, plaintiffs waited almost two and one-half months after receiving the information to seek information from defendants -- from December 30, 2021, when the whistleblower gave them the information, until March 11, 2022, when they sent the informal email request to defendants.

[2]  Because the Court determines that the Motion is untimely, it will not consider the parties' additional arguments.

[3]  Defendants observe that a request for production must meet certain requirements pursuant to Rule 34 of the Federal Rules of Civil Procedure, such as describing with reasonable particularity each item or category of items to be inspected; specifying a reasonable time, place, and manner for the inspection," and providing the responding party the opportunity to respond in writing within 30 days after being served with the requests.  Fed. R. Civ. P. 34(b)(1) & (2).  They assert that plaintiffs' March 11, 2022, email requesting documents relating to alleged instructions to delete data and documents, "fails to meet any of these requirements."  (JS at 3 (citation omitted)).

    Additionally, although plaintiffs contend that the information being sought is related to discovery
(continued...)

the limited scope of discovery permitted by the District Judge's January 4, 2022, Order extending the case schedule to April 22, 2022, for discovery arising from or related to the late production of information or documents due to defendants' "migration glitch." (Id. at 6-7 (citing ECF No. 237)). They contend that plaintiffs implicitly acknowledge that the discovery they are seeking does not arise out of or relate to the migration glitch. (Id. at 7 (citing Kotchen Decl. ¶ 2)). The discovery cut-off date for non-migration glitch discovery was October 15, 2021. (See ECF No. 237 at 1).

Plaintiffs respond that "an instruction to delete data falls squarely within the definition of 'migration glitch' discovery -- such discovery is not limited to the loss of documents in connection with Cognizant's transition to Office 365 . . . . Rather, 'migration glitch discovery' encompasses discovery concerning Cognizant's pattern of discovery misconduct." (Pls.' Supp'l Mem. at 1-2 (citing ECF 235 at 18-20)). That is, plaintiffs assert that this Court's December 29, 2021, Order found Cognizant's certifications -- which failed to explain that in searching for documents responsive to discovery defendants had only searched for email ESI (and that they had not searched for non-email ESI) -- to be "related to the late-discovered migration issue." (Id. at 2). Plaintiffs contend, therefore, that "[e]ven more than false certifications, the deletion of data is extreme discovery misconduct and is therefore timely 'migration glitch' discovery." (Id.).

This Court's December 29, 2021, Order specifically found that the false certifications made by defendants directly arose from or were related to the late-discovered migration issue or evidence produced belatedly because of it. (ECF No. 235 at 4). The Court did *not* find that defendants' sanctionable conduct by itself fell into the category of migration glitch discovery. Instead, defendants' false certifications regarding the scope of their document searches -- which the Court noted were acts of "*omission* during the discovery process" -- directly related to defendants' self-limited search for responsive documents both before and after the "migration glitch." The Court does not agree with plaintiffs that the information being sought is related to the migration glitch simply because they purportedly gleaned some information that they deem demonstrates allegedly more egregious behavior by defendants than was demonstrated by defendants' false certifications. It is not. Instead, the information being sought herein, to the extent any such information exists, appears to have arisen in response to an order that was issued in another action against Cognizant altogether, and is separate and apart from information that was not captured for production in *this* action due, at least in part, to defendants' migration of their data to Office 365.

Because the information sought by plaintiffs in their email request to defendants' counsel for production of information related to the alleged instruction to delete certain personnel data does not arise out of or relate to the migration glitch, as discussed below the Motion should have been heard (if at all) by October 15, 2021. The Motion, filed on March 30, 2022, is therefore untimely.

### District Judge Scheduling Order

Defendants also argue that the Motion is untimely because whether or not the information being sought is related to the migration glitch, it does not comply with the District Judge's October 29, 2019, Scheduling order, which provides that the discovery cut-off date "**IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE FILED AND SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, <u>INCLUDING ALL HEARINGS ON ANY RELATED MOTIONS</u>, IS TO BE COMPLETED.**" (JS at 7 (quoting Smith Decl.

---

³(...continued)
requests they served on defendants on August 12, 2021 (JS at 1& n.1), defendants provide arguments refuting that contention. (Id. at 9-10). In any event, even if construed as a motion to compel a further response to plaintiffs' Requests for Production numbers 39 and 41, the Motion is still untimely for the reasons stated herein.

Ex. A at 2 (emphases in original))).  That Order also provides that any discovery motion "must be filed, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date if the motion is granted."  (Id. (quoting Smith Decl. Ex. A at 2-3)).

Defendants point out that the Motion is noticed for April 20, 2022, "a mere two days before the [migration glitch] discovery cut-off," despite the fact that plaintiffs admit they received the information from the whistleblower on December 30, 2021 -- more than two full months before they first addressed this issue with defendants on March 11, 2022.  (Id. at 7-8).  Defendants contend that they "could have spent the last several months investigating the allegation and/or working with Plaintiffs to informally resolve any concerns" had they been informed earlier.  (Id.).

Plaintiffs respond that they informed defendants of the whistleblower's statements on March 17, 2022, "and Cognizant admittedly is 'actively investigating' the instruction to destroy data, so there is no reason that it will be unable to produce the information by the April 22, 2022 discovery cut-off."  (Pls.' Supp'l Mem. at 2).

Plaintiffs admittedly waited more than two full months after obtaining the purported information from the whistleblower before bringing it to defendants' attention in an informal email request; waited another week before informing defendants of the whistleblower's alleged statements; and then waited an additional two weeks to bring this Motion.  Although the Motion is scheduled for hearing two days prior to the discovery cutoff date, the Court does not find the hearing date to be *sufficiently* in advance of the discovery cutoff date to permit responses to be obtained before that date even if this Court were to consider the merits of the Motion and grant it.  For this additional reason, the Motion is untimely.

Because the Motion is not seeking documents or information related to migration glitch discovery and/or because it fails to comply with the District Judge's Scheduling Order, it is untimely.  Plaintiffs' Motion is **denied**.

Notwithstanding the foregoing, the Court acknowledges defendants' representation that they are "actively investigating the [whistleblower's] allegations," and is confident that defendants will not use this Order as a reason to discontinue that investigation.

IT IS SO ORDERED.

cc:     Counsel of Record

Initials of Deputy Clerk ____ch_____