UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (PLAx) | Date | May 16, 2023 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | 1 of 3 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| Kane Tien | Deborah Parker |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| Daniel A. Kotchen | Katherine V.A. Smith |
| Lindsey M. Grunert | Michele L. Maryott |
| Mark A. Hammervold | Elizabeth A. Dooley |
|  | Lauren M. Blas |
|  | Matthew T. Sessions |
|  | Richard J. Doren |
|  | Amber D. McKonly |
|  | Marcus Curtis |
|  | Mitchell Wellman |

**Proceedings:** FINAL PRETRIAL CONFERENCE

**PLAINTIFFS' DAUBERT MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF DR. MCCRARY [440]**

**PLAINTIFFS' MOTION IN LIMINE NO. 2 TO ADDRESS DEFENDANTS' OBJECTIONS TO THE AUTHENTICITY OF AND FOUNDATION FOR ITS OWN RECORDS AND DOCUMENTS DEFENDANTS PRODUCED IN DISCOVERY [441]**

**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING PLAINTIFF JEAN-CLAUDE FRANCHITTI'S PREVIOUS LAWSUIT AGAINST BLOOMBERG, L.P. [442]**

**PLAINTIFFS' MOTION IN LIMINE NO. 4 TO ADDRESS DEFENDANTS' OBJECTIONS TO ITS OWN COMMUNICATIONS AND DOCUMENTS BASED ON FED. R. EVID. 602 AND 701 [443]**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (PLAx) | Date | May 16, 2023 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | 2 of 3 |

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF EEOC LETTERS OF DETERMINATION [450]**

**DEFENDANTS' MOTION IN LIMINE NO. 4 [453]**

**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF ALLEGED "VISA FRAUD" [454]**

**DEFENDANTS' MOTION TO EXCLUDE PROPOSED EXPERT OPINION AND TESTIMONY OF DR. PHILLIP JOHNSON [459]**

**DEFENDANTS' MOTION TO EXCLUDE PROPOSED EXPERT OPINION AND TESTIMONY OF DR. RONIL HIRA [463]**

**DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF UNRELATED LAWSUITS AND LITIGATION DECISIONS [464]**

**DEFENDANTS'MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS OF PHILLIP M. JOHNSON [466]**

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF COMPLAINTS AND EEOC CHARGES [472]**

**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF DEFENDANTS' FINANCES AND WEALTH [473]**

The cause is called and counsel state their appearance. The Court invites counsel to respond to its tentative ruling on the motions *in limine* ("MIL"). The Court hears argument. A written order on the MILs will issue.

The Court sets the schedule for supplemental briefing on the following issues:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| Case No. | **CV 17-6848-DMG (PLAx)** | Date | May 16, 2023 |
|---|---|---|---|
| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.*** | Page | 3 of 3 |

| | |
|---|---|
| Plaintiffs' brief re procedure to determine amount of punitive damages[1]/Defendants' brief re severance of Plaintiffs' individual claims | May 23, 2023 |
| Defendants' opposition re procedure to determine amount of punitive damages/Plaintiffs' opposition re severance of Plaintiffs' individual claims | May 30, 2023 |

The parties shall meet and confer regarding a proposed date for the Court Trial on the disparate impact claim. A stipulation or joint report thereon is due by May 23, 2023.

The Final Pretrial Conference is held. The Court and counsel confer regarding the logistics of trial. The Jury Trial shall commence on Tuesday, June 13, 2023 at 8:30 a.m. and shall conclude within eleven (11) days. Each side shall be allotted 45 minutes to present its opening statements. On Phase I, each side shall be allotted twenty (20) hours for their respective case-in-chief (including direct and cross-examination). Counsel are instructed to familiarize themselves with the Court's audio-visual equipment prior to the first day of trial, as well as the Case Management Order [Doc. # 75] with regard to general decorum and courtroom procedures.

1:10

---

[1] The Court erred when it stated at the Final Pretrial Conference that Phase Two as to the amount of punitive damages would proceed *immediately* after Phase One if the jury found in favor of Plaintiffs on liability. In its October 27, 2022 Order re Motion for Class Certification, the Court already suggested that the amount of punitive damages would likely be addressed in Phase Two of the *Teamsters* framework at some point after the Phase One trial, but not immediately thereafter. [Doc. # 384 at 62.] Therefore, Plaintiffs are ordered to show cause in their supplemental briefing why the Court should not proceed consistent with that approach. The Court intends to set a different briefing schedule, if necessary, after the conclusion of the jury and court trials to determine how Phase Two of the *Teamsters* framework will proceed.