UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-6848-DMG (GJSx) | Date | July 24, 2024 |
| Title | Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al. | Page | 1 of 2 |

Present: The Honorable	DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO CONTINUE RETRIAL DATE [630]**

On January 23, 2024, the Court ordered the parties to meet and confer regarding new dates for the final pretrial conference and retrial in this case. [Doc. # 625.] The parties informed the Court that they agreed to September 10, 2024 for the final pretrial conference and September 24, 2024 for the trial. [Doc. # 626.] On June 28, 2024, Defendants filed a motion to continue the retrial date from September 24, 2024 to February 18, 2025 or later. [Doc. # 630.] The motion is fully briefed. [Doc. ## 631 ("Opp."), 632 ("Reply").] For the following reasons, the Court **DENIES** the motion.

When a party moves for modification of the scheduling order before the final pretrial conference, the "good cause" standard of Federal Rule of Civil Procedure 16 applies. Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.*

Defendants have failed to demonstrate that there is good cause for the requested continuance. Defendants argue that the continuance is warranted because Ms. Maryott and Mr. Doren, co-lead counsel in this action, both have other trials that are expected to last into September 2024. Specifically, Ms. Maryott's trial is expected to last from September 9, 2024 until September 20, 2024 ("*New Prime* trial") and Mr. Doren's trial is set to begin on August 12, 2024 and end on September 6, 2024. Declaration of Michelle L. Maryott ("Maryott Decl.") ¶ 10 [Doc. # 630-1]. Defendants were already aware, however, of the *New Prime* trial date when they agreed to the September 24, 2024 retrial date in this matter. Although the Court is certainly understanding of the fact that trials often do not proceed as scheduled, at a minimum, Defendants should have disclosed this potential conflict to Plaintiffs during their meet and confer so they could have taken

---

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-6848-DMG (GJSx) | Date | July 24, 2024 |
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | 2 of 2 |

this fact into consideration in proposing new dates. *See* Declaration of Daniel Kotchen ("Kotchen Decl.") ¶ 2 [Doc. # 631-1]. Further, while the trials are close in date to one another, they do not actually overlap. Even if there are unexpected delays in Ms. Maryott's *New Prime* trial, the Court is confident that one of Ms. Maryott's several highly skilled co-counsel will be able to adequately represent Defendants at trial.

In light of the foregoing, Defendants' motion to continue is **DENIED**. The final pretrial conference and retrial will proceed on September 10, 2024 and September 24, 2024, respectively, as scheduled.

**IT IS SO ORDERED.**