

FILED
CLERK, U.S. DISTRICT COURT

OCT - 4 2024

CENTRAL DISTRICT OF CALIFORNIA
BY &? DEPUTY

1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BRIAN COX and VARTAN                     )
    PIROUMIAN,                               )   Case No. CV 17-6848-DMG (PLAx)
12                                           )
                        Plaintiffs,          )
13                                           )   **FINAL INSTRUCTIONS**
                                             )
14            v.                             )
                                             )
15                                           )
    COGNIZANT TECHNOLOGY                     )
16  SOLUTIONS CORPORATION and                )
    COGNIZANT TECHNOLOGY                     )
17  SOLUTIONS U.S. CORPORATION,              )
                                             )
18                                           )
                        Defendants.          )
19                                           )
                                             )
20                                           )

21

22

23

24

25

26

27

28

## INDEX

| Number | Title | Page No. |
| --- | --- | --- |
| 1. | Duty of Jury | 4 |
| 2. | Claims and Defenses | 5 |
| 3. | "Class Action" Defined | 6 |
| 4. | Burden of Proof—Preponderance of the Evidence | 7 |
| 5. | What Is Evidence | 8 |
| 6. | What Is Not Evidence | 9 |
| 7. | Direct and Circumstantial Evidence | 10 |
| 8. | Ruling on Objections | 11 |
| 9. | Credibility of Witnesses | 12 |
| 10. | No Trial Transcript Available to Jury | 14 |
| 11. | Taking Notes | 15 |
| 12. | Stipulations of Fact | 16 |
| 13. | Deposition in Lieu of Live Testimony | 18 |
| 14. | Impeachment Evidence | 19 |
| 15. | Use of Interrogatories | 20 |
| 16. | Expert Opinion | 21 |
| 17. | Charts and Summaries Not Received in Evidence | 22 |
| 18. | Redacted Documents | 23 |
| 19. | Consideration of Evidence—Conduct of the Jury | 24 |
| 20. | Corporations—Fair Treatment | 26 |
| 21. | Liability of Corporations—Scope of Authority Not in Issue | 27 |
| 22. | Disparate Treatment—Introductory Instruction | 28 |
| 23. | Disparate Treatment—Pattern or Practice | 29 |
| 24. | Disparate Treatment—Definition of "Race" | 30 |
| 25. | Disparate Treatment—Definition of "National Origin" | 31 |
| 26. | EEOC Letters of Determination | 32 |

| | | |
|---|---|---|
| 27. | Punitive Damages | 33 |
| 28. | Affirmative Defense to Punitive Damages | 34 |
| 29. | Duty to Deliberate | 35 |
| 30. | Communication with Court | 36 |
| 31. | Return of Verdict | 37 |

# INSTRUCTION NO. 1

## Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 2
## Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs, Brian Cox and Vartan Piroumian, bring this class action lawsuit against Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively referred to as "Cognizant"). Cognizant is an information technology services and consulting company.

Cognizant employs roughly 40,000 people in the United States. Many Cognizant employees work on client-billable projects. When employees are taken off billable projects or are otherwise between billable projects, they are placed on unallocated status (called "the bench").

Plaintiffs represent a class of over 2,000 non-South Asian and non-Indian former employees who were terminated from the bench. Plaintiffs claim that Cognizant engaged in a pattern or practice of discrimination favoring employees of South Asian race and Indian national origin in terminations from the bench. Plaintiffs have the burden of proving their claims.

Cognizant denies Plaintiffs' allegations and denies that it engaged in a pattern or practice of discrimination against class members. To the extent that Plaintiffs seek punitive damages, Cognizant contends that it acted in good faith as an affirmative defense to such damages. Cognizant has the burden of proof on any affirmative defense. Plaintiffs deny the affirmative defense.

**INSTRUCTION NO. 3**

**"Class Action" Defined**

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiffs Brian Cox and Vartan Piroumian bring this action as the class representatives.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of class members in this case, not everyone in the class will have testified. You may assume that the evidence at this trial applies to all class members except where I specifically tell you otherwise. All class members will be bound by the result of this trial.

In this case, the classes consist of the following:

For the claim alleging a violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981:

- Between September 18, 2013 and October 27, 2022, all individuals who are not of South Asian race and who were terminated from the bench while employed as an Associate, Senior Associate, Manager, Senior Manager, Associate Director, Director, and Senior Director in the U.S., excluding any individuals bound by an agreement to arbitrate termination claims with Cognizant.

For the claim alleging a violation of Title VII of the Civil Rights Act of 1964:

- Between December 15, 2016 and October 27, 2022, all individuals who are not of South Asian race or Indian national origin and who were terminated from the bench while employed as an Associate, Senior Associate, Manager, Senior Manager, Associate Director, Director, and Senior Director in the U.S., excluding any individuals bound by an agreement to arbitrate termination claims with Cognizant.

That certain employees seek to represent other employees in this litigation does not change the burden of proof.

# INSTRUCTION NO. 4

## Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 5**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

# INSTRUCTION NO. 6

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that was excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 7

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  Other evidence, however, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 8**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered, or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION NO. 9

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but you do not necessarily have to decide that testimony is untrue just because it differs from other testimony.

If you decide that a witness has deliberately testified untruthfully about something important, however, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1         The weight of the evidence as to a fact does not necessarily depend on the number
2    of witnesses who testify.  What is important is how believable the witnesses were, and how
3    much weight you think their testimony deserves.

**INSTRUCTION NO. 10**

**No Trial Transcript Available to Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial testimony.

**INSTRUCTION NO. 11**

**Taking Notes**

You may have taken notes during the trial to help you remember the evidence. If you have taken notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**INSTRUCTION NO. 12**

**Stipulations of Fact**

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved:

a.  Cognizant is an American multinational corporation that provides information technology, consulting, and staffing services to customers worldwide.

b.  Cognizant Technology Solutions Corporation is incorporated in Delaware and maintains its headquarters in Teaneck, New Jersey.  It is the parent company of Cognizant Technology Solutions U.S. Corporation.

c.  Cognizant Technology Solutions U.S. Corporation was incorporated in 1996. It operates as a subsidiary of Cognizant Technology Solutions Corporation and is headquartered in College Station, Texas.  Cognizant Technology Solutions U.S. Corporation hired and employed Plaintiffs in the U.S.

d.  Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation should be considered a single entity for purposes of liability in this case.

e.  Cognizant employs more than 40,000 employees in the United States.

f.  Cognizant contracts with U.S. companies to provide IT-related services and consulting.  Once it secures a contract with a client, Cognizant works with the client to staff individuals to service the client.  Cognizant staffs these positions from individuals currently employed by Cognizant and/or from external applicants.

g.  Edward Cox began working for Cognizant in January 2014 as an Infrastructure Engagement Manager/Program Manager supporting infrastructure services, staffing, and delivery for North American clients.  This was a Director-level role.

h.  Mr. Cox reported to Anil Bhandari during his first year at Cognizant.

i.  Starting in 2015, Mr. Cox began reporting to Deepak Parameswaran, Senior Vice President, Infrastructure Services.

j.  In early 2016, Mr. Cox began reporting to Bala Balasubmaranian, a Senior Director.

k.  In January 2017, Mr. Cox's manager, Mr. Balasubmaranian, informed him that he would be sent to the Corporate Deployment Pool also known as the "bench."

l.  Mr. Cox was terminated from the bench on April 3, 2017.

m.  Mr. Cox was terminated without severance.

n.  Mr. Cox died on March 28, 2021.

o.  On June 16, 2022, Brian Cox, Mr. Cox's son was substituted in this case as a named plaintiff.

p.  Plaintiff Vartan Piroumian is of Caucasian race and American national origin. He started at working for Cognizant as an Enterprise Architect on April 1, 2012.

q.  On August 2, 2017, Cognizant terminated Mr. Piroumian from the bench.

r.  During the class period, Cognizant received additional discrimination complaints, including complaints lodged with the EEOC and through Cognizant's Convercent complaint process, that were not introduced into evidence.

**INSTRUCTION NO. 13**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Helen Kim was taken on October 31, 2021 and December 6, 2021. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**INSTRUCTION NO. 14**

**Impeachment Evidence**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NO. 15**

**Use of Interrogatories**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**INSTRUCTION NO. 16**

**Expert Opinion**

You have heard testimony from Ronil Hira, Ph.D. and Phillip Johnson, Ph.D., who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### INSTRUCTION NO. 17

### Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.

You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 18**

**Redacted Documents**

Some of the documents that were admitted into evidence have been partially redacted, meaning certain contents of the documents have been blacked out. There are various reasons why redactions are necessary. You may give the unredacted information in any documents whatever weight you choose. You should not, however, consider the redacted portions. Do not speculate on the content of the redacted information or the reasons for its redaction.

# INSTRUCTION NO. 19

## Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, tweet, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X (formerly known as Twitter), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or

1    hear anything touching on this case in the media, turn away and report it to
2    me as soon as possible.

3        These rules protect each party's right to have this case decided only on evidence
4    that has been presented here in court.  Witnesses here in court take an oath to tell the truth,
5    and the accuracy of their testimony is tested through the trial process.  If you do any
6    research or investigation outside the courtroom, or gain any information through improper
7    communications, then your verdict may be influenced by inaccurate, incomplete, or
8    misleading information that has not been tested by the trial process.  Each of the parties is
9    entitled to a fair trial by an impartial jury, and if you decide the case based on information
10   not presented in court, you will have denied the parties a fair trial.  Remember, you have
11   taken an oath to follow the rules, and it is very important that you follow these rules.

12       A juror who violates these restrictions jeopardizes the fairness of these proceedings,
13   and a mistrial could result that would require the entire trial process to start over.  If any
14   juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 20**

**Corporations—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 21**

**Liability of Corporations—Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, and unless I instruct you otherwise, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**INSTRUCTION NO. 22**

**Disparate Treatment—Introductory Instruction**

Plaintiffs' claims of disparate treatment discrimination are brought under 42 U.S.C. § 2000e-2 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

Title VII makes it an unlawful employment practice for an employer to discharge any individual or otherwise discriminate against any individual with respect to the individual's terms and conditions of employment on the basis of the individual's race or national origin.

Section 1981 prohibits discrimination against an employee because of the person's race.

**INSTRUCTION NO. 23**

**Disparate Treatment—Pattern or Practice**

Plaintiffs claim that Cognizant had a pattern or practice of discriminating against employees of non-South Asian race and/or non-Indian national origin who were terminated from the bench. To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence that race- or national origin-based discrimination was Cognizant's regular practice, rather than something unusual. If you find that Plaintiffs have not proved this, you must find for Cognizant.

Cognizant cannot be liable unless Plaintiffs prove that Cognizant acted with discriminatory intent. Thus, if you find that Plaintiffs have not shown that Cognizant acted with discriminatory intent, you must find for Cognizant.

"Intentional" conduct means conduct that is purposeful. Intentional discrimination does not require malice or hostility toward a protected group. Further, mere awareness of adverse consequences a policy would have on a protected group is inadequate to show discriminatory intent.

A plaintiff is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts. In some situations, discriminatory intent can be inferred from evidence of a pattern or practice. Such situations occur only where there is a stark or clear pattern, unexplainable on grounds other than race or national origin.

**INSTRUCTION NO. 24**

**Disparate Treatment—Definition of "Race"**

The term "race" refers to a social grouping based on ancestry, ethnic characteristics, and/or physical characteristics. "South Asian race" refers to individuals who trace these characteristics to the Indian sub-continent.

**INSTRUCTION NO. 25**

**Disparate Treatment—Definition of "National Origin"**

The term "national origin" means the country where a person was born or the country from which the person's ancestors came. Therefore, the fact that a person is a "citizen" of a country does not necessarily establish that is the country of that person's "national origin."

"Indian national origin" refers to individuals born in India or whose ancestors came from India.

**INSTRUCTION NO. 26**

**EEOC Letters of Determination**

You have seen certain letters of determination from the Equal Employment Opportunity Commission ("EEOC").  Plaintiffs claim these letters are evidence that Cognizant engaged in a pattern or practice of discrimination and support Plaintiffs' claim for punitive damages, which Cognizant disputes.

Although you may consider these letters in deciding whether Cognizant engaged in such a pattern or practice, the EEOC's determinations are not binding or conclusive and the letters need be given no greater weight than any other evidence before you.  You, the jury, and not the EEOC, are charged with deciding whether there was a violation of the law.

**INSTRUCTION NO. 27**

**Punitive Damages**

If you find for Plaintiffs on their claims that Cognizant engaged in a pattern or practice of discrimination, you will need to determine whether punitive damages may be available to class members who may later pursue individual claims for damages (*i.e.*, money) against Cognizant. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages are not available to compensate a plaintiff.

Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages are available.

You may determine punitive damages are available only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

# INSTRUCTION NO. 28

## Affirmative Defense to Punitive Damages

A defendant is not liable for punitive damages if the discriminatory decisions were made by the defendant's managerial employees and those decisions were contrary to the employer's good faith efforts to comply with federal anti-discrimination laws. Cognizant bears the burden of proof to establish this defense.

To avail itself of this defense, a defendant must show the following:

1.    The discrimination was engaged in by the defendant's managerial employees; and

2.    The defendant made a good faith attempt to comply with federal anti-discrimination laws.

A managerial employee is defined as an employee who does not have complete authority and discretion over a particular aspect of the employer's business. In determining whether an employee was a managerial employee of Cognizant, you should consider the kind of authority Cognizant gave the employee, the amount of discretion the employee had in carrying out his or her job duties, and the manner in which the employee carried them out. However, if the employee was so senior in the company as to be a proxy for the company, the employee is not a "managerial employee."

# INSTRUCTION NO. 29

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 30**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 31**

**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.