Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
Mark Hammervold
mhammervold@kotchen.com (*pro hac vice*)
**KOTCHEN & LOW LLP**
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, BRIAN COX, and JEAN-CLAUDE FRANCHITTI,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-6848 DMG (GJSx)<br><br>**DECLARATION OF DANIEL KOTCHEN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF INTERIM FEES AND EXPENSES**<br><br>Hearing Date: December 13, 2024<br>Time: 9:30 a.m.<br>Place: Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

I, Daniel Kotchen, declare as follows:

1. I am an attorney licensed to practice law in Wisconsin and the District of Columbia. I am a partner with Kotchen & Low LLP ("K&L") and represent Plaintiffs and the Class in the above-captioned matter. I am over the age of eighteen and have personal knowledge of the facts set forth herein.

2. I have been licensed to practice law in Wisconsin since 1998 and in Washington, D.C. since 2001. I remain in good standing in both Wisconsin and the District of Columbia and have never been disciplined by either bar.

3. I am admitted in the federal district courts for, *inter alia*, the Eastern and Western Districts of Wisconsin, the Eastern and Western Districts of Michigan, and the District of Columbia. I am admitted in the U.S. Courts of Appeals for the Second, Sixth, and Ninth Circuits.

4. I attended Wisconsin Law School, where I received a JD and MBA in December 2007. I received my undergraduate degree from the College of Wooster.

5. Daniel Low and I founded Kotchen & Low LLP ("K&L") in March 2008. Prior to that, I worked: (a) within the Federal Trade Commission's Bureau of Competition (1998-2001); (b) as an associate for Skadden, Arps, Slate, Meagher & Flom (2001-2002); (c) as an associate with Boies, Schiller & Flexner LLP (2002-2005); (d) in a dual legal and business role for Kimberly Clark, Inc. (2006-2007); and (e) as a solo practitioner with Kotchen LLC (2007-March 2008).

6. K&L is a boutique law firm specializing in complex commercial litigation cases. The firm has taken on a number of complex cases, with the goal of zealous representation of the under resourced impacted by the practices of sophisticated, resourced corporations. For example, in complex commercial cases, we have represented: (a) individuals in discrimination cases,[1] (b) governmental entities, including individuals representing the government, in fraud on the government cases,[2] (c) small grocers and consumer product manufacturers in Sherman Act § 1 cases,[3] and (d) individuals (and small companies) in Sherman Act § 1 and fraud cases.[4] We have taken on difficult cases representing women victimized by sexual assault and harassment, and individuals in a number of single plaintiff arbitration matters challenging corporate practices.

---

[1] *See, e.g.*, *Heath v. Google, Inc.*, No. 5:15-cv-01824 (N.D. Cal.) (age discrimination collective action on behalf of 227 class members that settled for $11 million); *Buchanan v. Tata Consultancy Services, Ltd.*, No. 4:15-1696-YGR (N.D. Cal.) (pattern or practice discrimination case alleging favoritism towards South Asians and Indians, tried to a jury); *Palmer v. Cognizant Tech. Sols. Corp.*, No. 2:17-cv-0648 (C.D. Cal.) (pattern or practice discrimination case alleging favoritism towards South Asians and Indians, jury verdict in favor of Plaintiffs and the class); *Meyenhofer v. Larsen & Toubro Infotech Ltd.*, No. 19-CV-9349 (S.D.N.Y.) (certifying class of approximately 460 individuals for purposes of $4.65 million settlement).

[2] *See, e.g., In re McKesson Governmental Entities Average Wholesale Price Litigation*, No. 08-cv-10843-PBS (D. Mass.) (RICO lawsuit in the pharmaceutical industry that settled for $82 million).

[3] *See, e.g.*, *Mr. Dee's Inc. v. Inmar, Inc.*, No. 1:19CV00141 (M.D.N.C.) (certified class action involving price fixing and market allocation, awaiting trial); *In re Wholesale Grocery Antitrust Litigation*, MDL 2090 (D. Minn.) (antitrust market allocation case that settled for $8.75 million).

[4] *See, e.g., In re Delta / AirTran Baggage Fee Antitrust Litig.*, MDL 20989 (N.D. Ga.) (class action price-fixing lawsuit in which a class of millions of class members was certified).

7. K&L's zealous representation of clients has resulted in high-profile jury trials and multiple confidential arbitrations. As to jury trials, since 2017, in cases in which K&L has served as lead counsel, we have won two jury trials, had a jury trial end in a mistrial, and lost a jury trial (after two days of jury deliberations). In 2018, in a case in which K&L has served in a second chair role with my and Mr. Low's former law firm (Boies, Schiller & Flexner LLP) serving as first chair, we lost a jury trial. Prior to 2017, I have been involved in a number of other trials, including in jobs prior to K&L, but not in a leadership role.

8. K&L has taken the lead on a number of appeals, including in the Ninth Circuit, Second Circuit, Sixth Circuit, District of Columbia Circuit, and Federal Circuit Court of Appeals.

9. Given the nature of the cases we take on, the quality of our work, our orientation towards zealous representation of the under resourced, and the overall culture of our firm, K&L is routinely approached by other lawyers about job opportunities and the potential for growth, including lawyers adverse to K&L who reach out after their adverse representation concludes. Mr. Low and I have had to defer those conversations, as the Cognizant case has significantly strained the firm's resources.

## CASE OVERVIEW

10. Since its inception in May 2017, I have led the investigation and prosecution of this case, working with the other K&L attorneys regarding allocation of tasks as well as interfacing with clients and class members about the case. This case has had one unique

feature (unprecedented in my experience) that created a distinct need for effective leadership and client confidence: Cognizant's retaliatory lawsuit against Plaintiffs, discussed in Paragraph 14, below, designed, in my view, to bully Plaintiffs into dropping their claims.

11. K&L billed over 15,000 hours over this case's more than seven-year time span. Plaintiffs filed their initial class action complaint on September 18, 2017. Dkt. 1. Cognizant then filed three rounds of motion to dismiss briefing. Dkts. 16, 34, 48. While the motions to dismiss were pending, Cognizant fought against starting discovery, even though the third motion to dismiss only addressed part of one of Plaintiffs' claims. *See* Dkt. 57 at 1. Discovery commenced in late 2019 and spanned over two years. This Court granted three extensions to the initial September 16, 2020 fact discovery cut-off (Dkt. 75-1), twice by stipulation, Dkts. 79, 143, and a third time in light of a serious discovery issue whereby Cognizant limited its collection of custodial ESI by failing to search emails archived on individual laptop hard drives, resulting in the loss of critical custodial ESI in this matter. Dkts. 154, 157.

12. Discovery has been contentious, requiring Plaintiffs to file multiple Joint Stipulations and Motions to Compel. *See, e.g.*, Dkts. 80, 80-1, 104, 105 149, 150, 168, 169, 170, 171. This Court sanctioned Cognizant twice for its discovery misconduct and loss of custodial ESI from executives who failed to return their Cognizant laptops upon their departure from the company. *See* Dkt. 180 at 20; Dkt. 235 at 15-18.

13.     Cognizant produced over 656,000 documents, which included its applicant and employee data, and Plaintiffs produced over 6,000 documents, plus Plaintiffs Piroumian, Franchitti, and Cox's Cognizant email boxes (backed up and preserved as .pst files), which contained thousands of emails and attachments. There were over 15 witnesses deposed in the case, and over 20 depositions, which included three Rule 30(b)(6) depositions and five expert depositions, along with the depositions of the Named Plaintiffs (with the exception of Edward Cox, who passed away) and fact witnesses.

14.     Cognizant has gone to great lengths in this litigation not only to shield Plaintiffs from critical discovery, but also to punish and retaliate against Plaintiffs for their meritorious claims. For instance, during the pendency of this litigation, Cognizant sought to retaliate against Plaintiffs Edward Cox, Vartan Piroumian, and Jean-Claude Franchitti, and to pressure them to withdraw from the suit, by suing them in New Jersey, claiming they had violated the terms of their non-disclosure agreements by preserving their Cognizant email boxes in pursuit of litigation (as required by law and the EEOC's instruction that they preserve documents relating to their legal claims), and seeking the return of the full salary they had received from Cognizant as damages. *See* Dkt. 502; Compl., Dkt. 1-2, *Cognizant Tech. Sols. Corp.*, *v. Franchitti*, No. 21-cv-16937 (D.N.J. Sept. 14, 2021) (removing July 23, 2021 complaint to federal court). When Cognizant learned that Edward Cox had passed away from cancer, and that his widow, Ann Cox, was being substituted as a plaintiff in this action, Dkt. 159, Cognizant tried to substitute her as

a defendant in New Jersey before she passed away.[5] Never before had Cognizant sued a former employee for retaining Cognizant documents or assets, including key custodians in this matter who failed to return their Cognizant laptops that would have contained responsive ESI. *See* Dkt. 532 at 9. Ironically, during its cross-examination of Plaintiff Piroumian at trial, Cognizant relied on a number of documents it sued Plaintiff Piroumian for preserving, whereas Plaintiffs relied on few if any such documents. *See, e.g.*, TX-624, TX-626, TX-631, TX-633, TX-634, TX-637, TX-638, TX-639, TX-640, TX-643, TX-650, TX-651 (exhibits admitted by Cognizant from Plaintiff Piroumian's .pst file).

15. This case has been tenaciously litigated, and has involved extensive motions practice, including *Daubert* motions related to all three testifying expert witnesses (Dkts. 281, 285, 440), a partial summary judgment motion (Dkt. 266), a motion for class certification (Dkt. 256), a Rule 23(f) petition, a motion to stay (Dkt. 412), a motion to de-certify the class (Dkt. 613), eleven motions *in limine* (*see* Dkt. 516, 532), a motion to postpone trial (Dkt. 630), two pre-verdict Rule 50(a) motions (Dkts. 561, 657), two post-trial Rule 50(b) motions (Dkts. 610, 683), numerous motions to seal, and miscellaneous other motions.

---

[5] I want the record to reflect her extraordinary contributions to this case. After Cognizant sought to join her as a defendant in New Jersey – seeking from her all of Mr. Cox's salary, an amount Ms. Cox could not afford – she worked closely with me and Ms. Grunert both on this case and the New Jersey case, even during her darkest days when she could barely speak after chemotherapy treatments. It was clear Ms. Cox was terminally ill, and she entrusted K&L to protect her family's interest and vindicate Mr. Cox's belief that Cognizant's discriminatory practices had to be addressed.

16. Cognizant has staffed this case more heavily than Plaintiffs. Nine attorneys have entered appearances in this case for Cognizant, all of whom work for the law firm Gibson Dunn & Crutcher ("Gibson Dunn"). Based on information on the Gibson Dunn website, seven are partners, and two are senior associates, namely: Richard Doren (partner), Michele Maryott (partner), Lauren Blas (partner), Katherine Smith (partner), Elizabeth Dooley (partner), Theodore Boutrous, Jr. (partner), Karl Nelson (partner), Matthew Sessions (associate who currently has 9 years' experience), and Amber McKonly (associate with 7 years' experience). I am also aware of junior or mid-level associates working on the case for Gibson Dunn who have not entered appearances.

17. Gibson Dunn typically has had more attorneys present for hearings than Plaintiffs' counsel. Gibson Dunn had nine attorneys at the 2023 pretrial conference, compared to three for Plaintiffs. Dkt. 517. Gibson Dunn's nine attorneys were: Richard Doren (partner), Michele Maryott (partner), Lauren Blas (partner), Katherine Smith (partner), Elizabeth Dooley (partner), Matthew Sessions (associate with 9 years' experience), Amber McKonly (associate with 7 years' experience), Marcus Curtis (associate with 9 years' experience), and Mitchell Wellman (associate with 2 years' experience). *Id.* Gibson Dunn had five attorneys (all partners) at the 2024 pretrial conference, compared to one for Plaintiffs. Dkt. 637.

18. Based on taking or defending most of the depositions in this case, and reviewing transcripts for other depositions, I am aware that Gibson Dunn had more attorneys at depositions, on average, than Plaintiffs. For example, Gibson Dunn had two

attorneys present compared to one for Plaintiffs at the depositions of Jean-Claude Franchitti, Helen Kim (first deposition), Justin McCrary (second deposition), Christy Palmer, Phillip Johnson, Ronil Hira (both depositions), Venugopal Padmanabhan (first deposition), and James Fullerton. Gibson Dunn had three attorneys present compared to one for Plaintiffs for the deposition of Vartan Piroumian.

19. Gibson Dunn likely had more than twice as many attorneys and staff working on the trials compared to Plaintiffs. For example, the nine Gibson Dunn attorneys at the first pre-trial conference presumably all worked on one or both trials, even if they did not all enter appearances at trial. For example, senior associate Matthew Sessions was present at the first pre-trial conference, and his lack of availability during part of June 2024 was cited by Cognizant as one of the reasons Cognizant could not proceed with trial during that month, indicating that he was part of Gibson Dunn's trial team. Dkt. 630-3 at 3.

20. Based and my understanding and experience of large firm staffing, Gibson Dunn almost certainly would have had multiple junior associates working on the trials who did not appear at the pre-trial conference or trial or enter appearances in the case. During trial, Gibson Dunn had at least 5 partners, 1 associate, 1 paralegal, and 1 IT support person who were consistently seated at one of Cognizant's two counsel tables. Plaintiffs' counsel observed several other Gibson Dunn personnel, including attorneys, in the gallery and/or the attorneys' lounge. By contrast, Kotchen & Low LLP had only 5 individuals working on the trials, of whom only 2 are partners.

21.     On June 24, 2023, after a jury note indicated that the jury could not reach a unanimous verdict (Dkt. 575), Plaintiffs asked Cognizant if it would stipulate to a less-than-unanimous verdict. Cognizant refused. The trial ended in a hung jury, with six of eight jurors favoring Plaintiffs. Because Cognizant was unwilling to stipulate to a less than unanimous verdict, the parties and the Court were required to undergo the time and expense of a second jury trial.

22.     On October 4, 2024, after the jury returned its verdict in favor of Plaintiffs, I spoke with Michelle Maryott, a partner at Gibson Dunn, who said that I would be seeing her "for the next 60 years" in connection with Phase Two of the pattern or practice proceeding. Plaintiffs proposed several Phase Two alternatives that provide an expeditious manner for resolving class members' claims and conserve party and judicial resources, including pursuing settlement or alternative dispute resolution, appointment of a special master, or group hearings. Dkt. 256-112; Email from L. Grunert to A. McKonly (Oct. 15, 2024), attached as Ex. A. Cognizant rejected each proposal, insisting on individual trials for the 2,347 class members. Email from A. McKonly to L. Grunert (Oct. 16, 2024), Ex. A.

23.     As Cognizant is aware, the Court's class certification order stated that the Court "is confident that, together with the parties, it will be able to establish a workable plan for resolving Phase Two of Plaintiffs' claims, should they survive Phase One." Dkt. 384 at 68; *see also Williams v. Boeing Co.*, 225 F.R.D. 626, 640 (W.D. Wash. 2005) (noting that there is no right to a jury for disparate impact claims and that "[t]his difference

has important manageability implications"); *Allison v Citgo Petroleum Corp*, 151 F.3d 402, 409 (5th Cir. 1998) (for disparate impact claims, "courts, without the need to consider the implications of a jury trial, developed techniques such as the use of special masters to streamline the process"). I understand Cognizant's threats of a protracted and prolonged Phase Two process to be empty threats, but they nonetheless underscore Cognizant's goal of delay and attrition, which Plaintiffs take seriously, particularly considering Cognizant's history in this case.

24. In its most recent quarterly SEC filing, Cognizant has vowed to appeal the jury verdict and class certification. *See* Cognizant Q3 2024 SEC Form 10-Q at 24-25 (Oct. 31, 2024) ("Cognizant will continue to vigorously defend itself in the second phase of this case and to pursue all available appellate arguments concerning class certification and the September 24, 2024 trial at the appropriate time.").

25. Plaintiffs retained two testifying experts, consulting experts, and a jury consultant. Plaintiffs' economic expert, Dr. Phillip Johnson, produced four reports in the case totaling over 125 pages (including exhibits). Plaintiffs' industry expert, Dr. Ronil Hira, produced two reports totaling over 90 pages (including exhibits). Cognizant retained an economic expert, Dr. Justin McCrary, who produced reports totaling over 215 pages (including exhibits). Cognizant also retained an undisclosed number of consulting experts, and two jury consultants. Cognizant had two jury consultants at trial, whereas Plaintiffs employed only one jury consultant. Trial Tr. 5:15-22 (Sept. 24, 2024).

26. Kotchen & Low LLP has served as lead counsel in several similar lawsuits alleging a pattern or practice of race or national origin discrimination against IT consulting companies that favor Indians or South Asians. Plaintiffs have tried one other such case and lost at trial. *See Slaight v. Tata Consultancy Servs.*, 842 F. App'x 66 (9th Cir. 2021). In some of the other cases, Plaintiffs lost on class certification. *See, e.g.*, *Phillips v. Wipro, Ltd.*, No. 4:18-CV-821, 2022 U.S. Dist. LEXIS 241747 (S.D. Tex. Mar. 14, 2022); *Handloser v. HCL Techs. Ltd.*, No. 19-CV-01242, 2021 U.S. Dist. LEXIS 45183 (N.D. Cal. Mar. 9, 2021).

27. On October 28, 2024, Plaintiffs emailed Cognizant to inform Cognizant that they intended to file a fee motion and a motion for fee-related discovery, requested to meet and confer, and attached a draft document request seeking documents sufficient to show Cognizant counsel's billing rates, number of hours billed, lodestar, and expenses, along with expert billing rates.

28. Plaintiffs conferred with Cognizant pursuant to Local Rules 7-3 and 37-1 on November 4, the earliest available date offered by Cognizant. Cognizant represented that it intended to oppose Plaintiffs' fee motion, and to oppose the requested discovery.

29. My customary practice is to keep contemporaneous billing records of all billable time I spend on a matter. The billing records for my time that are being submitted in this case are true and correct copies of my billing records, and accurately reflect my efforts on this case. The time that I billed to this matter was reasonably necessary to achieve success in this case given the intensity and complexity of this litigation. The time

I billed to this matter also understates the amount of time I spent on this case, as I often would not bill for consultations with other K&L lawyers, clients, class members, or witnesses.

DATED: November 15, 2024                    By: s/Daniel Kotchen

# Exhibit A

Lindsey Grunert <lgrunert@kotchen.com>

## Palmer v. Cognizant - Joint Status Report and Phase Two

**McKonly, Amber D.** <AMcKonly@gibsondunn.com>                                       Wed, Oct 16, 2024 at 2:45 PM
To: Lindsey Grunert <lgrunert@kotchen.com>, Dan Kotchen <dkotchen@kotchen.com>, "dlow@kotchen.com" <dlow@kotchen.com>, "mhammervold@kotchen.com" <mhammervold@kotchen.com>, Amanda Burns <aburns@kotchen.com>
Cc: "Doren, Richard J." <RDoren@gibsondunn.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Smith, Katherine V.A." <KSmith@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Dooley, Elizabeth Aislinn" <EDooley@gibsondunn.com>

Lindsey,

The proposed joint report is approved.  Thanks for putting it together.

We will confer internally about our availability for the named plaintiffs' trials and get back to you.  If there are dates that do not work on your end, please share those now.

With respect to Phase Two, as we've noted before, we oppose the options you list below.  We suggest that the parties submit a separate joint statement laying out their respective positions regarding Phase Two procedures for the Court's consideration.

Thanks,

Amber

**Amber D. McKonly**
(*she / her*)

T: +1 949.451.4029 | M: +1 720.612.3779
AMcKonly@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive Suite 1200, Irvine, CA 92612-4412

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Tuesday, October 15, 2024 10:08 AM
**To:** McKonly, Amber D. <AMcKonly@gibsondunn.com>; Dan Kotchen <dkotchen@kotchen.com>; dlow@kotchen.com; mhammervold@kotchen.com; Amanda Burns <aburns@kotchen.com>
**Cc:** Doren, Richard J. <RDoren@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>;

Smith, Katherine V.A. <KSmith@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Dooley, Elizabeth Aislinn <EDooley@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant - Joint Status Report and Phase Two

---

Counsel,

Attached, please find a draft of the Joint Status Report regarding disparate impact. Please let us know if you have any edits.

With respect to Phase Two for the class disparate treatment claims, we think settlement, ADR, appointment of a special master, and/or group hearings would be the most efficient (as opposed to individual trials). Please let us know which of these options Cognizant is opposed to and which it is open to pursuing for Phase Two.

In the meantime, can you also let us know when Cognizant is available to try the individual claims of the Named Plaintiffs? We'd like to get those trial dates scheduled as soon as possible.

Thanks,

Lindsey

---

**From:** "McKonly, Amber D." <AMcKonly@gibsondunn.com>
**Date:** Monday, October 14, 2024 at 7:15 PM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, Dan Kotchen <dkotchen@kotchen.com>, "dlow@kotchen.com" <dlow@kotchen.com>, "mhammervold@kotchen.com" <mhammervold@kotchen.com>, Amanda Burns <aburns@kotchen.com>
**Cc:** "Doren, Richard J." <RDoren@gibsondunn.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Smith, Katherine V.A." <KSmith@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Dooley, Elizabeth Aislinn" <EDooley@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant - Joint Status Report and Phase Two

Hi Lindsey,

The proposed briefing schedule on disparate impact works for us.

With respect to Phase Two, we are aware of the many options you presented at class certification, but would like to know which one you propose now that the case is progressing beyond Phase One.  There are many unanswered questions in terms of where the case advances from here and we believe it is incumbent on Plaintiffs to offer a proposal that we can respond to and that the Court can in turn consider.

Thanks,

Amber

**Amber D. McKonly**
(*she / her*)

T: +1 949.451.4029 | M: +1 720.612.3779
AMcKonly@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive Suite 1200, Irvine, CA 92612-4412

---

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Thursday, October 10, 2024 3:22 PM
**To:** McKonly, Amber D. <AMcKonly@gibsondunn.com>; Dan Kotchen <dkotchen@kotchen.com>; dlow@kotchen.com; mhammervold@kotchen.com; Amanda Burns <aburns@kotchen.com>
**Cc:** Doren, Richard J. <RDoren@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Smith, Katherine V.A. <KSmith@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Dooley, Elizabeth Aislinn <EDooley@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant - Joint Status Report and Phase Two

---

Amber,

We believe disparate impact can be decided on the basis of the existing record supplemented with briefing from the parties. We would propose the following:

- Plaintiffs' Opening Brief: November 1, 2024
- Defendants' Opposition Brief: November 15, 2024
- Plaintiffs' Reply Brief: November 22, 2024

With respect to Phase 2 procedures, please refer to Dkt. 256-112 in which we set out a number of proposals. In addition, the Court has the discretion to fashion a Phase 2 process.

Please let us know Cognizant's position by tomorrow.

Thanks,
Lindsey

**From:** "McKonly, Amber D." <AMcKonly@gibsondunn.com>
**Date:** Wednesday, October 9, 2024 at 6:34 PM
**To:** Dan Kotchen <dkotchen@kotchen.com>, "dlow@kotchen.com" <dlow@kotchen.com>, Lindsey Grunert <lgrunert@kotchen.com>, "mhammervold@kotchen.com" <mhammervold@kotchen.com>, Amanda Burns <aburns@kotchen.com>
**Cc:** "Doren, Richard J." <RDoren@gibsondunn.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Smith, Katherine V.A." <KSmith@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Dooley, Elizabeth Aislinn" <EDooley@gibsondunn.com>
**Subject:** Palmer v. Cognizant - Joint Status Report and Phase Two

Counsel,

The parties owe the Court a joint status report regarding the disparate impact claim by next Friday, 10/18. Please let us know your position regarding that claim no later than this Friday, 10/11.

We also need to understand your position with respect to Phase Two of the disparate treatment claim. You have suggested multiple potential paths in the past. Please let us know your proposal for how exactly Phase Two will proceed, including authority, if any, for that proposal.

Thanks,

Amber

**Amber D. McKonly**
(*she / her*)

T: +1 949.451.4029 | M: +1 720.612.3779
AMcKonly@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive Suite 1200, Irvine, CA 92612-4412

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is

strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.