Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
Mark Hammervold
mhammervold@kotchen.com (*pro hac vice*)
**KOTCHEN & LOW LLP**
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, BRIAN COX, and JEAN-CLAUDE FRANCHITTI,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-6848 DMG (GJSx)<br><br>**DECLARATION OF LINDSEY GRUNERT IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF INTERIM FEES AND EXPENSES**<br><br>Hearing Date: December 13, 2024<br>Time: 9:30 a.m.<br>Place: Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

I, Lindsey Grunert, declare as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts, the State of New York, and the District of Columbia. I am Counsel with Kotchen & Low LLP, and represent Plaintiffs and the Class in the above-captioned matter. I am over the age of eighteen and have personal knowledge of the facts set forth herein. I submit this declaration in support of Plaintiffs' Motion for an Award of Interim Fees and Expenses.

2. I have been actively involved in the above-referenced class action lawsuit for over seven years, from the drafting of the initial complaint in this case, which was filed in September 2017. I have been responsible for drafting a number of motions, along with Joint Stipulations related to discovery, have led and participated in meet and confer conferences, have worked with Plaintiffs to prepare discovery responses and to produce ESI (over 6,000 documents, plus Plaintiffs Cox, Franchitti, and Piroumian's Cognizant email boxes), have reviewed and processed Cognizant's document productions (over 656,000 documents), have taken the deposition of a key third party witness and assisted in the preparation of other depositions, have examined witnesses at trial, and have assisted in all aspects of this litigation.

3. I recorded my time spent on this matter in increments of six (6) minutes. It is my customary practice to contemporaneously record all time spent on a matter as that time is expended. However, I do not always bill for consultations with other K&L lawyers, clients, class members, or witnesses, so my time in this case is understated.

4.  The time that I billed to this matter was reasonably necessary given the duration and intensity of this litigation. This case has been contentious since its inception, with Cognizant filing three motions to dismiss, refusing initially to engage in discovery, withholding critical discovery necessitating motions to compel, and Cognizant ultimately failing to secure the return of three custodians' laptops, which resulted in ESI being lost, and Cognizant being sanctioned. Discovery was hard fought, requiring Plaintiffs to file a number of Joint Stipulations to compel the production of relevant discovery, which proved critical to establishing a pattern or practice of discrimination at the Phase One trial.

5.  The hours that I billed in this matter were only those hours that I would have billed a fee-paying client. As a small law firm of five attorneys, our hours are limited, and any time spent on this matter precluded me from spending time working on another client matter.

6.  On October 4, 2024, after the jury returned its verdict in favor of Plaintiffs, I left the courtroom, hoping to speak with one or more members of the jury. As I was awaiting the jurors outside the courtroom, Michelle Maryott, a partner at Gibson Dunn, approached me, and said, with a smile, that I'd be seeing her "for the next 60 years." I responded in kind, saying "who wouldn't want to spend the next 60 years with you?" but knew that Ms. Maryott's comment was illustrative of Cognizant's position as to Phase Two of the trial—that Cognizant intended to seek victory through an economic war of attrition by forcing individual trials for the over 2,000 members of the class.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: November 15, 2024                    <u>By: s/Lindsey Grunert</u>