Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
Mark Hammervold (*pro hac vice*)
mhammervold@kotchen.com
Amanda Burns (*pro hac vice*)
aburns@kotchen.com
**KOTCHEN & LOW LLP**
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, BRIAN COX, and JEAN-CLAUDE FRANCHITTI,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-6848 DMG (GJSx)<br><br>**DECLARATION OF DANIEL KOTCHEN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AWARD OF INTERIM FEES AND EXPENSES**<br><br>Hearing Date: January10, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

I, Daniel Kotchen, declare as follows:

1.    I previously submitted a declaration in connection with Plaintiffs' Motion for Award of Interim Fees and Expenses and submit this declaration in support of Plaintiffs' Reply in support of their Motion.

## CONFERRAL TIME ENTRIES

2.    On pages 14-17 of Cognizant's opposition brief, Cognizant questions the "integrity" of Plaintiffs' counsel's billing entries "in their entirety," and references 18 "conferral" entries of mine and states, with emphasis, the following on page 14:  "**Mr. Kotchen frequently logged the time for internal conferences as *four times longer* than the other attorney(s) with whom he claims he conferred.**"

3.    I did not log the 18 entries that Cognizant references as "conferences."  I logged them as "conferrals," and that would include conferrals by phone and electronic communication – primarily email.  Other attorneys billed their time differently.  For example, on April 22, 2020, I billed 1.2 hours as "conferred with [Ms. Roller] regarding EEOC issue."  On that day, Ms. Roller billed .1 hours to "conferred with D. Kotchen regarding EEOC investigation," and she also billed 5.8 hours to "researched EEOC conciliation process and drafted memo regarding impact on our case."  On April 22, 2020, I sent Ms. Roller six separate emails concerning the EEOC investigation and the memo Ms. Roller was drafting.  Attached as Exhibit A to this declaration are redacted versions of the emails that I sent to Ms. Roller.  In connection with these emails and the "EEOC issue" with which Ms. Roller and I were engaging, I conducted my own EEOC-related

research so that I could confer with Ms. Roller in a productive manner. All of this I billed as "conferring" with Ms. Roller, while Ms. Roller billed the time as part of her work on the memo that she was drafting.

4.     Similarly, on April 23, 2020, I billed 2.5 hours to "conferred with [Ms. Roller and Ms. Grunert] regarding" Cognizant's portion of a joint letter brief and exhibits that the parties were intended to submit to the Court that day. Ms. Roller billed .1 hours of conferring that day as well as 7.4 hours to "[r]evis[ing] joint discovery brief." Ms. Grunert billed .5 hours of conferring and 3 hours to work related to the joint letter brief. On April 23, 2020, I sent nine separate emails to Ms. Roller and Ms. Grunert concerning the joint letter brief that Plaintiffs intended to file that day. These emails concerned Cognizant's portion of the joint letter brief and its exhibits as well as exhibits Plaintiffs intended to file. The emails also concerned Cognizant's position reflected in Ms. Smith's April 23, 2020 declaration, attached here as Exhibit B, that Cognizant would not consent to Plaintiffs adding any substance to their portion of the joint letter brief after Cognizant provided to Plaintiffs its section of the joint letter brief that responded to Plaintiffs' arguments.[1] Cognizant's position required Plaintiffs to decide whether to postpone filing of the joint stipulation or somehow move forward with filing it. By April 2020, I was very concerned about the pace of discovery and researched the Court's rules and practices concerning the

_____

[1] Cognizant waited until 12:48 a.m. ET on the morning of April 23, 2020 to provide Plaintiffs with Cognizant's portion of its joint letter. Plaintiffs had sent Cognizant its portion of the joint letter at 9:33 a.m. ET on the morning of April 15, 2020.

KOTCHEN REPLY DECLARATION
Case No. 17-CV-6848 DMG (GJSx)

joint letter briefing process, as I did not want to postpone filing the dispute with the Court. I then conferred with Ms. Roller and Ms. Grunert on whether to postpone the filing, which we decided to do because we did not know how we could move forward unilaterally when the Court required a joint filing process.  (The filing of the letter brief was delayed until May 20, 2020.)  This deliberation, as well as communications concerning the letter brief substance, is captured within my 2.5 hours of "conferral" time.  Ms. Roller and Ms. Grunert, though, captured our deliberations and email correspondence differently, including Ms. Roller's 7.4 hours spent on the joint letter brief, much of which was incurred after Plaintiffs had provided Cognizant with our portion of the joint letter brief, as Ms. Roller and I conferred as to whether we were going to postpone filing of the letter brief.

5.     Seventeen of 18 of my "conferral" time entries that Cognizant cites as giving rise to its "integrity" concerns include emails from me (in addition to phone calls).  I have clarified these time entries on my time sheet in response to Cognizant's concerns.  The only time entry that does not include email correspondence from me is the .5 hours I billed to conferring with Ms. Grunert and Ms. Roller on May 23, 2020.  That time entry should have been dated May 22, 2020, and the entry should read "Participate in meet and confer w/ Cognizant and conferred with L. Grunert and A. Roller regarding same."  I have made that correction in my adjusted time entries submitted in connection with Plaintiffs' reply brief.

**BILLING RECORDS**

6.      In response to concerns raised by Cognizant in its opposition brief, I revised my time entries to provide additional details, remove time entries in the exercise of billing judgment, and correct computational errors.  I have reduced the time I originally submitted to Cognizant by 26.3 hours, as follows:  (a) I reduced billed travel time by 20.2 hours as a matter of billing judgment (though my time entries accurately reflected my travel time), (b) I withdrew 1.6 hours of billed time working on "failure to hire" issues, (c) I withdrew 1.2 hours billed to time spent on Cognizant's legal threat of suing Brian Cox for having access to Ed Cox's computer, (d) I withdrew 1.5 hours spent on Mr. Franchitti's claims, which should have been billed to his individual case, and (e) I reduced my net time billed by 1.8 hours due to computational errors in adding up individual time entries.  Also, in the time submitted in connection with Plaintiffs' fee motion, I included a post-trial, June 26, 2023, time entry that was poorly described as "clean hotel conference room" – a task that involved reviewing, organizing, and disposing of trial materials consistent with the Protective Order.  I removed that entry in its entirety.

7.      Cognizant suggests that my time is "block billed with other events." Opp'n at 19. "Block billing" means "'enter[ing] the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Welch v.* Metro. *Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). I did not engage in block billing,

KOTCHEN REPLY DECLARATION
Case No. 17-CV-6848 DMG (GJSx)

as reflected in my time entries. Even the specific entries cited in Cognizant's opposition brief show that I segregated different tasks. Opp'n at 19.

8.    In reviewing my individual time entries, I discovered that K&L inadvertently omitted Matthew Henken's time from Plaintiffs' initial fee motion. Mr. Henken worked on discovery issues in this case in 2021. Relatedly, with respect to entries identified by Cognizant (and a number of other entries), I replaced initials in billing records with details as to those with whom I was communicating.

9.    In response to Cognizant's arguments, I have added more detail to time entries related to "reviewed documents." For example, I clarified in some of those entries that I was reviewing documents for use in connection with class certification and in creating a proof chart. In reviewing documents in this case concerning class certification, my review focused on Cognizant's staffing policies and practices, including the discriminatory effects thereof on terminations.

**HARDSHIP/EQUITIES**

10.    If K&L were not awarded fees until final resolution of this matter, it would impose a significant hardship on the firm. K&L is a small firm with exceedingly limited resources, and this case has consumed substantial time and resources that has both prevented the firm from other work due to the commitments this case has required and will continue to do so going forward. Having lost the jury trial, Cognizant has made clear that its post-trial strategy is to drain K&L of its resources as a means of seeking to avoid

the financial risk it now faces, given that it is now a "proved wrongdoer" that is presumed to have intentionally discriminated against each of the 2,347 class members.

11.    If K&L is not awarded interim fees, funding the commitments necessary to engage Cognizant on equal footing would be impossible.  Cognizant earns $20 billion per year in revenue, and, by contrast, K&L is funded by two partners whose resources are very limited.  It's apparent that Cognizant understands this, which likely has informed its post-trial strategy of recalcitrance, even in the face of a finding of liability and even though Cognizant's loss has now started a national conversation about the merits of its business model, including the exploitation of immigrant labor. *See* Eric Fan & Coulter Jones, Insiders Tell How IT Giant Favored Indian H-1B Workers Over US Employees, BLOOMBERG (Dec. 9, 2024), https://shorturl.at/y0QbN ("'It's a business model that allows for exploitation,' said Maria l. Ontiveros, a professor emeritus at the University of San Francisco School of Law.  'If you're exploiting immigrants, it inevitably makes it harder for American workers.  It rips up the floor for decent working conditions for everyone.'").

12.    In the absence of the availability of an enhancement on lodestar, civil rights cases would not be attractive to K&L because even meritorious cases are risky to litigate, and K&L would likely shift its focus to antitrust or other types of cases that offer higher compensation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

KOTCHEN REPLY DECLARATION
Case No. 17-CV-6848 DMG (GJSx)

DATED: December 20, 2024                    By: s/Daniel Kotchen

# Exhibit A

Kotchen & Low LLP

Daniel Kotchen <dkotchen@kotchen.com>

**Fwd:** ███████████████████████████

**Daniel Kotchen** <dkotchen@kotchen.com>                                          Wed, Apr 22, 2020 at 10:18 AM
To: Amy Roller <aroller@kotchen.com>





Kotchen & Low LLP

Daniel Kotchen <dkotchen@kotchen.com>

---

## Palmer v. Cognizant--meet-and-confer next steps

**Daniel Kotchen** <dkotchen@kotchen.com>                    Wed, Apr 22, 2020 at 10:51 AM
To: Am  Roller <aroller   kotchen.com>

---

**From:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>
**Date:** Wednesday, April 22, 2020 at 4:26 AM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, "Dooley, Elizabeth A."
<EDooley@gibsondunn.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L."
<MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions,
Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John"
<JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Counsel,

While we can understand why you may think that the EEOC was provided with a wealth of additional information in connection with the Commissioner's Charge, we can assure you that the EEOC information we provided was limited.

As a preliminary matter though, we would hope that we can continue to maintain a civil tone with one another and continue to work cooperatively, including by asking for additional clarification where needed, rather than jumping to unfounded conclusions or engaging in attacks.

Just to clarify your Topic 7 question and our response:

On August 13, 2019, your Topic 7 requested:

7. The EEOC's pattern-or-practice investigation of Cognizant, including any documents or data produced to the EEOC, when those documents or data were produced, the status of the investigation, and the identity of the individual(s) responsible for interfacing with the EEOC as part of its investigation.

On October 11, 2019, we responded:

To the best of Cognizant's knowledge, and as Cognizant understands this Topic, Cognizant produced to the EEOC the data described above exported from Taleo and data exported from PeopleSoft. Cognizant also produced its Equal Opportunity Policy Statement and its Code of Ethics.

To the best of Cognizant's knowledge, and as Cognizant understands this Topic, Cognizant made an initial production of Taleo data to the EEOC in May 2016 and a subsequent production in November 2016. Cognizant made a production of PeopleSoft data to the EEOC in November 2015. Cognizant produced its Equal Opportunity Policy Statement and its Code of Ethics in November 2015.

To the best of Cognizant's knowledge, and as Cognizant understands this Topic, the EEOC's investigation is on-going and remains open.  Cognizant retained Morgan Lewis to interface with the EEOC.

Upon receipt of your email yesterday, we confirmed again what information Cognizant shared with the EEOC.  We did learn that there was one additional production of some updated PeopleSoft data in January 2017, of which we were not previously aware, and which is the database containing the information we already committed to providing to you by May 15, 2020.  Otherwise, our response above was and remains accurate.  Cognizant did not produce any ESI or any additional data to the EEOC regarding this pattern-or-practice investigation.  And, while the EEOC did interview a small handful of individuals, and Morgan Lewis had direct communications with the EEOC regarding those interviews, no ESI or documents were produced in connection with those interviews.

With respect to the Taleo data that you mention, in many ways, Cognizant provided you with *more* information regarding applicants than it had provided to the EEOC since the last production of Taleo data to the EEOC was in 2016.  Furthermore, we are unsure about exactly what point you are trying to make about our decision to not produce applicant names to you.  The issue of the appropriateness of redaction of employee or applicant names is teed up in the joint stipulation you sent us.  You've made your position clear that applicant names should be produced; we, in turn, will make our position clear that we believe this highly sensitive information should not be produced.  A disagreement as to the appropriate scope of redactions is hardly grounds to accuse us of bad faith.

If you do not think the above information could possibly be a sufficient basis for the EEOC to issue a notice of determination of discrimination, you'll have to take that up with the EEOC.  All we can tell you is what Cognizant provided —which is precisely what we've described above.

Regards,

Katherine

---

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Monday, April 20, 2020 1:28 PM
**To:** Dooley, Elizabeth A. <EDooley@gibsondunn.com>; Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Smith, Katherine V.A. <KSmith@gibsondunn.com>; Mike von Klemperer <mvonklemperer@kotchen.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Sessions, Matthew <MSessions@gibsondunn.com>; Daniel Low <dlow@kotchen.com>; Polansky, John <JPolansky@gibsondunn.com>; Raia, Brittany A. <BRaia@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant--meet-and-confer next steps

[External Email]

Counsel,

We are very concerned about Cognizant's discovery representations.  As Cognizant well knows, Plaintiffs have been interested in discovery related to discrimination (and other) investigations of Cognizant, including documents and data

Cognizant produced to the government in any such investigation and communications with the government. *See* Request No. 7 to Plaintiffs' First Set of Document Requests. In its written response to Topic 7 to Plaintiffs' Rule 30(b)(6) deposition notice, Cognizant identified that it was being investigated by the EEOC for discrimination, but represented that the information shared with the government as part of that investigation was limited to productions made in 2015 and 2016 of Cognizant's (1) Taleo and PeopleSoft data and (2) EEO Policy Statement and Code of Ethics.

We have just learned that the EEOC has issued a Notice of Determination that Cognizant has engaged in discrimination. There is no chance – literally none – that the EEOC's decision is based only on the exceedingly limited information that Cognizant represented was provided to the EEOC back in 2015 and 2016. There must have been communications between the EEOC and Cognizant and, almost certainly, other information provided by Cognizant to the EEOC.

Please produce this week all non-privileged documents related to the EEOC investigation. This includes, but is not limited to, all information provided to the EEOC and all communications with the EEOC. Cognizant will have all of this information compiled in a single location – presumably in Morgan, Lewis' office – so it won't be hard to provide to us.

Similarly, in your email below, you state that Cognizant has provided to Plaintiffs all the information we need on applicants from Cognizant's Taleo system. By withholding names of applicants, however, this data is rendered useless. Further, it's implausible that Cognizant withheld names of applicants or employees in its production of data to the EEOC.

We do not believe that Cognizant has been operating in good faith. Rather, we believe that Cognizant has been feeding us half-truths and taking baseless positions on things like privacy, knowing that it has disclosed information to the EEOC that it's attempting to shield from Plaintiffs under false pretenses.

Even if Cognizant is in agreement with discovery production dates, we want that agreement presented to, and entered by, the Court in our joint stipulation.

We're exploring what to do about what we've just learned.

Thanks,

Lindsey

---

**From:** "Dooley, Elizabeth A." <EDooley@gibsondunn.com>
**Date:** Friday, April 17, 2020 at 1:48 AM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>, Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Hi Lindsey,

Thanks for the joint stipulation.  We'll provide you with our portion of the response by next Wednesday as required under the local rules.


With respect to discovery deadlines, we think we can take that out of the joint stipulation and resolve this issue without needing to go to the Court.  We agree with the May 15, 2020 deadline to finalize the list of custodians and search terms. In light of COVID-19, we'd request we push the deadline for completion of all ESI slightly, to September 15, 2020.  Please let us know if the latter deadline is acceptable to you.


With respect to data, we propose getting you relevant data available from PeopleSoft HCM by May 15, 2020, with any remaining information you still need to follow thereafter.  As we'd previously discussed, since not all information is kept in a central repository, data production may be an iterative process.  You've also already received essentially all of the information you've requested with respect to applicants via the Taleo data.  Please let us know if you agree.


Thanks,


Elizabeth




Elizabeth Dooley

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8342 • Fax +1 415.374.8469
EDooley@gibsondunn.com • www.gibsondunn.com

---

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Wednesday, April 15, 2020 6:34 AM
**To:** Dooley, Elizabeth A. <EDooley@gibsondunn.com>; Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Smith, Katherine V.A. <KSmith@gibsondunn.com>; Mike von Klemperer <mvonklemperer@kotchen.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Sessions, Matthew <MSessions@gibsondunn.com>; Daniel Low <dlow@kotchen.com>; Polansky, John <JPolansky@gibsondunn.com>; Raia, Brittany A. <BRaia@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant--meet-and-confer next steps


[External Email]

Elizabeth,


Plaintiffs do not have an issue with Cognizant, to support its defenses, searching any of its proposed 18 custodians, provided that Cognizant (1) uses the parties' agreed-upon search terms and produce any documents responsive to Plaintiffs' document requests (so that Cognizant is not cherry picking only documents helpful to Cognizant), (2) the custodians do not count against Plaintiffs' proposed 33 custodians, and (3) Plaintiffs can reserve the right to search future custodians if rebuttal to any of Cognizant's custodians is required.

We're happy to review Cognizant's proposal regarding its data production if it resolves the parties' impasse regarding a data production deadline.  As things currently stand, though, Plaintiffs believe that the parties are at an impasse regarding deadlines for the production of applicant and employee data as well as agreeing upon search terms and custodians.  To this end, please find attached a draft joint stipulation to send to the Court regarding these issues as well as the other issues to which the parties have reached an impasse (redactions, Cognizant's search for and production of complaints, and Cognizant's response to Topic 8 of the Rule 30(b)(6) deposition notice).

On the issue of certifications, we don't understand Cognizant's reticence to certify that it has not spoliated evidence.  From the outset of this case, we've expressed concerns on this issue in light of Cognizant's executives destroying relevant evidence in connection with a criminal probe and Cognizant's earlier document preservation communications (i.e., those made in connection with the draft ESI protocol).  If Cognizant prefers to address this issue by way of discovery as opposed to certifications, then we'll proceed accordingly.

Please stay safe.

Thanks,

Lindsey

---

**From:** "Dooley, Elizabeth A." <EDooley@gibsondunn.com>
**Date:** Friday, April 10, 2020 at 7:21 PM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>, Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Lindsey,

Thank you for your clarification about the thirty-three custodians.  If I'm understanding you correctly, you have no issue with us culling any of the eighteen custodians we initially proposed from our list, correct?  As noted on Wednesday, we are working through your list, but in light of proportionality concerns, which will no doubt be driven by the hit count of the search terms we eventually decide upon, we are not in a position yet to make a full assessment of custodians.  We look forward to honing the search terms you've requested over the initial custodians upon which we previously agreed.

We will put together a proposed schedule for running production of data you've requested, which we plan to circulate to you next week.  Since you've requested specific dates and deadlines, we need to make sure that whatever deadlines we are setting are feasible, and that requires conversations with a few stakeholders.  With respect to setting a schedule for ESI production deadlines, we feel that is premature at this time.  You provided search terms two days ago, and the parties have obviously not yet had an opportunity to run or discuss terms or finalize custodians.

Thank you for sending along the list of reports this morning.  We are reviewing those and will get back to you.

With respect to certification, we do not think that our request for certification is on par with yours. The existence of the .pst files in your clients possession is clear evidence that they possess(ed) information that does not belong to them; you have pointed to nothing evidencing potential spoliation of relevant evidence in this case. Moreover, we are simply trying to confirm that your clients have retained no documents or materials beyond those produced, that they no longer have this information in their possession, and that they have not shared it with anyone other than counsel. Please let us know whether you plan to certify. If not, we can serve appropriate discovery.


Thank you,


Elizabeth


**Elizabeth Dooley**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8342 • Fax +1 415.374.8469
EDooley@gibsondunn.com • www.gibsondunn.com

---

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Thursday, April 9, 2020 6:26 AM
**To:** Dooley, Elizabeth A. <EDooley@gibsondunn.com>; Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Smith, Katherine V.A. <KSmith@gibsondunn.com>; Mike von Klemperer <mvonklemperer@kotchen.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Sessions, Matthew <MSessions@gibsondunn.com>; Daniel Low <dlow@kotchen.com>; Polansky, John <JPolansky@gibsondunn.com>; Raia, Brittany A. <BRaia@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant--meet-and-confer next steps


[External Email]

Elizabeth,


Thank you for your email. With respect to custodians, the 33 custodians are whose files we wish to be searched to respond to Plaintiffs' discovery requests. If Cognizant wishes to search the files of additional custodians to support its defenses, Plaintiffs are fine with that, but don't want Cognizant's custodians to limit whose files are searched to respond to our requests. Can you please let us know this week if Cognizant is amenable to searching the files of the individuals who we proposed?


With respect to Cognizant's production of data, please let us know when Cognizant will complete the production. We also would like to set a schedule for the completion of ESI productions from custodians. Is Cognizant amenable to that? Please let us know this week.


With respect to regularly created reports, we'll provide Cognizant the names this week of the subset of reports we would like Cognizant to produce in advance of its production of the data.

Finally, on the issue of certifications, we'd be happy to begin a process of certifying to issues of concern to Cognizant, as long as Cognizant similarly provides certifications to issues that Plaintiffs are concerned about.  For example, as we've communicated before, Plaintiffs are quite concerned about the potential destruction of relevant documents in this case and would like Cognizant to provide certifications on this issue.  Would Cognizant be willing to do this?  Please let us know this week.


Thank you again for your response, and we look forward to working through these issues this week.


Thanks,
Lindsey


---

**From:** "Dooley, Elizabeth A." <EDooley@gibsondunn.com>
**Date:** Wednesday, April 8, 2020 at 9:56 PM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>, Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps


Counsel,


Thank you for sending search terms this morning.  To respond to the other items in your earlier email:


1. Custodians and search terms: We are still considering whether we agree with the entirety of your custodian list.  As you know, we proposed 18 custodians, largely based on individuals who are named in your Second Amended Complaint.  You then proposed an additional 33 custodians.  All told, if we accepted all of those, we would have 51 custodians in this matter.  Part of our analysis as to custodians is a question of proportionality.  As you can understand, that proportionality analysis will be informed somewhat by the scope of search terms to be run and the number of hits as a result of those terms.  We are in receipt of your list of search terms and have begun reviewing them.  We look forward to working together to run proposed terms over the initial custodians we agreed upon.


2. Schedule for production of data: As we noted previously, we are happy to work out a schedule for the production of data with you.  If you feel as though you need to stick with your proposed three-week deadline for all data, however, that is, unfortunately, just not feasible.


3. Regularly run reports: Your approach regarding reports generally makes sense to us.  We obviously will not commit to producing certain reports without first knowing which ones you are requesting, however.  Please let us know which ones you would like, and we'll go from there.  On the related issue of some outstanding exemplar reports you noted in an email last week, we have a few updates: (a) two of the reports, "Hiring Velocity Tracker" report and the "Flash Vs Forecast BFS NA" report were produced as COGNIZANT-005656 and COGNIZANT-005668, respectively; (b) the first four reports on your list ("HealthNet - Contingency report"; "I797B Stamping Status"; "Monthly Terminations Report"; and "L Stamping status report"), along with one other report ("Compliance Base download (HCM)") are quite old legacy reports, and as such they are not easily accessible at the moment with teams working from home in light of COVID-19; and (c) we are looking into the remaining three reports you noted.

4. <u>Certifications re .pst files</u>:  Your response to our questions regarding Mr. Piroumian's and Mr. Cox's .pst files is incomplete.  You addressed issue #2, but did not address issues #1 or #3.  Moreover, we have requested certification of these statements  Please let us know if we can expect such a certification or whether you are declining to certify the statements regarding the .pst files.


Thanks,


Elizabeth




**Elizabeth Dooley**


# GIBSON DUNN


Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8342 • Fax +1 415.374.8469
EDooley@gibsondunn.com • www.gibsondunn.com

---

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Wednesday, April 8, 2020 6:12 AM
**To:** Dooley, Elizabeth A. <EDooley@gibsondunn.com>; Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Smith, Katherine V.A. <KSmith@gibsondunn.com>; Mike von Klemperer <mvonklemperer@kotchen.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Sessions, Matthew <MSessions@gibsondunn.com>; Daniel Low <dlow@kotchen.com>; Polansky, John <JPolansky@gibsondunn.com>; Raia, Brittany A. <BRaia@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant--meet-and-confer next steps


[External Email]

Elizabeth,


Attached, please find Plaintiffs' proposed search terms.


Thanks,

Lindsey

---

**From:** "Dooley, Elizabeth A." <EDooley@gibsondunn.com>
**Date:** Tuesday, April 7, 2020 at 9:17 PM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>, Mike von Klemperer

<mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas,
Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>,
Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia,
Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Counsel,

We'll send along a longer response soon, but in the meantime, we're eager to move forward with selecting and running
search terms over the initial list of custodians the parties agreed upon.  When can we expect to receive search terms from
you?   We've now requested this list several times.

There's no reason to delay this part of the process, even as we're working out other areas of discovery.

Thanks,

Elizabeth

**Elizabeth Dooley**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8342 • Fax +1 415.374.8469
EDooley@gibsondunn.com • www.gibsondunn.com

---

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Monday, April 6, 2020 8:20 AM
**To:** Dooley, Elizabeth A. <EDooley@gibsondunn.com>; Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Smith, Katherine V.A. <KSmith@gibsondunn.com>; Mike von Klemperer <mvonklemperer@kotchen.com>; Maryott,
Michele L. <MMaryott@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Sessions, Matthew
<MSessions@gibsondunn.com>; Daniel Low <dlow@kotchen.com>; Polansky, John <JPolansky@gibsondunn.com>;
Raia, Brittany A. <BRaia@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant--meet-and-confer next steps

[External Email]

Elizabeth,

Plaintiffs reserve the right to add additional search terms when retrieving documents from Mr. Lennox that may be
responsive to Plaintiffs' discovery requests.  With respect to Plaintiffs' proposed list of custodians, Plaintiffs sent its list to
Cognizant as a counter to the custodians that Cognizant had sent to Plaintiffs.  Is Cognizant amenable to searching the
files of the custodians?  If so, we would like to set a deadline for the search and production of documents.  Please let us
know by COB Wednesday whether Cognizant is agreeable to Plaintiffs' custodian list and, if so, when it will search for and
produce documents.

We believe that a deadline is needed for Cognizant's production of data.  Even before the Covid-19 pandemic, Cognizant took an exceedingly long amount of time to share discovery-related information with Plaintiffs.  Our concern is that, if we proceed forward as we have in the past, there's no way that the parties would be able to complete discovery within the extended discovery period.  We thus intend to seek Court relief on this issue.

On the issue of regularly-created reports, with the exception of a handful of visa-related reports, many of the reports appear to overlap with the data that Cognizant is collecting.  We'd recommend that the parties defer a decision on which reports Cognizant will produce until after Cognizant produces data, except for a handful of visa related reports.  We believe that this would be the most efficient course of action, considering that Cognizant's data may obviate the need to produce at least some reports.  Can you please let us know if this is acceptable to Cognizant?  If so, we'll identify a sub-set of reports for Cognizant to produce now.

With respect to Mr. Prioumian and Mr. Cox's .pst files, we can confirm that our clients only shared these files with counsel.  Because "[p]arties are required to preserve evidence relevant to litigation and to prevent spoliation," we will not ask our clients to delete their copies of the .pst files. *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-0541, 2013 U.S. Dist. LEXIS 169014, at *30 (S.D. Cal. Nov. 25, 2013).

Thanks,

Lindsey

---

**From:** "Dooley, Elizabeth A." <EDooley@gibsondunn.com>
**Date:** Friday, April 3, 2020 at 6:45 PM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>, Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Counsel,

For the reasons we noted previously, we don't think it's necessary to run initial terms over Jim Lennox.  Again, we are not refusing to make him a custodian, we just do not think it is necessary to hone search terms over his ESI when Gina Swallows ESI will capture relevant emails from Jim Lennox and is more likely to capture information specific to individual employees as well.  Since we are currently just trying to get an understanding of which terms are most likely to yield results across all custodians, using Gina, who interfaces both with higher-ups *and* with individual employees about issues, is more likely to yield representative results.  We look forward to receiving your search terms.

With respect to your question about when Cognizant will provide its list of ESI custodians, quite some time ago (indeed before you sent your proposed list), we sent you our proposed list.  Apologies if we are misunderstanding the question.

While we're happy to work out a proposed schedule for rolling production of data, it's simply not feasible, particularly in light of the additional stressors and delays caused by COVID-19, to get you all data within three weeks.  As we noted on our call last week, there is no central repository for all of the data you've requested.  While we've made some good

progress on identifying where much of the data you've requested resides, it is a time consuming process to pull information.  We hope you understand, and we look forward to setting a reasonable rolling schedule for production.  We are also looking into your separate question about the handful of missing exemplar reports that you identified Wednesday.

Thank you for following up with Mr. Piroumian.  We sent you his complaint and related materials last night and are looking into the technical question you raised in your email this morning.

Finally, as mentioned previously, Cognizant is concerned about Mr. Cox's and Mr. Piroumian's retention of .pst files belonging to Cognizant after their separation from the company.  To ensure that information in those .pst files—which is the property of Cognizant and may also contain confidential third-party information—is safeguarded, we request that Mr. Cox and Mr. Piroumian each certify the following:

1. I certify that the .PST Files I produced on March 13, 2020 in *Palmer v. Cognizant* (C.D. Cal. No. 17-cv-6848 DMG) (".PST Files") are the only documents, data, or electronically stored information I retained regarding any aspect of my employment at Cognizant after my termination date from Cognizant.

2. I further certify that other than my counsel in this case, Kotchen & Low LLP, I have not shared or disclosed these .PST Files or any information therein with anyone who was not currently employed at Cognizant or a current Cognizant client to whom the information in the .PST Files related.  I further certify that following the termination of my employment with Cognizant, the only entities or persons with whom I shared or disclosed these .PST Files or any of the information therein were attorneys at Kotchen & Low LLP.

3. Finally, I certify that I have destroyed the .PST Files and no longer have access to the originals or any copy of those .PST Files.

Number 1 above would need to be edited for Mr. Piroumian to reflect a production date of March 20, 2020.  Please let us know when and if we can expect such certification.

Thank you,

Elizabeth

**Elizabeth Dooley**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8342 • Fax +1 415.374.8469
EDooley@gibsondunn.com • www.gibsondunn.com

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Sent:** Thursday, April 2, 2020 4:20 PM
**To:** Dooley, Elizabeth A. <EDooley@gibsondunn.com>; Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Smith, Katherine V.A. <KSmith@gibsondunn.com>; Mike von Klemperer <mvonklemperer@kotchen.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; Sessions, Matthew <MSessions@gibsondunn.com>; Daniel Low <dlow@kotchen.com>; Polansky, John <JPolansky@gibsondunn.com>; Raia, Brittany A. <BRaia@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant--meet-and-confer next steps


[External Email]

Counsel,


Please provide a response regarding the following outstanding issues: (1) whether Cognizant will agree to include James Lennox in the initial list of custodians for the purpose of testing search terms; (2) when Cognizant will provide its complete, proposed list of ESI custodians; (3) whether Cognizant will agree to Plaintiffs' three-week proposal for the production of data requested in their February 24 letter; (4) whether Cognizant has produced all sample reports, and if not, when the remaining reports identified in my email from yesterday will be produced; and (5) when the outstanding documents relating to Mr. Pirouman will be produced.


In addition, with respect to Mr. Pirouman, he did not withhold any documents or emails from his .pst file. The .pst file was produced in its entirety.


Thanks,

Lindsey


---

**From:** Lindsey Grunert <lgrunert@kotchen.com>
**Date:** Wednesday, April 1, 2020 at 3:44 PM
**To:** "Dooley, Elizabeth A." <EDooley@gibsondunn.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>, Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** Re: Palmer v. Cognizant--meet-and-confer next steps


Elizabeth,


We'll send over our proposed search terms shortly. However, we'd like a confirmation first on the test list of custodians. As noted in Dan's March 28 email, we don't understand Cognizant's rationale for excluding James Lennox and believe he should be included in this initial list.


With respect to the data, our proposed deadline for Cognizant's production is three weeks from today.

We're following-up with Mr. Piroumian regarding your third point below and will respond shortly.

Thanks,

Lindsey

---

**From:** "Dooley, Elizabeth A." <EDooley@gibsondunn.com>
**Date:** Monday, March 30, 2020 at 9:40 PM
**To:** Daniel Kotchen <dkotchen@kotchen.com>, Lindsey Grunert <lgrunert@kotchen.com>
**Cc:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>, Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** Palmer v. Cognizant--meet-and-confer next steps

Counsel,

We wanted to follow up on a few items.

First, we would like to move forward with our discussion of search terms.  We would appreciate it if you could circulate your proposed list.  Once we've reviewed that list, we can set a time to confer as needed.

Second, in terms of your requests for data, could you please let us know what your proposed timeline looks like.  As noted during last week's meet-and-confer call, we are working on ascertaining the existence of, and collecting, this data.  As we do so, it would help us if we could understand what your proposed deadlines look like.

Third, during our meet-and-confer call last week, Lindsey mentioned that she was going to speak with Mr. Piroumian to determine what, if any, documents he withheld from production of the .PST file and why.  We look forward to receiving that information.

Thank you,

Elizabeth

**Elizabeth Dooley**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8342 • Fax +1 415.374.8469
EDooley@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Kotchen & Low LLP

Daniel Kotchen <dkotchen@kotchen.com>

---

## Palmer v. Cognizant--meet-and-confer next steps

**Daniel Kotchen** <dkotchen@kotchen.com>                          Wed, Apr 22, 2020 at 1:42 PM
To: Am  Roller <aroller  kotchen.com>



**From:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>
**Date:** Wednesday, April 22, 2020 at 4:26 AM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, "Dooley, Elizabeth A." <EDooley@gibsondunn.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Counsel,

While we can understand why you may think that the EEOC was provided with a wealth of additional information in connection with the Commissioner's Charge, we can assure you that the EEOC information we provided was limited.

Kotchen & Low LLP

Daniel Kotchen <dkotchen@kotchen.com>

---

**Palmer v. Cognizant--meet-and-confer next steps**

---

**Daniel Kotchen** <dkotchen@kotchen.com>                              Wed, Apr 22, 2020 at 1:58 PM
To: Amy Roller <aroller@kotchen.com>



**From:** "Smith, Katherine V.A." <<KSmith@gibsondunn.com>>
**Date:** Wednesday, April 22, 2020 at 4:26 AM
**To:** Lindsey Grunert <<lgrunert@kotchen.com>>, "Dooley, Elizabeth A." <<EDooley@gibsondunn.com>>, Daniel Kotchen <<dkotchen@kotchen.com>>
**Cc:** Mike von Klemperer <<mvonklemperer@kotchen.com>>, "Maryott, Michele L." <<MMaryott@gibsondunn.com>>, "Blas, Lauren M." <<LBlas@gibsondunn.com>>, "Sessions, Matthew" <<MSessions@gibsondunn.com>>, Daniel Low <<dlow@kotchen.com>>, "Polansky, John" <<JPolansky@gibsondunn.com>>, "Raia, Brittany A." <<BRaia@gibsondunn.com>>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Counsel,

While we can understand why you may think that the EEOC was provided with a wealth of additional information in connection with the Commissioner's Charge, we can assure you that the EEOC information we provided was limited.

As a preliminary matter though, we would hope that we can continue to maintain a civil tone with one another and continue to work cooperatively, including by asking for additional clarification where needed, rather than jumping to unfounded conclusions or engaging in attacks.

Just to clarify your Topic 7 question and our response:

On August 13, 2019, your Topic 7 requested:

> 7. The EEOC's pattern-or-practice investigation of Cognizant, including any documents or data produced to the EEOC, when those documents or data were produced, the status of the investigation, and the identity of the individual(s) responsible for interfacing with the EEOC as part of its investigation.

On October 11, 2019, we responded:
> To the best of Cognizant's knowledge, and as Cognizant understands this Topic, Cognizant

Kotchen & Low LLP

Daniel Kotchen <dkotchen@kotchen.com>

## Palmer v. Cognizant--meet-and-confer next steps

**Daniel Kotchen** <dkotchen@kotchen.com>                    Wed, Apr 22, 2020 at 2:18 PM
To: Amy Roller <aroller@kotchen.com>





**From:** "Smith, Katherine V.A." <KSmith@gibsondunn.com>
**Date:** Wednesday, April 22, 2020 at 4:26 AM
**To:** Lindsey Grunert <lgrunert@kotchen.com>, "Dooley, Elizabeth A." <EDooley@gibsondunn.com>, Daniel Kotchen <dkotchen@kotchen.com>
**Cc:** Mike von Klemperer <mvonklemperer@kotchen.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "Blas, Lauren M." <LBlas@gibsondunn.com>, "Sessions, Matthew" <MSessions@gibsondunn.com>, Daniel Low <dlow@kotchen.com>, "Polansky, John" <JPolansky@gibsondunn.com>, "Raia, Brittany A." <BRaia@gibsondunn.com>
**Subject:** RE: Palmer v. Cognizant--meet-and-confer next steps

Counsel,

While we can understand why you may think that the EEOC was provided with a wealth of additional information in connection with the Commissioner's Charge, we can assure you that the EEOC information we provided was limited.

Kotchen & Low LLP

Daniel Kotchen <dkotchen@kotchen.com>

**Palmer v. Cognizant--meet-and-confer next steps**

**Daniel Kotchen** <dkotchen@kotchen.com>                                    Wed, Apr 22, 2020 at 3:22 PM
To: Amy Roller <aroller@kotchen.com>





**From:** "Smith, Katherine V.A."
<KSmith@gibsondunn.com>
**Date:** Wednesday, April 22, 2020
at 4:26 AM
**To:** Lindsey Grunert
<lgrunert@kotchen.com>,
"Dooley, Elizabeth A."
<EDooley@gibsondunn.com>,
Daniel Kotchen
<dkotchen@kotchen.com>
**Cc:** Mike von Klemperer
<mvonklemperer@kotchen.com>,
"Maryott, Michele L."
<MMaryott@gibsondunn.com>,
"Blas, Lauren M."
<LBlas@gibsondunn.com>,
"Sessions, Matthew"
<MSessions@gibsondunn.com>,
Daniel Low

Exhibit B

Sunday, December 8, 2024 at 9:31:31 AM Central Standard Time