Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
Mark Hammervold (*pro hac vice*)
mhammervold@kotchen.com
Amanda Burns (*pro hac vice*)
aburns@kotchen.com
**KOTCHEN & LOW LLP**
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, BRIAN COX, and JEAN-CLAUDE FRANCHITTI, <br><br> Plaintiffs, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, <br><br> Defendants. | CASE NO. 17-CV-6848 DMG (GJSx) <br><br> **DECLARATION OF LINDSEY GRUNERT IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AWARD OF INTERIM FEES AND EXPENSES** <br><br> Hearing Date: January10, 2025 <br> Time: 10:00 a.m. <br> Place: Courtroom 8C <br> Judge: Hon. Dolly M. Gee |

I, Lindsey Grunert, declare as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts, the State of New York, and the District of Columbia. I am Counsel with Kotchen & Low LLP, and represent Plaintiffs and the Class in the above-captioned matter. I am over the age of eighteen and have personal knowledge of the facts set forth herein. I submit this declaration in support of Plaintiffs' Reply in Support of their Motion for an Award of Interim Fees and Expenses.

2. I re-reviewed my time entries based on the concerns raised by Cognizant in its Opposition to Plaintiffs' fee motion, *see* Dkt. 699 at 17-18, and addressed these concerns by adding additional detailed descriptions to entries that Cognizant may have deemed "vague" based on the argument set forth in its Opposition. I also removed time spent exclusively on tasks relating to Cognizant's hiring and promotions practices.

3. For each entry, I also ensured that where there were multiple time entries in a single day, that the subtotals for that day matched the daily total. On a number of occasions, the daily total understated the time spent working on the case that day, and I corrected these errors. There were also a few instances where the totals resulted in overcounting by 0.1 to 0.2 hours, which I also corrected. There was no consistent pattern of undercounting or overcounting hours, and these corrections had no material change in the number of hours I billed to this case.

4.   I then compared my total time submitted in connection with this fee request to the total number of hours in my contemporaneous time records, and determined that I have removed over 21 hours as a matter of billing judgment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: December 20, 2024                    By: s/Lindsey Grunert