Daniel Low, SBN 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
Mark Hammervold (*pro hac vice*)
mhammervold@kotchen.com
Amanda Burns (*pro hac vice*)
aburns@kotchen.com
**KOTCHEN & LOW LLP**
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, BRIAN COX, and JEAN-CLAUDE FRANCHITTI,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-6848 DMG (GJSx)<br><br>**DECLARATION OF AMANDA BURNS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AWARD OF INTERIM FEES AND EXPENSES**<br><br>Hearing Date: January 10, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

I, Amanda Burns, declare as follows:

1.  I am an attorney licensed to practice law in the state of New York and the District of Columbia. I am an associate with Kotchen & Low LLP and represent Plaintiffs and the Class in the above-captioned matter. I am over the age of eighteen and have personal knowledge of the facts set forth herein. I submit this declaration in support of Plaintiffs' Reply in Support of their Motion for an Award of Interim Fees and Expenses.

2.  In connection with Plaintiffs' fee motion I reviewed my time records to remove entries for time that Cognizant might argue is not billable to this matter. I re-reviewed my time entries based on the concerns raised by Cognizant in its Opposition to Plaintiffs' fee motion, *see* Dkt. 699 at 17-18, and addressed Cognizant's concerns by adding additional detail to entries that Cognizant may have deemed "vague" based on the argument set forth in its Opposition and removing additional entries that Cognizant may argue are not billable. I also removed time spent exclusively on tasks relating to Cognizant's hiring and promotions practices. I compared my total time submitted in connection with this fee request to the total number of hours I initially recorded and determined that I have removed over 30 hours as a matter of billing judgment

3.  After reviewing Cognizant's Opposition, I reviewed my time records and where my total time for a day was comprised of multiple tasks, I checked to make sure that the time spent on the individual tasks added up to the total and adjusted the daily total where it did not. On a number of occasions, the daily total understated the time spent working on the case for a given day, and I corrected the error. There were also a few

instances where the totals resulted in overcounting by a small amount, which I also corrected. On the whole, calculation errors caused me to initially undercount total hours billed to this case, but not by a material amount.

4. Cognizant asserts that I billed for "trial travel" expenses "weeks after the Phase One retrial ended," citing an 11/5/2024 line entry from K&L's accounting records for $887.24. Opp'n at 21 (citing Dkt. 688-21 at 11). My receipts for the relevant travel were produced at Dkt. 688-13 at 479-516. The expenses were incurred between September 4, 2024 and October 5, 2024, and trial took place from September 24 to October 4, 2024. The September 4 expense was for roundtrip airfare from Washington, DC to Los Angeles ($466.20) for flights on September 23 and October 5, 2024. *Id.* at 485. The remaining expenses were incurred between September 23 and October 5, 2024. *Id.* at 479-80. After trial, I submitted receipts for my trial expenses, and was reimbursed by K&L. I created the expense report in an expense reporting software, Expensify. The report reflects that I submitted the report for approval on October 31, and that it was approved on November 3, 2024. *Id.* at 480. In addition to flights, my expenses also included Ubers, bag fees, and a number of meals, the most expensive of which was $22.34. *Id.* at 479-80.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: December 20, 2024                         By: s/Amanda Burns