UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | December 5, 2025 |
|---|---|---|---|
| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.*** | Page | **1** of **16** |

Present: The Honorable  DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION FOR INTERIM ATTORNEYS' FEES [688]**

Before the Court is Plaintiffs Christy Palmer, Vartan Piroumian, Jean-Claude Franchitti, and Brian Cox's motion for interim attorneys' fees. [Doc. # 688 ("MAF").] The motion is fully briefed. [Doc. # 699 ("Opp."), 704 ("Reply").] For the reasons set forth below, the MAF is **GRANTED in part** and **DENIED in part**.

## I.
## LEGAL STANDARD

Under 42 U.S.C. §§ 2000e-5(k) and 1988, Courts may award interim fees to a prevailing party if the circumstances demonstrate that an interim fee award would be appropriate. *Mantolete v. Bolger*, 791 F.2d 784, 786 (9th Cir. 1986). "Plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on *any significant issue* in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Fam. PAC v. Ferguson*, 745 F.3d 1261, 1268 (9th Cir. 2014) (emphasis in original) (internal citations and quotations omitted). A party's "prevailing" status and the amount of hardship that would be faced without an interim fee award determine the availability of such an award, while the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Sole v. Wyner*, 551 U.S. 74, 86 (2007); *Texas State Teachers Ass'n v. Garland Ind. School Dist.*, 489 U.S. 782, 783 (1989).

The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins.*, 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id*. at 945–46 (citing *Hensley*, 461 U.S. at 437).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | **2** of **16** |

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzalez*, 729 F. 3d at 1203. Normally, courts will conduct an "hour-by-hour analysis," of the fee request, but when "faced with a massive fee application," courts may make "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from the fee application." *Id.*; *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (internal quotation marks omitted).

## II.
## DISCUSSION

### A. Eligibility for Interim Fees

In actions brought under civil rights statutes, including 42 U.S.C. section 1981 or Title VII, the district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Prevailing party" is a legal term of art. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Hum. Res.*, 532 U.S. 598, 603 (2001). For the purposes of section 1988(b), a plaintiff "prevails" when a "significant issue" that "materially alters the parties' legal relationship" is resolved in the plaintiff's favor. *Texas State Teachers Ass'n*, 489 U.S. at 792–93. The change in relationship must be "judicially sanctioned and enduring," meaning that plaintiff's desired change cannot be the result of a voluntary change by the defendant, and the change cannot be merely a "transient victory" (e.g., a preliminary injunction). *See Lackey v. Stinnie*, 604 U.S. 192, 193 (2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | **3** of **16** |

Here, the Parties' principal disagreement is over whether Plaintiffs' success in Phase I of the trial was enough to confer "prevailing party" status. The Court concludes that it was. Although there is limited authority on the precise issue of the availability of interim fees between Phases I and II of a *Teamsters* "pattern or practice" trial, the relevant case law that does exist weighs in favor of Plaintiffs. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977).

The Supreme Court has provided several examples of "successes" that *do not* qualify plaintiffs for interim fee awards: (1) a voluntary change by defendants caused by the lawsuit (i.e., the "catalyst theory") [*see Buckhannon*, 532 U.S. at 601]; (2) a preliminary injunction to maintain the "status quo" [*see Lackey*, 604 U.S. at 193]; (3) a purely "procedural or evidentiary ruling," such as a determination that plaintiffs are entitled to a trial [*see Hanrahan v. Hampton*, 446 U.S. 754, 759 (1980)]; and (4) a "purely technical or *de minimis*" victory of only "minor significance," such as a conclusion that one of defendant's policies that was not at issue was unconstitutional [*see Texas State Teachers Ass'n*, 489 U.S. at 792; *Rhodes v. Stewart*, 488 U.S. 1, 3 (1988)]. None of those circumstances are present here.

Meanwhile, in the limited cases where courts have considered the specific issue of interim fees between Phases I and II of *Teamsters* actions, those courts have all granted interim fees. *See Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 343 n.6, 345 (D.C. Cir. 1989) (clarifying that dismissal of appeal did not "undermine the policy favoring the award of interim attorney's fees in civil rights cases" and noting "the propriety of awarding interim fees at the conclusion of the liability phase of trial before remedy issues have been determined"); *Foster v. Bd. of Sch. Comm'rs of Mobile Cnty., Ala.*, 810 F.2d 1021, 1022 (11th Cir. 1987) ("During Stage I of this bifurcated class action, the plaintiffs established class-wide discrimination and were awarded [interim] attorney's fees for their successful efforts"); *James v. Stockham Valves & Fittings Co.*, 559 F.2d 310, 358–59 (5th Cir. 1977), *cert. denied*, 434 U.S. 1034 (1978) (directing district court to award interim fees following Phase I in action lasting over 11 years); *Nicodemus v. Chrysler Corp. Toledo Machining Plant*, 445 F. Supp. 559, 560 (N.D. Ohio 1977) (concluding that "interim award of attorney's fees wa[s] clearly appropriate" after plaintiffs prevailed in Phase I); *see also McKenzie v. Kennickell*, 669 F. Supp. 529, 532 (D.D.C. 1987) (stating that both the D.C. Circuit and Supreme Court "have affirmed 'the propriety of an interim award once discrimination has been established'"); *Powell v. U.S. Dep't of Just.*, 569 F. Supp. 1192, 1196 (N.D. Cal. 1983) (explaining that "many courts have awarded interim fees in Title VII actions" between Phases); *see also Yakowicz v. Com. of Pa.*, 683 F.2d 778, 781 (3rd Cir. 1982) (dismissing appeal for lack of jurisdiction but acknowledging "[t]he power of the district court to grant interim attorney's fees as to some significant and relatively discrete portion of a case, **such as the liability phase**") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | **4** of **16** |

Although the Ninth Circuit has not yet spoken on this issue directly, the Ninth Circuit's and Supreme Court's decisions concerning interim fees in cases examining analogous fee-shifting statutes support an interim fee award here. *See, e.g.*, *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 708 (1974) (explaining that interim fees are most appropriate in lengthy cases "characterized by complex issues pressed on behalf of large classes," usually on a contingency basis); *Mantolete*, 791 F.2d at 786–87 (awarding interim fees even though "whether [plaintiff] was improperly denied a job due to her handicap" had yet to be decided and noting that "[t]he fee provision of the Rehabilitation Act, like the analogous provision of the Civil Rights Act, should be liberally construed").[1]

Cognizant attempts to downplay Plaintiffs' success in Phase I by emphasizing the determinations left to be made in Phase II, but these efforts are unavailing. Because of the Phase I verdict, in Phase II, every class member "will be presumptively entitled to relief," and "the force of that proof" prevents Cognizant from "claim[ing] that there is no reason to believe that its individual employment decisions were discriminatorily based[.]" *Teamsters*, 431 U.S. at 362. The impact of this is more than just a "thumb on the scale"—it passes the heavy burden of proof to Defendants. Opp. at 6;[2] *Teamsters*, 431 U.S. at 359 n.45 ("[T]he finding of a pattern or practice change[s] the position of the employer to that of a proved wrongdoer"). Successfully proving to a jury that Cognizant violated federal civil rights law by intentionally engaging in a pattern or practice of discrimination—and was "malicious, oppressive, or reckless" in doing so—is a sufficient change in the legal relationship between the parties to warrant an award of interim fees. *See Klamath Siskiyou Wildlands Ctr. v. United States BLM*, 589 F.3d 1027, 1030 (9th Cir. 2009) ("The material alteration in the legal relationship of the parties must be relief that the would-be prevailing party sought"); *see also Buckhannon*, 532 U.S. at 616 (explicitly approving of an award of interim fees "after [a] finding that the defendant had acted unlawfully") (Scalia, J., concurring).[3]

---

[1] In *Proctor v. Consolidated Freightways Corporation of Delaware*, the Ninth Circuit cast doubt on two of its previous decisions affirming an award of interim fees in Title VII actions specifically because, in those actions, "there [was] no preliminary finding of liability on any issue." *See* 795 F.2d 1472, 1478 (1986); *see also Smallwood v. Nat'l Ca Co.*, 583 F.2d 419, 421 (9th Cir. 1978) (awarding interim fees for obtaining injunction); *Van Hoomisen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir. 1974) (awarding interim fees for successful interlocutory appeal). The Court makes no judgment as to whether *Smallwood* and *Van Hoomisen* are still good law but notes that the missing condition that doomed the plaintiffs' request for interim fees in *Proctor* is present here.

[2] Page citations herein refer to the page numbers inserted by the CM/ECF system.

[3] In his concurrence, Justice Scalia clarified that "the Court approve[d]" of the outcome in *Parham v. Southwestern Bell Tel. Co.*, where the Circuit concluded that "Parham [was] entitled to reasonable attorney's fees"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | December 5, 2025 |
|---|---|---|---|
| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.*** | Page | **5** of **16** |

      The jury verdict also was on a "significant issue . . . [and] achieve[d] some of the benefit" Plaintiffs sought when they brought the lawsuit. *See Texas State Teachers Ass'n*, 489 U.S. at 791–92. In their Third Amended Complaint ("TAC"), Plaintiffs requested various forms of relief, including "[a] declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. § 1981 and Title VII." TAC at 25 [Doc. # 145]. Although declaration of Cognizant's unlawfulness came in the form of a jury verdict instead of a separate declaratory judgment from the Court, the jury's verdict—and the Court's confirmation of it—provides a functionally equivalent, and significant, benefit to Plaintiffs. *See* Ord. re JMOL & RJMOL Mot. [Doc. # 708]; Jury Instr. Nos. 22, 23 [Doc. # 660]; Jury Verdict [Doc. # 666]; *see also Butler v. Dowd*, 979 F.2d 661, 673 (8th Cir. 1992) (holding that the jury's verdict mooted the plaintiffs' request for declaratory relief where "the plaintiffs' only requested declaratory relief mirrored what the jury was told it must find in order to hold the defendant liable"). Not only is the jury's verdict in Phase I an "enduring" decision on the merits that is "judicially sanctioned" by the Court's denial of Cognizant's Rule 50 motions, it is a particularly significant development given that the Court is bound to follow the jury's "implicit or explicit factual determinations" in its decision on Plaintiffs' disparate impact claim. *See Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011) (quoting *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 507 (9th Cir. 1989)).

      While Cognizant is correct that there are many decisions left to be made before the final judgment is entered in this action, this fact neither diminishes Plaintiffs' success on the merits in Phase I nor bars Plaintiffs from an interim fee award. *See Lackey*, 604 U.S. at 199 (explaining that interim attorney's fees can be appropriate when "conclusive, enduring judicial relief is meted out on an incremental basis"). Indeed, as the Court addresses further in the following section, the drawn-out nature of this action strongly supports an interim award.

### B.    Entitlement to Interim Fees

####     1.    *Stockham Valves* and *Powell* Factors

      Once a court has determined that plaintiffs are *eligible* for interim fees, the court must also decide whether Plaintiffs are *entitled* to such an award. *See* 1 Court Awarded Attorney Fees ¶ 10.01 (2025). Neither the Ninth Circuit nor the Supreme Court has developed a standard or set of circumstances that entitles plaintiffs to an interim fee award. The leading circuit-level case on this

---

because he "prevailed in his contentions of racial discrimination against [African-Americans] *generally* [during the class period]." *See* 433 F.2d 421, 430 (8th Cir. 1970) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
| Title | Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al. | Page | 6 of 16 |

issue comes from the Fifth Circuit's *James v. Stockham Valves* decision.[4]  *See* 559 F.2d at 358–59; *see also Hameed v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Loc. Union No. 396*, 637 F.2d 506, 523 (8th Cir. 1980) (identifying five "factors" from the *Stockham Valves* decision that courts should consider when deciding whether to award interim fees).  The Fifth Circuit reversed the district court and held that an award of interim attorneys' fees was appropriate, citing:  (1) "the extensive nature of the litigation in this case;" (2) "the key role played by 'private Attorneys General' in actions involving employment discrimination;" (3) the "strong public interest in having injunctive actions brought under Title VII, to eradicate discriminatory employment practices;" (4) the danger that the financial drain from protracted litigation would discourage civil rights litigants from bringing such suits; and (5) the danger that defendants in Title VII action "may be tempted to seek victory through an economic war of attrition."  *Stockham Valves*, 559 F.2d at 358–59.  The "controlling factor" is the duration of the litigation.  *Hameed*, 637 F.2d at 523.

     The Northern District of California also developed a list of factors to be considered by a court exercising its discretion to award interim fees.  *See Powell*, 569 F. Supp. at 1200.  Those factors are:  (1) "the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel;" (2) "whether there is unreasonable delay on the [defendant's] part;" (3) "the length of time the case has been pending prior to the motion;" and (4) "the period of time likely to be required before the litigation is concluded."  *Id.*  The hardship factor is the most important.  *See id.* (noting that significant hardship, alone, may be enough to justify interim fees).  The *Powell* action concerned interim fees in Freedom of Information Act ("FOIA") litigation, not Title VII litigation, but the court developed the factors by examining the congressional intent behind FOIA's fees provision, which was modeled on Title VII's.  *Id.* at 1197.  The Ninth Circuit explicitly endorsed the *Powell* decision and its reasoning in *Rosenfeld v. United States*.  *See* 859 F.2d at 724.  *Rosenfeld* also noted the connection and parallels between FOIA's and Title VII's fees provisions.  *Id.*

     Here, the Court concludes that Plaintiffs are entitled to an interim fee award, regardless of whether the Court applies the *Stockham Valves* or *Powell* factors.  Nearly all of the factors from each test are present here, including the most important ones.  First, this litigation has been ongoing for eight years—only three years fewer than in *Stockham Valves* and one year longer than in

---

[4] The Federal, D.C., Third, and Eighth Circuits have favorably cited the *Stockham Valves* decision for the premise that interim fee awards are particularly appropriate in protracted and costly employment discrimination cases.  *See Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Trout v. Garrett*, 891 F.2d 332, 334 (D.C. Cir. 1989); *Yakowicz*, 683 F.2d at 781; *Hameed*, 637 F.2d at 523.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | 7 of 16 |

*Hameed*—and these eight years have contained extensive discovery, fiercely contested motion practice, and two trials. *See Stockham Valves*, 559 F.2d at 359; *Hameed*, 637 F.2d at 523. Second, Plaintiffs and their counsel are likely to suffer a great degree of hardship in the absence of interim fees, especially as compared to Cognizant and its counsel. *See Bradley*, 416 U.S. at 723; *Taylor v. Westly*, 525 F.3d 1288, 1290 (9th Cir. 2008) (holding that the district court abused its discretion by denying interim fees in light of "the magnitude of th[e] case" and "the disparity in litigation resources between parties"). Plaintiffs are individuals who were terminated from their jobs, and Plaintiffs' attorneys work at small firms that primarily handle contingency fee cases. Cognizant is a multinational technology and consulting corporation, and Cognizant's attorneys work for one of the world's largest law firms. With Phase II and what is likely many years remaining in this action, this discrepancy in resources and the potential hardship to Plaintiffs weigh in favor of an interim award.[5] *See* Low Decl. ISO Reply ¶¶ 14–15 [Doc. # 704-1]. Lastly, there are strong policy reasons, supported by legislative history and the Supreme Court's jurisprudence, to award interim fees to Plaintiffs. *See, e.g.*, *Bradley*, 416 U.S. at 723 ("To delay a fee award until the entire litigation is concluded would work substantial hardship on plaintiffs and their counsel, and discourage the institution of actions despite the clear congressional intent"); S. Rep. No. 94-1011 (1976) (favoring the award of interim fees in civil rights actions as "an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain").

**C.     No Special Circumstances Preclude an Interim Fee Award**

When Congress enacted 42 U.S.C. section 1988, or "the Civil Rights Attorney's Fees Awards Act of 1976," it explicitly provided that fee awards pursuant to this provision would be governed by the *Newman* "special circumstances" standard. *Id.* Under this standard, a prevailing plaintiff in a civil rights action "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 399 U.S. 400, 402 (1968) (*per curiam*). Further, "the court's discretion to deny a fee award to a prevailing plaintiff is narrow" and "a denial of fees on the basis of 'special circumstances' is extremely rare." *See N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68 (1980); *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1064 (9th Cir. 2009) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1392 (9th Cir. 1988). Cognizant does not contend that any special circumstances are present here, nor is the Court aware of any. Accordingly, the

---

[5] The last *Stockham Valves* factor is also implicated by this discrepancy. Regardless of whether Cognizant and its counsel *would* pursue a "war of attrition" strategy, the "temptation" comes from the ability to do so. Accordingly, this factor also weighs in favor of awarding interim fees to Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | **8** of **16** |

Court concludes that there are no special circumstances present that would make an interim fee award unjust.

### D.   Apportionment

Cognizant next argues that Plaintiffs' fee motion should be denied in full because Plaintiffs did not apportion their fees between their successes and the "large portions of th[e] case on which Cognizant prevailed and Plaintiffs lost." Opp. at 15. Apportionment is not always possible, however, and thus not always required. In cases where "the plaintiff's claims for relief [] involve a common core of facts or [are] based on related legal theories," it is particularly "difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. Plaintiffs contend that that is the case here, and the Court agrees. To the extent that Plaintiffs' fee request should be reduced to account for any unsuccessful motions or claims, the Court will address those issues in the following section.

### E.   Reasonableness

#### 1.   Hourly Rates

Reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The Court is very familiar with the prevailing market rates in the Los Angeles area and finds that Plaintiffs' attorneys' rates are in line with, or below, the standard hourly rates for the area. Moreover, Cognizant does not dispute the reasonableness of Plaintiff's attorneys' rates. For these reasons, the Court concludes that Plaintiffs' counsel's hourly rates are reasonable.

#### 2.   The "Delay Factor"

Plaintiffs request an interim attorneys' fee award of $28,549,138.50, which consists of $12,915,553 in fees, $1,000,955 in interest, a 2x lodestar multiplier, and $716,122.51 in expenses. Reply at 26. The Court notes that Plaintiffs' request is calculated using the current rates for all of the attorneys who worked on this action. *See* Low Decl. ISO Reply, Ex. A ("Updated Billing Records") at 2 [Doc. # 704-2]. Plaintiffs correctly point out that the Ninth Circuit directs district courts to account for "the delay factor" that is often associated with fee payments in class actions either "by applying the attorneys' current rates to all hours billed during the course of the litigation; or . . . by using the attorneys' historical rates and adding a prime rate enhancement." *See Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1010 (9th Cir. 2002) (internal quotations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | | Date | December 5, 2025 |
|---|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | | Page | 9 of 16 |

omitted). It is within the district court's discretion to decide which option is most appropriate. *Id.* at 1011.

The Court exercises its discretion to calculate the fee award using Plaintiffs' attorneys' 2024 rates, except as to those attorneys who no longer work for either of the law firms representing Plaintiffs.[6] For those individuals, the Court calculates their portion of the fee award using the hourly rate they were earning when they last worked on this action, and finds this to be an adequate remedy for the delay in payment as to those attorneys. Lastly, to account for the additional delay from when Plaintiffs first filed this motion until the date of this Order, the Court adds a 7.75% prime rate interest to the lodestar amount.

| Name | Title | Rate | Hours | 2024 Lodestar |
|---|---|---|---|---|
| Daniel Kotchen | Partner | $1060 | 3,877.6 | $4,110,256.00 |
| Daniel Low | Partner | $1055 | 1,140.7 | $1,203,438.50 |
| Mark Hammervold | Counsel | $800 | 1,684.3 | $1,347,440.00 |
| Lindsey Grunert | Counsel | $750 | 3,704.8 | $2,778,600.00 |
| Amanda Burns | Associate | $725 | 3,012.3 | $2,183,917.50 |
| Mike von Klemperer | Associate | $480 | 172 | $82,560.00 |
| Amy Roller | Associate | $470 | 409.8 | $192,606.00 |
| Stephen Cobb | Associate | $425 | 239.1 | $101,617.50 |
| David Schifrin | Associate | $450 | 34.5 | $15,525.00 |
| Karishma Shah | Associate | $475 | 1,034.5 | $491,387.50 |
| Navid Yadegar & Navid Soleymani[7] | Partners | $950 | 108.9 | $103,455.00 |
| | | **2024 Totals:** | **15,418.5** | **$12,610,803.00** |
| | | **2025 Total (i.e., with 7.75% Prime Rate Interest):** | | **$13,588,140.20** |

---

[6] The following attorneys' fees are calculated using rates from earlier than 2024: Mike von Klemperer (2019 rate); Amy Roller (2021); Stephen Cobb (2020); David Schifrin (2021); and Karishma Shah (2023). *See* Updated Billing Records at 208-09.

[7] The Court has reviewed the billing records for each attorney, but because Plaintiffs' spreadsheets combine Yadegar's and Soleymani's hours, and they have consistently billed at the same rates, the Court combines their hours here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | 10 of 16 |

### 3.  Matthew Henken's Hours

In their Reply papers, Plaintiffs disclose that they inadvertently excluded Matthew Henken's hours from their fees request because his hours were saved to the wrong folder on the firm's server.  *See* Low Decl. ISO Reply ¶ 5.  Henken was a partner at K&L from approximately January through May 2021, and he billed $72,057.50 in this matter.  *Id.*; Low Decl. ISO Reply, Ex. B ("Henken Hours") [Doc. # 704-3].  Plaintiffs voluntarily reduced their request for Henken's time by 20% "[t]o account for the belated production of the time records, and that some of his time entries could be considered block billing."  Low Decl. ISO Reply ¶ 5.  The Court has independently reviewed Henken's records and determined that *all* of his time entries were block-billed.  For this reason and in light of the delayed disclosure, the Court declines to award Plaintiffs any of Henken's hours.  *Cf. Welch*, 480 F.3d at 948 (vacating the district court's 20% across-the-board reduction because only some of the entries were block-billed).

### 4.  Hours Reasonably Expended

Cognizant contends that the Court should reduce Plaintiffs' lodestar by 50% due to counsel's "unreasonable billing practices," such as inconsistencies and errors, overly vague entries, and excessive billing for travel.  The Court shall address each issue in turn.

#### a.  Inconsistencies/Errors

Cognizant identified approximately 50 time entries that it describes as inconsistent or erroneous, primarily due to perceived differences between billing entries for team meetings or correspondence.  *See* Opp. at 18–21.  For example, on April 23, 2020, Kotchen billed 2.5 hours for "confer[ing] with [A. Roller] and [L. Grunert] regarding [letter brief and exhibits]," while Roller and Grunert only billed .5 and .1 hours, respectively, for what appears to be the same conferral.  *Id.* at 19; Low Decl. ISO MAF, Ex. 1 ("Initial Billing Records") at 6 [Doc. # 697-1].  Plaintiffs assert that this was not an inconsistency, but rather, a permissible difference in billing practices between attorneys.  *See* Rely at 19–20.  Plaintiffs' attorneys submitted updated billing records and declarations in support of Plaintiffs' Reply, in which they explained their billing practices, explained any changes they made to clarify their time entries, corrected any minor errors, and deleted some of the entries identified by Cognizant.  *See* Updated Billing Records; Declarations of Daniel Kotchen [Doc. # 704-7], Mark Hammervold [Doc. # 704-8], Lindsey Grunert [Doc. # 704-9], and Amanda Burns [Doc. # 704-10].  The Court finds that these updates and corrections are sufficient to remedy most of the inconsistencies or minor errors in Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al. | Page | 11 of 16 |

counsel's billing records. The Court will account for the remaining inconsistencies in its across-the-board reduction to Plaintiffs' lodestar, described *infra*.

      **b.**      **Vague Entries**

      Cognizant next argues that many of Plaintiffs' attorneys' time entries are overly vague. Courts may reduce fee awards for billing records that are so vague and insufficiently detailed that the Court cannot adequately determine the reasonableness of the time expended on particular tasks. *See Primero Garcia v. Barr*, 484 F. Supp. 3d 750, 757 (N.D. Cal. 2020) (explaining that courts may reduce fee awards for billing records that are vague and insufficiently detailed); *see also Chalmers*, 796 F.2d at 1210. Here, the Court finds Plaintiffs' counsel's descriptions to be sufficiently detailed for the Court to assess the reasonableness of the hours billed. *See Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1103 (N.D. Cal. 2010).

      First, the Court regularly assesses billing records where attorneys have only used initials to refer to other individuals involved in the action (e.g., other attorneys, witnesses, clients), and it sees no issue with this practice where, as here, the entry also contains some detail about the purpose or subject matter of the task. *See Hensley*, 461 U.S. at 437 n.12 ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."); *cf. Martinez v. Costco Wholesale Corp.*, No. CV 19-1195-WVG, 2023 WL 2229267, at *6 (S.D. Cal. Feb. 24, 2023) (refusing to award fees for tasks billed as "[email/call/meeting] with [initials] ***without more***") (emphasis in original). Further, counsel revised all the billing records objected to by Cognizant to include names instead of initials and provide more detail about the tasks billed for. Reply at 21–22; *see* Updated Billing Records; Kotchen Decl. ¶ 6; Hammervold Decl. ¶ 3; Grunert Decl. ¶ 2; Burns Decl. ¶ 2. Second, Cognizant challenges the vagueness of the time entries for document review. Opp. at 22. Courts have typically awarded fees, however, for document review even where the entries do not contain much detail about the substance or number of documents that were reviewed. *See Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 969 (N.D. Cal. 2014). This seems particularly fair in the context of this action, where Plaintiffs' attorneys' had to review over 370,000 documents produced by Cognizant in only a couple of months. *See* Reply at 20. Additionally, Kotchen has revised, and provided more detail to, his document review entries that Cognizant described as vague. Kotchen Decl. ¶ 9.

      Nonetheless, in the Court's independent review of counsel's billing records, including the revised records, it still found several entries that were impermissibly vague. The Court will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | 12 of 16 |

account for the remaining inconsistencies in its across-the-board reduction to Plaintiffs' lodestar, described *infra*.

### c. Travel

As Cognizant points out, Plaintiffs' counsel incurred a significant amount of fees just for travel in this case. Opp. at 22–23. This was to be expected, however, given that K&L is a Washington, D.C. firm litigating an action in Los Angeles. Cognizant argues that it should not be obligated to pay for Plaintiffs' strategic venue choice, but it cites no authority in support, and the Court rejects the argument. The Ninth Circuit has established that travel time is compensable at normal hourly rates if that is the custom in the relevant legal market, and it is the custom in the Central District. *See Suzuki v. Yuen*, 678 F.2d 761, 764 (9th Cir. 1982); *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1025 (C.D. Cal. 2014). Cognizant does not contend that Plaintiffs' attorneys engaged in unnecessary travel, and the billing records do not indicate otherwise. Moreover, Kotchen—the only attorney whose travel time Cognizant contests—voluntarily reduced his travel time by an additional 20.2 hours before filing Plaintiffs' Reply to the instant motion. Kotchen Decl. ¶ 6.

### d. Reduction to Lodestar

As mentioned in the preceding sections, the Court has independently reviewed Plaintiffs' counsel's billing records, including the updated records submitted with the Reply, and found several inconsistencies, overly vague entries, and examples of block billing. *See, e.g.*, Updated Billing Records at 6 (2/6/2020: vague "reviewed documents and witness communications" entry); 16 (8/25/2021: Kotchen billed 8.5 hours, but the description adds up to only 7 hours); 29 (9/10/2022: Kotchen billed 10 hours, but the description includes only 6 hours of work); 33 (4/6/2023: Kotchen billed 8.5 hours, but the description includes only 6 hours of work); 77 (1/8/2018: block-billing by Grunert); 182 (8/11/2023 and 8/15/2023: vague "conversation with class member" entries). The Court commends Plaintiffs' counsel for their careful and attentive billing practices, especially in light of the length and complexity of this case. Nonetheless, due to the errors mentioned, the Court imposes an across-the-board 3% "haircut" to Plaintiffs' lodestar.

### 5. Degree of Success

"A reduced fee award is appropriate if the relief . . . is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. In evaluating the degree of success, courts may consider factors such as "the amount and nature of claims the Plaintiff prevailed on compared

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.* | Page | 13 of 16 |

to those that were dismissed, the amount of damages awarded compared to the amount sought . . . and whether the suit conferred a benefit on the public." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 710, 724 (S.D. Cal. 2014) (citing *McGinnis*, 51 F.3d at 810). There is a "general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit." *Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991).

Cognizant argues that Plaintiffs' award should be reduced to account for their incomplete success at the class certification stage, their lack of success at the phase one trial, and their denied first motion on the disparate impact claim. Opp. at 15–17. With regard to the first trial, the Court is not aware of any authority—nor has Cognizant provided any—to support the notion that Plaintiffs should not be able to recover fees for a mistrial that was not their fault. Indeed, the caselaw suggests the opposite. *See I.H. v. California*, No. CV 19-2343-DAD (ACx), 2025 WL 1158975, at *18 (E.D. Cal. Apr. 21, 2025) (collecting cases "demonstrat[ing] that when neither party causes the mistrial, the court should not reduce the prevailing party's fee award following a subsequent trial"). The Court also concludes that Plaintiffs should recover fees for their work at the class certification stage, even though the Court did not ultimately certify all of the requested classes. Class certification, although partial, was an important step in Plaintiffs' litigation of this case, and the hours spent on the class certification issues ultimately contributed to Plaintiffs' victory at Phase I, as courts typically only consider "pattern or practice" claims in the form of class actions. *See Ty v. Mayorkas*, No. CV 24-760-JFW (DFMx), 2024 WL 4452898, at *2 (C.D. Cal. Sept. 9, 2024).

Cognizant is correct, however, that Plaintiffs' work on the first disparate impact brief did not contribute to their victory at Phase I. As the Court explained when it denied Plaintiffs' first motion for a ruling on their disparate impact claim, the "usual course" is to try the disparate treatment claim before the disparate impact claim. [Doc. # 615.] Thus, Plaintiffs' work on the first disparate impact brief was not a useful step in pursuit of their success at the Phase I retrial. The Court deducts $72,718 from Plaintiffs' lodestar. *See* Low Decl. ISO Reply, Ex. D at 3 [Doc. # 704-5]. Similarly, the Court finds that counsel's work on the motion for fee-related discovery was an unnecessary step in the litigation that did not contribute to Plaintiffs' success at Phase I or on the instant motion. The Court has calculated the amount of fees that were incurred working on the fee-related discovery motion and shall subtract an additional $23,428.50 from Plaintiffs' lodestar.

Accounting for these deductions and the 3% haircut, Plaintiffs' adjusted lodestar is $13,087,233.89.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-6848-DMG (Ex) | Date | December 5, 2025 |
|---|---|---|---|
| Title | Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al. | Page | 14 of 16 |

### 6. Expenses and Costs

Plaintiffs also request an award of $716,122.51, after interest, in expenses and costs. *See* Low Decl., Exs. 5 & 6 [Doc. ## 688-6, 688-7]. Cognizant argues that Plaintiffs should not be awarded any expenses because they are not a prevailing party, but also specifically challenges approximately $40,000 of Plaintiffs' expenses related to the first trial, including $1,800 in meal costs, and one upscale post-trial "working meal" in the amount of $723.27. Opp. at 25. As for the meal costs, each attorney paid approximately $26 per day for meals during the first trial, and after their voluntary 50% reduction for their post-trial meal, each attorney spent approximately $72 on the one upscale dinner. The Court finds these numbers to be reasonable, especially in the Los Angeles area. After thorough review of the rest of Plaintiffs' expenses—which were limited to expenses such as trial supplies, travel, lodging, meals, and witness fees—the Court finds those to be reasonable as well. *See Rutti v. Lojack Corp., Inc.*, 2012 WL 3151077, at *12 (C.D. Cal. July 31, 2012) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable"). The Court awards Plaintiffs the entirety of their expenses.

### F. Lodestar Multiplier

Finally, the Court considers whether to apply a multiplier. The lodestar figure is "presumptively reasonable," and a multiplier is appropriate only "in rare cases." *Camacho*, 523 F.3d at 982 (quoting *Gates*, 987 F.2d at 1402); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010) ("[A]lthough we have never sustained an enhancement of a lodestar amount for performance, we have repeatedly said that enhancements may be awarded in 'rare' and 'exceptional' circumstances." (citation omitted)). Those "factors subsumed in the lodestar calculation"—case novelty or complexity, quality of attorney performance, special skill or experience of counsel, and results obtained—"cannot be used as a ground for increasing an award above the lodestar[,] and a party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified." *Perdue*, 559 U.S. at 546; *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). While the application of a modifier is discretionary, the court "must explicitly discuss why the *Kerr* reasonableness factors do or do not favor applying a multiplier (positive or negative)." *Stetson v. Grissom*, 821 F.3d 1157, 1167 (9th Cir. 2016) (quoting *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | December 5, 2025 |
|---|---|---|---|
| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.*** | Page | **15** of **16** |

In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), the Ninth Circuit set forth 12 factors that a district court should evaluate in determining reasonable attorneys' fees:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Ninth Circuit has since clarified, however, that a district court need not apply all 12 factors in every case—application of at least some of, or the most relevant, factors may be sufficient for review on appeal." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 n.11 (9th Cir. 1987) (citing *Harris v. McCarthy*, 790 F.2d 753, 758 (9th Cir. 1986), which affirmed a fee award based on the district court's consideration of three factors); *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) ("The court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." (quoting *Kessler v. Assocs. Fin. Servs. Co. of Haw.*, 639 F.2d 498, 500 n.1 (9th Cir. 1981)).

This is a complex employment discrimination class action involving over 2,000 class members that has been ongoing for eight years, with no immediate end in sight, and Plaintiffs' attorneys are working on a contingency basis. The Parties have gone to trial twice in Phase I alone, and Phase II is likely to be long and laborious. The attorneys for both sides have a great deal of experience and have maintained a high standard of professionalism and skill throughout the litigation. At a minimum, the first, second, third, fourth, sixth, ninth, tenth, and eleventh *Kerr* factors weigh in favor of a lodestar multiplier for Plaintiffs. Nevertheless, the Court will not award Plaintiffs a 2x multiplier because, as Cognizant points out, Plaintiffs have yet to win any form of injunctive or monetary relief on behalf of the Class. The Court does conclude, however, that a modest lodestar multiplier of 1.2 is appropriate at this time.

### III.
### CONCLUSION

In light of the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion for interim attorneys' fees. The Court awards Plaintiffs **$15,704,680.70** in interim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | December 5, 2025 |
|---|---|---|---|
| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.*** | Page | **16** of **16** |

attorneys' fees, which is inclusive of interest and a 1.2 lodestar multiplier, and **$716,122.50** in expenses, for a total award of **$16,420,803.20**.

**IT IS SO ORDERED.**