UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | | Date | May 28, 2026 |
|---|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **1** of **8** |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

Proceedings:  **IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO SEVER OR, IN THE ALTERNATIVE, FOR SEPARATE TRIALS [718]**

On January 2, 2026, Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Cognizant") filed a Motion to Sever or, in the Alternative, for Separate Trials.  [Doc. # 718 ("MTS").]  The motion is fully briefed.  [Doc. ## 724 ("Opp."), 729 ("Reply").]  Having carefully considered the parties' written submissions, the Court **DENIES** Cognizant's motion for the reasons discussed below.

**I.**
**BACKGROUND[1]**

**A.      Procedural Background**

On January 14, 2021, Plaintiffs Christy Palmer, Vartan Piroumian, Edward Cox, and Jean-Claude Franchitti, filed the operative Third Amended Complaint ("TAC"), on behalf of themselves and a class of similarly situated individuals.  [Doc. # 146-1.][2]  Plaintiffs allege Cognizant discriminates against non-South Asian and non-Indian employees in hiring, promotion, and termination decisions.  *Id.* at ¶ 1.  Plaintiffs assert claims for:  (1) disparate treatment on the basis of race in violation of 42 U.S.C. section 1981; (2) disparate treatment on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, *et seq.* ("Title VII"); and (3) disparate impact on the basis of race and national origin in violation

---

[1] The Court has described in detail the factual and procedural background of this case in its October 27, 2022 Order Re Plaintiffs' Motion for Class Certification [Doc. # 384] and December 5, 2025 Order Re Findings of Fact and Conclusions of Law [Doc. # 714 ("FFCL")].  The Court incorporates the background provided in those Orders herein by reference and will provide only the most relevant facts in this Order.

[2] Plaintiffs initially filed their TAC on January 14, 2021.  [Doc. # 145.]  On January 19, 2021, Plaintiffs filed a Notice of Errata and a corrected version of the TAC.  [Doc. # 146-1.]  The Court will refer to the corrected TAC filed at Doc. # 146-1.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 28, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **2** of **8** |
|---|---|---|---|

of Title VII.  The three claims are brought on behalf of each individual Plaintiff, except that Franchitti does not allege a claim under Count I (disparate treatment in violation of Section 1981). [*See* Doc. ## 144, 146-1.]

On October 27, 2022, the Court granted in part and denied in part Plaintiffs' motion for class certification.  [Doc. # 384.]  The Court certified a class as to Plaintiffs' Section 1981 claim and a subclass as to Plaintiffs' Title VII claims, and appointed Brian Cox[3] and Vartan Piroumian as class representatives.  *Id.* at 69.  On May 23, 2023, the Court severed the individual claims of Plaintiffs Palmer, Franchitti, Cox and Piroumian, from the class claims.  [Doc. # 526.]

Now, Cognizant moves to sever Plaintiffs' individual claims pursuant to Federal Rule of Civil Procedure 21 or, in the alternative, to have separate trials under Federal Rule of Civil Procedure 42(b).

**B.      Factual Background**

**1.      Palmer's Allegations**

Palmer alleges violations of Title VII and Section 1981 for:  (1) constructive discharge; (2) hostile work environment; and (3) failure to promote.  *See* Declaration of Elizabeth A. Dooley ("Dooley Decl."), Ex. 1 [Doc. # 718-1].  Palmer was hired by Cognizant in December 2012 and worked in management level roles for three years.  TAC at ¶ 26.  Palmer was "repeatedly removed from her position . . . and replaced with Indian South Asian workers" due to Cognizant's Visa Readiness and Visa Utilization policies.  *Id.* at ¶ 27; FFCL at 8; Opp. at 15.  Even though she was hired to be a manager of client projects, "Palmer was improperly reviewed as an infrastructure architect, and received unjustifiably low performance ratings from her managers."  TAC at ¶ 30.  Despite performing well, Palmer never received a promotion during her tenure.  *Id.*

Palmer further alleges that she was "subject to a hostile work environment by South Asian and Indian employees."  *Id.* at ¶ 31.  Palmer was often the only non-South Asian or non-Indian employee at her work location and was "intentionally left off meeting invites and not invited to group lunches or after-work events."  *Id.*  Managers would ignore her ideas and suggestions, and on one occasion, a director told her to "shut the fuck up" during an all-team meeting.  *Id.*  Palmer voluntarily resigned from Cognizant in December 2016.  *See id.* at ¶ 33.

---

[3] Brian Cox was substituted as a Plaintiff following the deaths of his father, Edward Cox, in March 2021, and his stepmother, Ann Cox, in May 2022.  [Doc. ## 229, 265.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 28, 2026 |
|---|---|---|---|

| Title | *Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.* | Page | **3** of **8** |
|---|---|---|---|

### 2.   **Piroumian's Allegations**

Piroumian alleges violations of Title VII and Section 1981 for:  (1) failure to promote; and (2) discrimination for termination from the bench (class claim).  Dooley Decl., Ex. 1.  Piroumian started working for Cognizant in April 2012 as an Enterprise Architect.  TAC at ¶ 34.  Piroumian alleges he was subject to a pattern of being repeatedly removed from positions or passed up for positions that were subsequently filled with less-qualified Indian South Asian employees.  *Id.* at ¶ 35–37.  Piroumian attributes this pattern to Cognizant's visa policies.  FFCL at 8; Opp. at 15.  Piroumian attempted to report this discriminatory treatment, but his complaints were ignored or dismissed.  *See* TAC at ¶¶ 41.  He claims he received "discriminatory performance appraisals from his Indian South Asian supervisors" and never received a promotion.  *Id.* at ¶ 46.  In May 2017, Piroumian was placed on the bench, where he remained for about six weeks.  *Id.* at ¶¶ 47, 49.  Piroumian was terminated from his employment with Cognizant on August 2, 2017.  *Id.* at ¶ 49.

### 3.   **Cox's Allegations**

Cox alleges violations of Title VII and Section 1981 for:  (1) failure to hire; (2) failure to promote; and (3) discrimination for termination from the bench (class claim).  Dooley Decl., Ex. 1.  Cox began working for Cognizant in January 2014 as an "Infrastructure Engagement Manager / Program Manager."  TAC at ¶ 51.  Cox never received a performance review during the first three years that he worked at Cognizant.  *Id.* at ¶ 54.  Although he performed well, he received a lower bonus than his South Asian and Indian counterparts.  *Id.*  Cox was placed on the bench in January 2017 pursuant to Cognizant's visa policies.  *Id.* at ¶¶ 55, 56; FFCL at 8, 21.  Despite interviewing for multiple roles while on the bench, "[l]ess qualified Indian South Asian employees were selected for the open positions."  TAC at ¶ 56.  By April 3, 2017, Cox was terminated with no severance.  *Id.* at ¶ 57.  Subsequently, in November 2017, an employee of Cognizant, Dave Stark, contacted Cox regarding a potential role.  *Id.* at ¶ 58.  Cox interviewed for the role in late December 2017 with two senior members of Stark's team.  *Id.*  Cox alleges Cognizant intended to make an offer but when he reached out to Stark and a recruiter at Cognizant, he never heard back.  *Id.* at ¶¶ 58–60.

### 4.   **Franchitti's Allegations**

Franchitti alleges violations of Section 1981 for:  (1) wrongful termination; and (2) failure to promote.  Dooley Decl., Ex. 1.  Franchitti started working at Cognizant in April 2007 in a director-level role and eventually was promoted to Assistant Vice President in 2011.  TAC at ¶ 62.  After his 2011 promotion, Franchitti never received another promotion despite receiving high performance reviews and no complaints about his performance.  *Id.* at ¶ 64.  Franchitti alleges he

---

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 28, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **4** of **8** |

was passed over for promotions in 2014 and 2015, and most promotions at Cognizant were awarded to South Asian and Indian employees. *Id.* at ¶ 65. Cognizant terminated Franchitti without warning on July 19, 2016, without being placed on the bench first. *Id.* at ¶ 70. Franchitti alleges his final performance review prior to being terminated was "unjustifiably low." *Id.* at ¶ 71. Franchitti claims Cognizant's Visa Readiness policy impacted his ability to staff members of his group, like Piroumian, to projects. FFCL at 8.

## II.
## LEGAL STANDARD

### A.      Federal Rules of Civil Procedure 20 and 21

Federal Rule of Civil Procedure 20(a) permits the joinder of plaintiffs in one action where (1) the right to relief asserted by each plaintiff arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties arises in the action. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). If plaintiffs fail to meet either of these requirements, the Court may sever the misjoined plaintiff, so long as no substantial right is prejudiced by the severance. *See id.* (citing Fed. R. Civ. P. 21).

The district court is vested with "broad discretion" in deciding whether to grant severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Rule 20 should be "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977) (citation omitted). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

### B.      Federal Rule of Civil Procedure 42

Under Federal Rule of Civil Procedure 42(b), the Court may order separate trials for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision of whether to sever plaintiffs' claims under Rule 21 or order separate trials under Rule 42(b) "requires the same considerations." *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999). The moving party bears the burden of showing that that bifurcation is justified given the facts of the case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 28, 2026 |

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **5** of **8** |

## III.
## DISCUSSION

### A.   Piroumian and Cox's Bench Termination Claims

As an initial matter, the parties dispute whether Piroumian and Cox's bench termination class claims should be tried with their non-class, individual claims. MTS at 17; Opp. at 24; Reply at 22. On May 23, 2023, the Court ordered that the individual claims of Palmer and Franchitti, and the non-class claims of Cox and Piroumian, "shall be severed from the class claims." [Doc. # 526.] Thus, Piroumian and Cox's bench termination class claims have already been severed from their individual claims, and the time to file a motion for reconsideration of that order has long passed. *See* C.D. Cal. L.R. 7-18. While the Court has yet to rule on the procedures for Phase Two of the *Teamsters* framework[4], nothing has changed since that Order. The Court clarifies, consistent with its May 23, 2023 Order, that Piroumian and Cox's bench termination claims shall be tried pursuant to the Court's forthcoming Phase Two procedures, and not with the individual claims.[5]

### B.   Severance or Bifurcation of Plaintiffs' Individual Claims

Cognizant seeks to sever each individual Plaintiffs' claims into separate actions under Rule 21 because Plaintiffs' claims do not arise out of the "same transaction or occurrence" and there is no "question of law or fact common to all parties." MTS at 15. Cognizant argues the claims should also be severed to avoid jury confusion and prejudice against Cognizant. *Id.* Alternatively, Cognizant contends Plaintiffs' claims should be tried separately under Rule 42(b) "for the same reasons that justify severing Plaintiffs' claims." *Id.* at 25. Since severance under Rule 21 and bifurcation under Rule 42(b) are analyzed under the same considerations, the Court addresses both arguments together.

#### 1.   Same Transaction or Occurrence

The "same transaction, occurrence, or series of transactions or occurrences" provision in Rule 20(a)(1)(a) "requires factual similarity in the allegations supporting Plaintiffs' claims." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). Cognizant contends that there is no factual similarity in Plaintiffs' allegations because everyone worked in different positions at

---

[4] *See Int'l Bhd. Of Teamsters v. United States*, 431 U.S. 324 (1977).

[5] On January 30, 2026, the parties filed simultaneous Motions for Order to Adopt Phase Two Procedures. [Doc. ## 733, 734.] The Court has not yet ruled on those motions, which are scheduled for hearing on May 29, 2026.

---

CV-90                              **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 28, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **6** of **8** |

different locations and were supervised by different individuals. MTS at 15–17. Plaintiffs argue that despite these differences, Plaintiffs were "all affected by the same discriminatory policies and practices," all allege claims for failure to promote, and seek relief for overlapping time periods. Opp. at 13–15.

Reasonable courts have differed on whether allegations of a policy of discrimination satisfy the same transaction or occurrence prong of Rule 20. Cognizant relies on district court cases where courts determined that allegations of discriminatory employment policies were insufficient to satisfy the same transaction or occurrence prong. *See, e.g.*, *Renati v. Wal-Mart Stores, Inc.* No. 19-cv-02525-CRB, 2019 WL 5536206, at *4–6 (N.D. Cal. Oct. 25, 2019); *Robinson v. Geithner*, No. 1:05-cv-01258-LJO-SKO, 2011 WL 66158, at *6 –8 (E.D. Cal. Jan. 10, 2011) (noting that the plaintiffs "do not point to one agency-wide policy under which they all suffered discrimination"). *Renati* involved 18 plaintiffs asserting Title VII claims for pay and promotional discrimination on the basis of gender. *Renati*, 2019 WL 5536206, at *1. The *Renati* court concluded that "[b]ecause each plaintiff's claim requires an individualized inquiry, they do not arise from the same transaction or occurrence, despite the overlap in their factual allegations." *Id.* at *5.

The Eighth Circuit reached the opposite conclusion in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974).[6] In *Mosley*, 10 plaintiffs alleged violations of Title VII and Section 1981 based on racial discrimination. *Id.* at 1331. The plaintiffs' claims included, *inter alia*, failure to promote, failure to hire, wrongful discharge, and retaliation. *Id.* All 10 plaintiffs alleged that they were injured "by the same general policy of discrimination" by the defendant. *Id.* at 1333. The Eighth Circuit concluded that "a company-wide policy purportedly designed to discriminate against blacks in employment" satisfies the same transaction or occurrence requirement under Rule 20(a). *Id.* at 1334. "Absolute identity of all events is unnecessary" under the same transaction or occurrence prong of Rule 20(a). *Id.* at 1333. The Eighth Circuit reversed the district court's order disallowing joinder of the plaintiffs' claims. *Id.* at 1334.

The Court agrees with *Mosley* and finds that Plaintiffs' individual claims satisfy the same transaction or occurrence requirement. Here, each Plaintiff alleges they were impacted by a specific overarching set of policies (e.g., Visa Readiness policy, Visa Utilization policy, rotation policy) and corporate culture during the same general time period, resulting in discrimination on the basis of race and national origin. Opp. at 14–15. Although there is variation in the facts surrounding Plaintiffs' individual claims, the allegations arise "out of a systematic pattern of events and, therefore, arise from the same transaction or occurrence." *Coughlin*, 130 F.3d at 1350.

---

[6] The Ninth Circuit cited *Mosley* approvingly in *League to Save Lake Tahoe*, 558 F.2d at 917.

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | | Date | May 28, 2026 |
|---|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **7** of **8** |
|---|---|---|---|

In sum, the Court finds that Plaintiffs' individual claims satisfy the same transaction or occurrence prong of Rule 20(a)(1)(A).

### 2.    **Common Question of Law or Fact**

Rule 20 only requires that "*any* question of law or fact" be common to all the plaintiffs. Fed. R. Civ. P. 20(a)(1)(B) (emphasis added). Plaintiffs satisfy this lenient standard. Plaintiffs' claims involve common factual questions, especially pertaining to the alleged discrimination they each experienced under Cognizant's visa policies. The alleged discriminatory character of Cognizant's conduct is common to each plaintiff's recovery. *See Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1324 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). "The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact." *Mosley*, 497 F.2d at 1334.

The Court concludes that Plaintiffs' claims satisfy the common question of law or fact prong of Rule 20(a)(1)(B).

### 3.    **Risks of Jury Confusion and Prejudice to Cognizant**

Once the two requirements of joinder under Rule 20(a) are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman*, 232 F.3d at 1296 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (1980)). "Under Rule 20(b), the district court may sever the trial in order to avoid prejudice." *Id.*

Cognizant contends there is a substantial danger that the jury will suffer confusion if the Plaintiffs' individual claims are joined in a single trial. MTS at 21. The Court disagrees. It is not unusual for juries to resolve cases involving multiple claims and multiple defendants. This case involves only four Plaintiffs, one Defendant, and five types of claims brought under Title VII and Section 1981 (i.e., failure to promote, wrongful termination, failure to hire, constructive discharge, and hostile work environment). *Contrast with Johnson v. United Continental Holdings, Inc.*, No. C-12-2730 MMC, 2015 WL 435454 (N.D. Cal. Feb 2, 2015) (concluding danger of jury confusion and prejudice was high where case involved 23 individual plaintiffs). Unlike in *Coleman*, where ten plaintiffs worked in six different states, requiring the jury to evaluate the plaintiffs' state law claims according to the different laws of each state, here, Plaintiffs' claims are substantially similar and all fall under Title VII and Section 1981. Any potential confusion pertaining to Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 28, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **8** of **8** |
|---|---|---|---|

differing claims can be minimized through careful and clear jury instructions. *See Hill v. R+L Carriers, Inc.*, No. C 09-1907 CW, 2011 WL 1990651, at *2 (N.D. Cal. May 23, 2011) ("There is no indication that a jury would be unable to give proper consideration to three Plaintiffs' claims.").

Lastly, Cognizant argues that a single trial is "highly likely to prejudice Cognizant" because the jury might find against Cognizant based on the cumulative effect of evidence." MTS at 23. The risk of such prejudice to Cognizant is negligible. Far from the "parade of terminated employees" contemplated in *Coleman*, here, there are only four former employees of a company that employs over 40,000 people in the United States. Moreover, the Court will ensure that the jury is properly instructed that each Plaintiffs' claims "should be considered separately and should rise or fall on the evidence with respect to that plaintiff." *See Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1421 (4th Cir. 1991) (affirming district court's denial of a motion to sever where jury was properly instructed).

**IV.**
**CONCLUSION**

A single trial will reduce the costs borne by both sides, avoid unnecessary duplication of testimony, and require less time and judicial resources than four separate trials. *See Mosley*, 497 F.2d at 1332 ("Single trials generally tend to lessen the delay, expense and inconvenience to all concerned."). Whereas here, joinder promotes trial convenience and does not prejudice either party, the Court declines to sever or bifurcate the individual Plaintiffs' non-class claims.

Therefore, the Court **DENIES** Cognizant's MTS. By **June 12, 2026**, the parties shall meet and confer and file a joint status report with available dates for trial in 2026 and a trial time estimate.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>DD</u> |
|---|---|---|