UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 29, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **1** of **6** |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:    IN CHAMBERS—ORDER RE PROPOSED PHASE TWO PROCEDURES
[733] [734]**

**I.
RELEVANT BACKGROUND[1]**

On January 14, 2021, Plaintiffs Christy Palmer, Vartan Piroumian, Edward Cox, and Jean-Claude Franchitti, filed the operative Third Amended Complaint ("TAC"), on behalf of themselves and a class of similarly situated individuals. [Doc. # 146-1.] Plaintiffs assert class claims against Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (together, "Cognizant") for: (1) disparate treatment on the basis of race in violation of 42 U.S.C. section 1981; (2) disparate treatment on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et seq.* ("Title VII"); and (3) disparate impact on the basis of race and national origin in violation of Title VII.

On October 27, 2022, the Court granted in part and denied in part Plaintiffs' motion for class certification. [Doc. # 384.] The Court certified a Class as to Plaintiffs' Section 1981 claim and a Subclass as to Plaintiffs' Title VII claims. *Id.* at 69.[2] Subsequently, Plaintiffs moved for approval of a proposed notice to class members. [Doc. # 411.] The Court granted the motion and approved the proposed notice and notice plan, subject to some revisions. [Doc. # 430 ("Class Notice Ord.").] In relevant part, the Final Class Notice stated, "If the former employees win the first phase of the trial, the Court will hold further individual hearings to determine whether members of the class are entitled to awards." Declaration of Michele L. Maryott ("Maryott Decl."), Ex. A ("Final Class Notice") [Doc. # 734-2]. The Final Class Notice also informed class

---

[1] The Court has described in detail the factual and procedural background of this case in various orders, including in its October 27, 2022 Order Re Plaintiffs' Motion for Class Certification [Doc. # 384] and December 5, 2025 Order Re Findings of Fact and Conclusions of Law [Doc. # 714 ("FFCL")]. The Court incorporates the background provided in those Orders herein by reference and will recite only the most relevant facts in this Order.

[2] All page references herein are to page numbers inserted by the CM/ECF system.

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | | Date | May 29, 2026 |
|---|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **2** of **6** |
|---|---|---|---|

members that "the Court will oversee the process for determining whether monetary awards are available to individual class members, and that process may require you to provide documents or testimony." *Id.* Due to logistical barriers, the Final Class Notice was sent to an overinclusive list of potential class members that included employees who signed arbitration agreements and employees who are of South Asian race and/or Indian descent. Class Notice Ord. at 4–5. The Court noted that "[a] further narrowing of eligible Class Members will occur during Phase Two." *Id.* at 5.

In accordance with the framework set forth in *Int'l Bhd. Of Teamsters v. United States*, 431 U.S. 324, 339 (1977), the Court bifurcated the trial relating to the class claims into two phases. During Phase One, the disparate treatment claims were tried before a jury, and the disparate impact claims were tried before the Court.[3] [Doc. # 638.] The jury rendered a unanimous verdict in favor of Plaintiffs, finding that Cognizant engaged in a pattern or practice of intentional discrimination against non-South Asian employees (on the basis of race) and non-Indian employees (on the basis of national origin) who were terminated from the "bench."[4] [Doc. # 666.] The jury also concluded that Cognizant's conduct met the standard for punitive damages. *Id.* The Court then issued Findings of Fact and Conclusions of Law as to the equitable claim for disparate impact. *See generally* FFCL. The Court concluded that Cognizant's Visa Readiness and Visa Utilization, and related policies, had a disparate impact on non-South Asian and/or non-Indian employees, resulting in their disparate termination from the "bench" during the Class Period of December 15, 2016 to October 27, 2022. *Id.* at 15.

Before the Court are the parties' simultaneous motions proposing procedures for Phase Two. The motions are fully briefed. [Doc. ## 733 ("Plaintiffs' Proposal"), 738 ("Cognizant's Opp."), 742 ("Plaintiffs' Reply")]; [Doc. ## 734 ("Cognizant's Proposal"), 737 ("Plaintiffs' Opp."), 744 ("Cognizant's Reply")]. The Court held a hearing on the motions on May 29, 2026.

**II.**
**LEGAL STANDARD**

In pattern or practice cases alleging disparate treatment under Title VII, courts follow the bifurcated, burden-shifting framework outlined in *Teamsters*. *See Teamsters*, 431 U.S. at 336. During Phase One, plaintiffs bear the burden "to establish by a preponderance of the evidence that

---

[3] The parties agreed that the Court could decide the disparate impact claim based solely on the existing trial record and supplemental briefing from the parties. FFCL at 3.

[4] The "bench" refers to the corporate deployment pool. FFCL at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 29, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **3** of **6** |
|---|---|---|---|

racial discrimination was the company's standard operating procedure—the regular rather than the unusual practice." *Id.* If the plaintiffs succeed, "that showing will support a rebuttable inference that all class members were victims of the discriminatory practice, and will justify 'an award of prospective relief,' such as 'an injunctive order against continuation of the discriminatory practice.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 n.7 (2011) (quoting *Teamsters*, 431 U.S. at 361).

When plaintiffs seek individual relief, "a district court must usually conduct additional proceedings after the liability phase of the trial to determine the scope of individual relief." *Teamsters*, 431 U.S. at 361. During Phase Two, "the burden of proof will shift to the [defendant], but it will have the right to raise any individual affirmative defenses it may have, and to 'demonstrate that the individual applicant was denied an employment opportunity for lawful reasons.'" *Dukes*, 564 U.S. at 366.

**III.
DISCUSSION**

The parties propose vastly different procedures for Phase Two of this action. *See generally* Plaintiffs' Proposal; Cognizant's Proposal. It is evident to the Court that it cannot meaningfully iron out the details of Phase Two procedures without having a clear understanding of the number of class members who will participate in Phase Two. The Court therefore **DEFERS** ruling on the precise contours of Phase Two procedures, pending additional class notice and selection of a special master as discussed below.

**A.    Additional Class Notice**

Although the parties agree that additional notice must be sent to class members, they unsurprisingly disagree about the scope and nature of the notice. Cognizant proposes that the parties negotiate a notice and claim form that should be sent to class members and posted on the existing class notice website. Cognizant's Proposal at 9. The notice would inform class members that they have 120 days to submit a claim form, "signed under penalty of perjury, indicating that they are non-South Asian and non-Indian and that they intend to come forward and pursue a Phase Two claim." *Id.* Class members who do not submit a claim form by the deadline would waive and release any claims he or she has against Cognizant. *Id.*

Plaintiffs object to Cognizant's notice proposal because it would require class members to opt in, rather than opt out, in contravention of Federal Rule of Civil Procedure 23. *See* Plaintiffs' Opp. at 7–12. Plaintiffs propose sending a notice to all individuals who received initial class notice

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 29, 2026 |
| --- | --- | --- | --- |

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **4** of **6** |
| --- | --- | --- | --- |

that:  (1) asks recipients to "voluntarily inform class counsel if the recipient is Indian or South Asian and should not receive any further communications related to this case"; and (2) require recipients to "inform the claims administrator if they would like to opt out and not receive damages as a class member or wish to pursue their claims separately." *Id.* at 12.

Federal Rule of Civil Procedure 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  The notice must indicate, *inter alia*, "that the court will exclude from the class any member who requests exclusion" and "the time and manner for requesting exclusion."  Fed. R. Civ. P. 23(c)(2)(B)(v), (vi).  The Court already approved a class notice and notice plan that informed class members of their right to opt out by a certain deadline (April 24, 2023).  *See* Final Class Notice.  Notice was sent to 3,768 individuals, four of whom opted out.  Maryott Decl. at ¶ 2.

Due process principles require an "ability to 'opt out' of a Rule 23(b)(3) action . . . because, by operation of the rule's provisions, 'a class is described [and] if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment . . . unless he has "opted out" of the suit.'" *Ackal v. Centennial Beauregard Cellular L.L.C.*, 700 F.3d 212, 216 (5th Cir. 2012) (citation omitted).  Conversely, an opt in requirement is neither required by due process considerations nor contemplated by the Advisory Committee on Civil Rules.  *Id.*  Indeed, the weight of authority militates against an affirmative opt in requirement.  *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("We reject petitioner's contention that the Due Process Clause of the Fourteenth Amendment requires that absent plaintiffs affirmatively 'opt in' to the class, rather than be deemed members of the class if they do not 'opt out.'"); *Kern v. Siemens Corp.*, 393 F.3d 120, 124 (2d Cir. 2004) ("Not only is an 'opt in' provision not required, but substantial legal authority supports the view that by adding the 'opt out' requirement to Rule 23 in the 1966 amendments, Congress *prohibited* 'opt in' provisions by implication.").

There is a "critical difference," however, between "requiring an individual to take affirmative action to join a class for liability determination purposes" and "requiring a class member to take action (such as filling out a claim form) in order to obtain the ultimate relief." *Kern*, 393 F.3d at 126.  While the former is an opt in provision, "the latter is not, since a class member who fails to obtain ultimate relief because he did not fill out a claim form is nonetheless still a class member." *Id.* at 127.  As the Fifth Circuit put it, "[t]he key word here is 'ultimate.' This has particular relevance to Title VII actions, wherein a bifurcated procedure is utilized to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 29, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **5** of **6** |
|---|---|---|---|

determine, first, liability and then relief." *Robinson v. Union Carbide Corp.*, 544 F.2d 1258, 1260 (5th Cir. 1977).

Plaintiffs have now reached the remedial stage wherein class members must take action to obtain ultimate relief. Contrary to Plaintiffs' contention, requiring class members to fill out a claim form is not an improper opt in procedure at this stage. *See also Kyriazi v. Western Elec. Co.*, 647 F.2d 388, 392 (3d Cir. 1981) (approving proof of claim procedure after liability is established "as an essential aid in the efficient control of a complex class action suit"); Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1787 (3d ed.) ("[O]nce defendant's liability is established, the court may be justified in ordering a second notice sent pursuant to Rule 23(d)(2) requiring class members to file statements of their claims and barring those claims not presented at that time."). The Court has no way of efficiently controlling Phase Two without knowing approximately how many class members seek individual relief and may be willing to participate in discovery and potentially "mini-trials" to obtain that relief.

Accordingly, the first step will be to provide additional notice to class members and require class members to submit a claim form to participate in Phase Two. The additional notice and claim form shall be negotiated by the parties with the assistance of a Special Master, as discussed in Section III.B. *infra*.

**B.    Special Master**

Federal Rule of Civil Procedure 53(a)(1)(A) provides that the Court may appoint a master to "perform duties consented to by the parties." Fed. R. Civ. P. 53(a)(1)(A). Additionally, under Rule 53(a)(1)(C), the Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "It is within a district court's discretion to appoint a master, and to decide the extent of the duties of a special master." *In re Hanford Nuclear Reservation Litigation*, 292 F.3d 1124, 1138 (9th Cir. 2002).

At a minimum, the parties agree that a special master can help oversee the notice and claim submission process and discovery for Phase Two. *See* Cognizant's Opp. at 19; Cognizant's Reply at 17; Plaintiffs' Proposal at 19; Plaintiffs' Opp. at 16; Plaintiffs' Reply at 9–10. The process of formulating and managing discovery procedures in a large and complex class action suit, such as this, will certainly be time consuming. The same is true for managing additional notice and claim submissions for thousands of class members. The Court finds that appointment of a special master in this case is warranted to handle matters pertaining to the following Phase Two related tasks: (1) assisting the parties in negotiating a secondary class notice and claim form and, if no agreement

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6848-DMG (Ex)** | Date | May 29, 2026 |
|---|---|---|---|

| Title | ***Christy Palmer, et al. v. Cognizant Technology Solutions Corp., et al.*** | Page | **6 of 6** |
|---|---|---|---|

can be reached, recommending the final notice and claim form, subject to the Court's review of any objections; (2) managing the process for and receipt of claim submissions; and (3) overseeing discovery (including devising the scope of discovery necessary for Phase Two proceedings and assisting with any discovery issues that may arise). The Court finds that these tasks cannot be effectively and timely addressed by the District Judge or Magistrate Judge, who already are overburdened in one of the busiest trial courts in the nation. *See* Fed. R. Civ. P. 53(a)(1)(C). The Court also notes that it has authority to appoint a special master pursuant to the parties' consent under Rule 53(a)(1)(A). The cost of the special master shall be borne by Cognizant.

The parties shall meet and confer for the purpose of coming to an agreement about who may serve as the special master for the limited purposes discussed herein.[5] If the parties cannot agree on a special master, the Court will appoint one, not necessarily from the names submitted by the parties. The parties shall file a joint status report addressing: (1) their selection of a proposed special master; or (2) if no agreement has been reached, a list of up to two nominees per side and relevant biographical information for each.

**IV.**
**CONCLUSION**

Based on the foregoing, the Court **DEFERS** ruling on the Phase Two procedures pending secondary notice to class members and receipt of claim forms. The parties shall file a joint status report by **June 19, 2026** with their joint proposed special master or separate nominations for a special master, as discussed above.

**IT IS SO ORDERED.**

---

[5] As mentioned above, the Court defers ruling on what additional tasks may be assigned to the special master for any other post-claim submission and post-discovery Phase Two procedures.