GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. SBN 132099
tboutrous@gibsondunn.com
KATHERINE V.A. SMITH, SBN 247866
ksmith@gibsondunn.com
LAUREN M. BLAS, SBN 296823
lblas@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
mmaryott@gibsondunn.com
ELIZABETH A. DOOLEY, SBN 292358
edooley@gibsondunn.com
AMBER D. MCKONLY, SBN 317117
amckonly@gibsondunn.com
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendants

KOTCHEN & LOW LLP
DANIEL LOW, SBN 218387
dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice*)
dkotchen@kotchen.com
LINDSEY GRUNERT
(*pro hac vice*)
lgrunert@kotchen.com
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone:  202.471.1995
Facsimile:   202.280.1128

YADEGAR, MINOOFAR &
SOLEYMANI LLP
NAVID SOLEYMANI, SBN 219190
soleymani@ymsllp.com
NAVID YADEGAR, SBN 205315
navid@ymsllp.com
1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Telephone:  310.499.0140
Facsimile:  888.667.9576

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHRISTY PALMER, VARTAN PIROUMIAN, BRIAN COX, and JEAN-CLAUDE FRANCHITTI,<br><br>Plaintiffs,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-6848 DMG(Ex)<br><br>**NOTICE OF LODGING PROPOSED ORDER APPOINTING HONORABLE MICHAEL R. WILNER (RET.) AS SPECIAL MASTER** |

Please take notice that pursuant to the Court's June 23, 2026 Order (Dkt. 754), Plaintiffs Palmer, Piroumian, Cox, and Franchitti ("Plaintiffs") and Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Cognizant") hereby lodge their competing proposed orders appointing the Honorable Michael R. Wilner (retired) as a Special Master in this case. *See* Ex. A (Plaintiffs' Proposed Order); Ex. B (Cognizant's Proposed Order). The parties are mostly in agreement with respect to the order, but have proposed competing language for Paragraphs 6 and 10, outlined below.

With respect to Paragraph 6, the Parties agree to the following language: "The fees and expenses of the Special Master and JAMS Administrative Fees shall be borne by Defendants. See Dkt. 751 at 6."

Cognizant's Position:  Cognizant proposes adding the following language to Paragraph 6: "The Court reserves the ability to shift fees and expenses in appropriate circumstances."  Although Cognizant believes the Court necessarily retains the ability to shift fees and expenses in appropriate circumstances, Cognizant proposes including this express language to ensure all parties are on notice.

Plaintiffs' Position:  Because Cognizant has already been found by a jury and the Court to have engaged in discrimination – thereby necessitating Phase Two of this civil rights case – and because the Court has already decided at the May 29, 2026 hearing that Cognizant is responsible for the fees and expenses of the Special Master and JAMS, Plaintiffs do not believe this language is necessary or appropriate, as adding the language will only invite further disputes and briefing on fee allocation.

With respect to Paragraph 10, the Parties agree about everything except the standard of review for "procedural matters."

Cognizant's Position:  Cognizant requests a de novo standard of review—which is the same standard of review mandated for factual findings and legal conclusions. *See* Fed. R. Civ. P. 53(f)(3)–(4).  Federal Rule of Civil Procedure 53(f)(5) provides an abuse of discretion as the standard of review for procedural matters but permits the Court to

specify a different standard of review in the appointment order. Cognizant requests the Court adopt the de novo standard to avoid confusion or disputes about what constitutes a "procedural matter" and to ensure due process.

Plaintiffs' Position: Plaintiffs propose, consistent with Federal Rule of Civil Procedure 53(f)(5), that an abuse of discretion standard applies, which will simplify the Court's review of procedural matters and expedite the remedial phase of this case. *See* Fed. R. Civ. P. 53(f)(5) ("Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.").

DATED: July 2, 2026      **KOTCHEN & LOW LLP**

By: /s/Daniel Low
Attorney for Plaintiffs and the Class

DATED: July 2, 2026      **GIBSON, DUNN & CRUTCHER LLP**

By: */s/*Michele L. Maryott
Michele L. Maryott

Attorney for Defendants

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: July 2, 2026      By: */s/*Daniel Low
Daniel Low